No. 25-50855

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

MOHAMMAD BOZORGI; KEN CALDERONE; MANOHAR K. RAO, individually and on behalf of all others similarly situated; all persons or entities who, between September 14, 2020 and October 12, 2023, purchased or otherwise acquired Cassava Sciences, Inc., securities,

*Plaintiffs-Appellees*

v.

CASSAVA SCIENCES, INCORPORATED; REMI BARBIER; ERIC J. SCHOEN; LINDSAY BURNS,

*Defendants-Appellants*

On Appeal from the United States District Court for the Western District of Texas, Austin Division, Case No. 1:21-cv-00751-DAE

## RECORD EXCERPTS OF APPELLANTS

Douglas W. Greene
Zachary R. Taylor
C. Shawn Cleveland
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 847-7090
dgreene@bakerlaw.com

*Counsel for Defendants-Appellants Remi Barbier and Lindsay Burns*

Gregg Costa
  *Counsel of Record*
Monica K. Loseman
Scott Campbell
Brian Richman
Lloyd S. Marshall
Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
811 Main St., Suite 3000
Houston, TX 77002
Telephone: (346) 718-6600
gcosta@gibsondunn.com

*Counsel for Defendants-Appellants Cassava Sciences, Inc. and Eric J. Schoen*

**INDEX OF RECORD EXCERPTS**

| Tab | R.E. Page(s) | Document (ROA pagination) |
|-----|--------------|---------------------------|
| | | **MANDATORY CONTENTS** |
| 1 | R.E. 1-57 | Docket Sheet (ROA.1-57) |
| 2 | R.E. 58-59 | Fifth Circuit Order Granting Leave to Appeal (ROA.6363-6364) |
| 3 | R.E. 60-110 | Order on Motion to Certify Class (ROA.6232-6282) |
| 4 | R.E. 111-146 | Report and Recommendation (ROA.5065-5100) |

## CERTIFICATE OF SERVICE

I hereby certify that, on January 15, 2026, true and correct copies of these record excerpts were served via the Court's CM/ECF system on all counsel of record.

*/s/ Gregg Costa*

Gregg Costa
*Counsel of Record*

TAB 1

APPEAL,CONSOLIDATED,LEAD_CASE,MOTION_REFERRED,SH

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:21-cv-00751-DAE

In Re Cassava Sciences, Inc. Securities Litigation
Assigned to: Judge David A. Ezra
Related Cases:   1:21-cv-00856-DAE
                   1:24-cv-01150-DAE
                   1:21-cv-00971-DAE
                   1:21-cv-00760-DAE
                   1:22-cv-00028-DAE
Case in other court:  USCA Fifth Circuit, 25-50855
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 08/27/2021
Jury Demand: Plaintiff
Nature of Suit: 160 Stockholders Suits
Jurisdiction: Federal Question

**Plaintiff**

**Pierre Brazeau**
*Individually and on Behalf of All Others*
*Similarly Situated*
*TERMINATED: 05/21/2025*

represented by **Joe Kendall**
Kendall Law Group
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
214-744-3000
Fax: 214-744-3015
Email: jkendall@kendalllawgroup.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary K. Blasy**
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100
Fax: (631) 367-1173
Email: mblasy@rgrdlaw.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Albert**
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
Fax: (619) 231-7423
Email: malbert@rgrdlaw.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

25-50855.1

**Michael I. Fistel , Jr.**
Johnson Fistel LLP
40 Powder Springs Rd.
Marietta, GA 30064
(470) 632-6000
Fax: (770) 200-3101
Email: michaelf@johnsonfistel.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Samuel H. Rudman**
Robbins Geller Rudman & Dowd LLP
58 South Service Road Suite 200
Melville, NY 11747
(631) 367-7100
Fax: (631) 367-1173
Email: srudman@rgrdlaw.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ryan McCarley**
Forester Haynie, PLLC
11300 North Central Expressway
Ste 550
Dallas, TX 75243
214-210-7493
Fax: 469-399-1070
Email: mccarley@foresterhaynie.com
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**John Barsa**
*TERMINATED: 05/21/2025*

represented by **Jeffrey C. Block**
Block & Leviton LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
Fax: (617) 507-6020
Email: jeff@blockesq.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William B. Federman**
Federman & Sherwood
4131 North Central Expressway
Suite 900
Dallas, TX 73142

405-235-1560
Email: wbf@federmanlaw.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Reza Blourchian**
*TERMINATED: 05/21/2025*

represented by **John A. Yanchunis**
Morgan & Morgan, PA
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
Fax: (813) 223-5402
Email: jyanchunis@forthepeople.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Warren Choi**
*TERMINATED: 05/21/2025*

represented by **Michael Dell'Angelo**
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
Fax: (215) 857-4604
Email: mdellangelo@bm.net
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Warren T. Burns**
Burns Charest LLP
900 Jackson Street
Suite 500
Dallas, TX 75202
469-904-4550
Fax: 469-444-5002
Email: wburns@burnscharest.com
*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kevin Otto**
*TERMINATED: 05/21/2025*

represented by **Michael Dell'Angelo**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Warren T. Burns**
(See above for address)

**R.E. 3**

*TERMINATED: 05/21/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ken Van Ho**                                    represented by   **Michael Dell'Angelo**
*TERMINATED: 05/21/2025*                                           (See above for address)
                                                                  *TERMINATED: 05/21/2025*
                                                                  *LEAD ATTORNEY*
                                                                  *PRO HAC VICE*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Warren T. Burns**
                                                                  (See above for address)
                                                                  *TERMINATED: 05/21/2025*
                                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thi Huyen Vu**                                  represented by   **Braden Michael Wayne**
*TERMINATED: 05/21/2025*                                           Steckler Wayne Cherry Love, PLLC
                                                                  12720 Hillcrest Rd., Suite 1045
                                                                  Dallas, TX 75230
                                                                  (972)387-4040
                                                                  Fax: (972)387-4041
                                                                  Email: braden@swclaw.com
                                                                  *TERMINATED: 05/21/2025*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Stuart L. Cochran**
                                                                  Condon Tobin Sladek Sparks Nerenberg
                                                                  8080 Park Lane
                                                                  Suite 700
                                                                  Dallas, TX 75231
                                                                  214-265-3804
                                                                  Fax: 214-691-6311
                                                                  Email: scochran@condontobin.com
                                                                  *TERMINATED: 05/21/2025*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Qing Yang**                                     represented by   **Braden Michael Wayne**
*TERMINATED: 05/21/2025*                                           (See above for address)
                                                                  *TERMINATED: 05/21/2025*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Stuart L. Cochran**
                                                                  (See above for address)
                                                                  *TERMINATED: 05/21/2025*
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**R.E. 4**

**Plaintiff**

**Ronald L. Selman**
*TERMINATED: 05/21/2025*

represented by **Braden Michael Wayne**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart L. Cochran**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vinod K. Thukral**
*TERMINATED: 05/21/2025*

represented by **Braden Michael Wayne**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart L. Cochran**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thibault Magnin**
*TERMINATED: 05/21/2025*

represented by **B. Russell Horton**
George, Brothers, Kincaid & Horton, L.L.P.
114 West 7th Street
Suite 1100
Austin, TX 78701
(512) 495-1400
Fax: (512) 499-0094
Email: rhorton@gbkh.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mohammad Bozorgis**
*LEAD PLAINTIFF*

represented by **Daniel S. Drosman**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
Fax: (619) 231-7423
Email: dand@rgrdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R.E. 5**

**Heather G. Geiger**
Robbins Geller Rudman & Dowd LLP
655 W Broadway
Ste 1900
San Diego, CA 92101
619-231-1058
Email: hschlesier@rgrdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremy Warren Daniels**
Robbins Geller Rudman & Dowd LLP
655 W Broadway, Ste Unit 1900
San Diego, CA 92101
619-231-1058
Email: jdaniels@rgrdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin A. Lavelle**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058
Fax: (619) 231-7423
Email: klavelle@rgrdlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Megan A. Rossi**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619-204-0657
Email: mrossi@rgrdlaw.com
*TERMINATED: 06/02/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Albert**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Natalie F. Lakosil**
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

(619) 231-1058
Fax: (619) 231-7423
Email: natalie.lakosil@wilsonelser.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachel L. Jensen**
San Diego County Superior Court
Central Courthouse
1100 Union Street
San Diego, CA 92101
619-844-2700
Email: rachelj@rgrdlaw.com
*TERMINATED: 11/12/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica T. Shinnefield**
Robbins Geller Rudman & Dowd LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
Email: jshinnefield@rgrdlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joe Kendall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Branch**
*TERMINATED: 05/21/2025*

represented by **Thomas E. Bilek**
The Bilek Law Firm, LLP
700 Louisiana
Suite 3950
Houston, TX 77002
(713) 227-7720
Email: tbilek@bileklaw.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Steve Burmeister**
*TERMINATED: 05/21/2025*

represented by **Christopher Bryan Fears**
Fears Law PLLC
Of Counsel
5473 Blair Road
Suite 300
Dallas, TX 75231
214-214-8800

**R.E. 7**

Email: fears@fnlawfirm.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lewis S. Kahn**
Kahn Swick & Foti, LLC
1100 Poydras Street, Suite 3200
New Orleans, LA 70163
(504) 455-1400
Fax: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Ryan McCarley**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ramzi Abadou**
Kahn Swick & Foti, LLP
580 California Street, Suite 1200
San Francisco, CA 94104
(415) 459-6900
Fax: (504) 455-1498
Email: ramzia@csgrr.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ken Calderone**                    represented by  **Daniel S. Drosman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Natalie F. Lakosil**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessica T. Shinnefield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joe Kendall**

**R.E. 8**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel L. Jensen**
(See above for address)
*TERMINATED: 11/12/2024*
*ATTORNEY TO BE NOTICED*

**Kevin A. Lavelle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cassandra Baker**                        represented by     **Jeremy A. Lieberman**
*Individually and on Behalf of All Others*                      Pomerantz LLP
*Similarly Situated*                                            600 Third Avenue, 20th Floor
*TERMINATED: 05/21/2025*                                        New York, NY 10016
                                                               (212) 661-1100
                                                               Fax: (917) 463-1044
                                                               Email: jalieberman@pomlaw.com
                                                               *TERMINATED: 05/21/2025*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **J. Alexander Hood , II**
                                                               Pomerantz LLP
                                                               600 Third Avenue, 20th Floor
                                                               Ste 20th Floor
                                                               New York, NY 10016
                                                               212-661-1100
                                                               Fax: 917-463-1044
                                                               Email: ahood@pomlaw.com
                                                               *TERMINATED: 05/21/2025*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Louis Carey Ludwig**
                                                               Pomerantz LLP
                                                               10 South Lasalle Street, Suite 3505
                                                               Chicago, IL 60603
                                                               312-377-1181
                                                               Fax: Not a member
                                                               *TERMINATED: 05/21/2025*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **William B. Federman**
                                                               (See above for address)
                                                               *TERMINATED: 05/21/2025*
                                                               *ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**R.E. 9**

**Manohar Rao**
*Individually and on Behalf of All Others*
*Similarly Situated*

represented by

**Charles H. Linehan**
Glancy Prongay & Murray LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 201-9150
Fax: (310) 201-9160
Email: clinehan@glancylaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jordan Lyn Warshauer**
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street
Suite 2500
Houston, TX 77010
713-600-4980
Email: jwarshauer@azalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sammy Ford , IV**
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney St.
Suite 2500
Houston, TX 77010
713-655-1101
Fax: 713-655-0062
Email: sford@azalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica T. Shinnefield**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin A. Lavelle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel L. Jensen**
(See above for address)
*TERMINATED: 11/12/2024*
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Shamsher Ahluwalia**
*TERMINATED: 05/21/2025*

represented by

**J. Alexander Hood , II**
(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeremy A. Lieberman**

(See above for address)
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Willie C. Briscoe**
The Briscoe Law Firm
12700 Park Central Drive
Suite 520
Dallas, TX 75251
(972) 521-6868
Fax: (346) 214-7463
Email: wbriscoe@thebriscoelawfirm.com
*TERMINATED: 05/21/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Wanda Newell**                                          represented by    **Sammy Ford , IV**
*Individually and on Behalf of All Others*                                 (See above for address)
*Similarly Situated*                                                       *TERMINATED: 05/21/2025*
*TERMINATED: 05/21/2025*                                                    *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Katlyn Rein**                                          represented by    **J. Alexander Hood , II**
*Individually and on Behalf of All Others*                                 (See above for address)
*Similarly Situated*                                                       *TERMINATED: 05/21/2025*
*TERMINATED: 05/21/2025*                                                    *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

                                                                           **Jeremy A. Lieberman**
                                                                           (See above for address)
                                                                           *TERMINATED: 05/21/2025*
                                                                           *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

                                                                           **Willie C. Briscoe**
                                                                           (See above for address)
                                                                           *TERMINATED: 05/21/2025*
                                                                           *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cassava Sciences, Inc.**                               represented by    **Adam B. Miller**
                                                                           Orrick, Herrington & Sutcliffe LLP
                                                                           2100 Pennsylvania Ave, NW
                                                                           Washington, DC 20037
                                                                           202-349-8000

**R.E. 11**

Fax: 202-349-8080
Email: adam.miller@orrick.com
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Alexander K. Talarides**
Orrick, Herrington & Sutcliffe LLP,
405 Howard St.
San Francisco, CA 94105
(415) 773-5700
Fax: (415) 773-5759
Email: atalarides@orrick.com
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Claudia Wilson Frost**
Steptoe LLP
717 Texas Ave., Suite 2800
Houston, TX 77002
713-221-2357
Email: cfrost@steptoe.com
*TERMINATED: 05/16/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James N. Kramer**
Orrick, Herrington & Sutcliffe LLP,
405 Howard St.
San Francisco, CA 94105-2669
415-773-5700
Email: jkramer@orrick.com
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**John L. Turquet Bravard**
Gibson Dunn & Cruther LLP
1900 Lawrence Street
Suite 3000
Denver, CO 80202
303-298-5753
Email: jturquetbravard@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Beth Beth Maloney**
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166
212-351-4000
Email: mmaloney@gibsondunn.com

25-50855.12

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Scott Campbell**
Gibson, Dunn & Crutcher LLP
1900 Lawrence Street
Suite 3000
Denver, CO 80202
303-298-5723
Email: scampbell@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monica K. Loseman**
Gibson, Dunn
1900 Lawrence Street
Suite 3000
Denver, CO 80202
303-298-5784
Fax: 303-313-2828
Email: mloseman@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Foley**
Orrick Herrington & Sutcliffe LLP
51 West 52nd St.
New York, NY 10019
(212) 506-5000
Fax: (212) 506-5151
Email: wfoley@orrick.com
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*

**Gregg Jeffrey Costa**
Gibson Dunn & Crutcher
811 Main Street
Ste 3000
Houston, TX 77002
346-718-6600
Email: gcosta@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**John Thomas Cox , III**
Gibson Dunn & Crutcher LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
214-698-3256
Fax: 214-571-2923
Email: tcox@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

R.E. 13

**Remi Barbier**                                    represented by     **Adam B. Miller**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Alexander K. Talarides**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Claudia Wilson Frost**
(See above for address)
*TERMINATED: 05/16/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James N. Kramer**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**William J. Foley**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*

**Zachary Rowen Taylor , I**
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
212-589-4645
Email: ztaylor@bakerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**C Shawn Cleveland**
Baker & Hostetler LLP
2850 N. Harwood Street
Suite 1100
Dallas, TX 75201
214-210-1210
Fax: 214-210-1201
Email: scleveland@bakerlaw.com
*ATTORNEY TO BE NOTICED*

**Douglas W. Greene**
Baker & Hostetler LLP
999 Third Avenue
Ste 3600

**R.E. 14**

Seattle, WA 98104-4040
206-566-7090
Fax: 206-624-7317
Email: dgreene@bakerlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregg Jeffrey Costa**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**John Thomas Cox , III**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**John L. Turquet Bravard**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Marissa Wilson**
Baker & Hostetler LLP
200 Civic Center Driver, Ste 1200
Columbus, OH 43215
614-462-2656
Email: mpeirsol@bakerlaw.com
*ATTORNEY TO BE NOTICED*

**Mary Beth Beth Maloney**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Michael Scott Campbell**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Monica K. Loseman**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric J. Schoen**                    represented by    **Adam B. Miller**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Alexander K. Talarides**

**R.E. 15**

(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Claudia Wilson Frost**
(See above for address)
*TERMINATED: 05/16/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James N. Kramer**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**William J. Foley**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*

**Gregg Jeffrey Costa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Thomas Cox , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Turquet Bravard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Beth Beth Maloney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Scott Campbell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Monica K. Loseman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James W. Kupiec**
*TERMINATED: 05/21/2025*

represented by  **Alexander K. Talarides**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Claudia Wilson Frost**
(See above for address)
*TERMINATED: 05/16/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James N. Kramer**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**John L. Turquet Bravard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J. Foley**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*

**Gregg Jeffrey Costa**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**John Thomas Cox , III**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Mary Beth Beth Maloney**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Michael Scott Campbell**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Monica K. Loseman**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nadav Friedmann**                    represented by    **Adam B. Miller**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

**R.E. 17**

**Alexander K. Talarides**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

**Claudia Wilson Frost**
(See above for address)
*LEAD ATTORNEY*

**James N. Kramer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

**William J. Foley**
(See above for address)
*LEAD ATTORNEY*

**Defendant**

**Michael Marsman**                    represented by     **Alexander K. Talarides**
*TERMINATED: 05/21/2025*                                  (See above for address)
                                                          *TERMINATED: 02/23/2024*
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*

                                                          **Claudia Wilson Frost**
                                                          (See above for address)
                                                          *TERMINATED: 05/16/2024*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **James N. Kramer**
                                                          (See above for address)
                                                          *TERMINATED: 02/23/2024*
                                                          *LEAD ATTORNEY*
                                                          *PRO HAC VICE*

                                                          **John L. Turquet Bravard**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **William J. Foley**
                                                          (See above for address)
                                                          *TERMINATED: 02/23/2024*
                                                          *LEAD ATTORNEY*

                                                          **Gregg Jeffrey Costa**
                                                          (See above for address)
                                                          *TERMINATED: 08/05/2024*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John Thomas Cox , III**

**R.E. 18**

(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Mary Beth Beth Maloney**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Michael Scott Campbell**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Monica K. Loseman**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lindsay Burns**                     represented by    **Adam B. Miller**
(See above for address)
*TERMINATED: 02/23/2024*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Zachary Rowen Taylor , I**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**C Shawn Cleveland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Claudia Wilson Frost**
(See above for address)
*TERMINATED: 05/16/2024*
*ATTORNEY TO BE NOTICED*

**Gregg Jeffrey Costa**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**James N. Kramer**
(See above for address)
*TERMINATED: 02/23/2024*

**John Thomas Cox , III**
(See above for address)
*TERMINATED: 08/05/2024*

**R.E. 19**

*ATTORNEY TO BE NOTICED*

**John L. Turquet Bravard**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Marissa Wilson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary Beth Beth Maloney**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Michael Scott Campbell**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Monica K. Loseman**
(See above for address)
*TERMINATED: 08/05/2024*
*ATTORNEY TO BE NOTICED*

**Movant**

**Fraitekh Amjad**                    represented by    **David Vernon Jones**
Parsons McEntire McCleary PLLC
One Riverwalk Place
Suite 1400
San Antonio, TX 78205
210-209-8205
Fax: 210-209-8833
Email: djones@pmmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian B. Salzer**
Parsons McEntire McCleary PLLC
1700 Pacific Ave
Suite 4400
75201
Dallas, TX 75201
214-237-4300
Email: isalzer@pmmlaw.com
*ATTORNEY TO BE NOTICED*

**James Milligan Wilson , Jr.**
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
212-983-9330

Fax: 212-983-9331
Email: jwilson@faruqilaw.com
*ATTORNEY TO BE NOTICED*

**Lori Ann Fanning**
Miller Law LLC
53 W Jackson Boulevard
Suite 1320
Chicago, IL 60604
312-332-3400
*ATTORNEY TO BE NOTICED*

**Robert W. Killorin**
Faruqi & Faruqi, LLP
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
404-847-0617
Fax: 404-506-9534
Email: rkillorin@faruqilaw.com
*ATTORNEY TO BE NOTICED*

**Movant**

**John Kreilich**                                    represented by   **Jeremy A. Lieberman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Alexander Hood , II**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William B. Federman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2021 | 1 | COMPLAINT *FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* ( Filing fee $ 402 receipt number 0542-15162834), filed by Pierre Brazeau. (Attachments: # 1 Exhibit Certification of Pierre Brazeau, # 2 Civil Cover Sheet)(Kendall, Joe) (Entered: 08/27/2021) |
| 08/27/2021 | 2 | REQUEST FOR ISSUANCE OF SUMMONS by Pierre Brazeau. (Kendall, Joe) (Entered: 08/27/2021) |
| 08/27/2021 | | Case assigned to Judge Robert Pitman. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (dl) (Entered: 08/27/2021) |
| 08/27/2021 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Hightower. (dl) (Entered: 08/27/2021) |

| 08/27/2021 | | DEMAND for Trial by Jury by Pierre Brazeau. (dl) (Entered: 08/27/2021) |
|---|---|---|
| 08/27/2021 | 3 | Pro Hac Vice Letters sent to Samuel H. Rudman, Mary K. Blasy and Michael Fistel. (dl) (Entered: 08/27/2021) |
| 08/27/2021 | 4 | Summons Issued as to All Defendants. (dl) (Entered: 08/27/2021) |
| 08/31/2021 | 5 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Mary K. Blasy* ( Filing fee $ 100 receipt number 0542-15173718) by on behalf of Pierre Brazeau. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 08/31/2021) |
| 08/31/2021 | 6 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Samuel H. Rudman* ( Filing fee $ 100 receipt number 0542-15174070) by on behalf of Pierre Brazeau. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 08/31/2021) |
| 09/01/2021 | 7 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Michael I. Fistel, Jr.* ( Filing fee $ 100 receipt number 0542-15180357) by on behalf of Pierre Brazeau. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Kendall, Joe) (Entered: 09/01/2021) |
| 09/07/2021 | | Text Order GRANTING 5 Motion to Appear Pro Hac Vice by attorney Mary K. Blasy. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 09/07/2021) |
| 09/07/2021 | | Text Order GRANTING 6 Motion to Appear Pro Hac Vice by attorney Samuel H. Rudman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 09/07/2021) |
| 09/07/2021 | | Text Order GRANTING 7 Motion to Appear Pro Hac Vice by attorney Michael I. Fistel, Jr.. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 09/07/2021) |
| 10/15/2021 | 8 | NOTICE of Attorney Appearance by Claudia Wilson Frost on behalf of Remi Barbier, Cassava Sciences, Inc., Nadav Friedmann, James W. Kupiec, Michael Marsman, Eric J. Schoen. Attorney Claudia Wilson Frost added to party Remi Barbier(pty:dft), Attorney Claudia Wilson Frost added to party Cassava Sciences, Inc.(pty:dft), Attorney Claudia Wilson Frost added to party Nadav Friedmann(pty:dft), Attorney Claudia Wilson Frost added to party James W. Kupiec(pty:dft), Attorney Claudia Wilson Frost added to party Michael Marsman(pty:dft), Attorney Claudia Wilson Frost added to party Eric J. Schoen(pty:dft) (Frost, Claudia) (Entered: 10/15/2021) |
| 10/15/2021 | 9 | MOTION to Appear Pro Hac Vice by Claudia Wilson Frost *(William J. Foley)* ( Filing fee $ 100 receipt number 0542-15337004) by on behalf of Remi Barbier, Cassava Sciences, Inc., Nadav Friedmann, James W. Kupiec, Michael Marsman, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 10/15/2021) |
| 10/15/2021 | 10 | MOTION to Appear Pro Hac Vice by Claudia Wilson Frost *(James N. Kramer)* ( Filing fee $ 100 receipt number 0542-15337178) by on behalf of Remi Barbier, Cassava |

| | | |
|---|---|---|
| | | Sciences, Inc., Nadav Friedmann, James W. Kupiec, Michael Marsman, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 10/15/2021) |
| 10/15/2021 | 11 | MOTION to Appear Pro Hac Vice by Claudia Wilson Frost *(Alexander K. Talarides)* ( Filing fee $ 100 receipt number 0542-15337280) by on behalf of Remi Barbier, Cassava Sciences, Inc., Nadav Friedmann, James W. Kupiec, Michael Marsman, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 10/15/2021) |
| 10/20/2021 | | Text Order GRANTING 9 Motion to Appear Pro Hac Vice by attorney William J. Foley. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 10/20/2021) |
| 10/20/2021 | | Text Order GRANTING 10 Motion to Appear Pro Hac Vice by attorney James N. Kramer. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 10/20/2021) |
| 10/20/2021 | | Text Order GRANTING 11 Motion to Appear Pro Hac Vice by attorney Alexander K. Talarides. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 10/20/2021) |
| 10/25/2021 | 12 | Agreed MOTION for Extension of Time to File Answer *(Agreed Motion Regarding Acceptance of Service, Consolidation of Related Actions, and Defendants' Time to Respond to Complaint)* by Remi Barbier, Cassava Sciences, Inc., Nadav Friedmann, James W. Kupiec, Michael Marsman, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Foley, William) Modified on 6/30/2022 (jv2). (Entered: 10/25/2021) |
| 10/26/2021 | 13 | NOTICE of Attorney Appearance by William B. Federman on behalf of John Barsa. Attorney William B. Federman added to party John Barsa(pty:mov) (Federman, William) (Entered: 10/26/2021) |
| 10/26/2021 | 14 | MOTION to Consolidate Cases *Appointment as Lead Plaintiff, and Approval of Selection of Counsel* by John Barsa. (Attachments: # 1 Proposed Order Proposed Order)(Federman, William) (Entered: 10/26/2021) |
| 10/26/2021 | 15 | Memorandum in Support, filed by John Barsa, re 14 MOTION to Consolidate Cases *Appointment as Lead Plaintiff, and Approval of Selection of Counsel* filed by Movant John Barsa *of Motion of Dr. John Barsa for Consolidation of PSLRA Cases, Appointment as Lead Plaintiff, and Approval of Selection of Counsel* (Federman, William) (Entered: 10/26/2021) |
| 10/26/2021 | 16 | AFFIDAVIT in Support of 14 MOTION to Consolidate Cases *Appointment as Lead Plaintiff, and Approval of Selection of Counsel Dr. John Barsa's Motion for Consolidation of PSLRA Cases, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* by John Barsa. (Attachments: # 1 Exhibit RGRD Release, # 2 Exhibit Glancy Release, # 3 Exhibit Certification, # 4 Exhibit Loss Chart, # 5 Exhibit Barsa Declaration, # 6 Exhibit B&L Resume, # 7 Exhibit F&S Resume)(Federman, William) (Entered: 10/26/2021) |

**R.E. 23**

| 10/26/2021 | 17 | MOTION *for Consolidation* by Manohar Rao. (Attachments: # 1 Exhibit Declaration of Sammy Ford, # 2 Exhibit PSLRA Notice, # 3 Exhibit Rao Certification, # 4 Exhibit Financial Interest Analysis, # 5 Exhibit Rao Declaration, # 6 Exhibit GPM Firm Resume, # 7 Exhibit AZA Firm Resume, # 8 Proposed Order Proposed Order)(Ford, Sammy) (Entered: 10/26/2021) |
|---|---|---|
| 10/26/2021 | 18 | MOTION for Consolidation of Related Cases, Appointment as Lead Plaintiff and Approval of Counsel by Reza Blourchian. (Attachments: # 1 Affidavit Declaration for Initial Lead Plaintiff Motion, # 2 Exhibit A - Blourchian Declaration, # 3 Exhibit B - PSLRA Notice - Brazeau, # 4 Exhibit C - PSLRA Notice - Newell, # 5 Exhibit D - PSLRA Certification, # 6 Exhibit E - Chart of Financial Interest, # 7 Exhibit F - BFA Firm Resume, # 8 Proposed Order)(Yanchunis, John) Modified on 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/26/2021 | 19 | NOTICE of Attorney Appearance by Warren T. Burns on behalf of Warren Choi, Kevin Otto, Ken Van Ho. Attorney Warren T. Burns added to party Warren Choi(pty:mov), Attorney Warren T. Burns added to party Kevin Otto(pty:mov), Attorney Warren T. Burns added to party Ken Van Ho(pty:mov) (Burns, Warren) (Entered: 10/26/2021) |
| 10/26/2021 | 20 | MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* by Warren Choi, Kevin Otto, Ken Van Ho. (Attachments: # 1 Proposed Order)(Burns, Warren) (Entered: 10/26/2021) |
| 10/26/2021 | 21 | MOTION to Consolidate Cases *Motion & Memorandum of Law for Consolidation, Appointment of Lead Plaintiffs and Approval of Counsel* by Thi Huyen Vu, Qing Yang, Ronald L. Selman, Vinod K. Thukral. (Attachments: # 1 Affidavit Declaration of Stuart L. Cochran, # 2 Exhibit A - PSLRA Certification, # 3 Exhibit B - Loss Chart, # 4 Exhibit C - PSLRA Notice, # 5 Exhibit D - Joint Declaration, # 6 Exhibit E - LK & SWCC Firm Resumes, # 7 Proposed Order)(Cochran, Stuart) (Entered: 10/26/2021) |
| 10/26/2021 | 22 | Memorandum in Support of 20 MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* by Warren Choi, Kevin Otto, Ken Van Ho. (Burns, Warren) (Entered: 10/26/2021) |
| 10/26/2021 | 23 | AFFIDAVIT in Support of 20 MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* by Warren Choi, Kevin Otto, Ken Van Ho. (Attachments: # 1 Exhibit A - PSLRA Certifications, # 2 Exhibit B - Notice of Pendency, # 3 Exhibit C - Loss Charts, # 4 Exhibit D - Joint Declaration of Movant)(Burns, Warren) (Entered: 10/26/2021) |
| 10/26/2021 | 24 | MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel* by Thibault Magnin. (Attachments: # 1 Memorandum of Law, # 2 Declaration of B. Russell Horton, # 3 Proposed Order)(Horton, B.) (Entered: 10/26/2021) |
| 10/26/2021 | 25 | MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* by Mohammad Bozorgis. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 10/26/2021) |
| 10/26/2021 | 26 | APPENDIX to 25 MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* by Mohammad Bozorgis. (Attachments: # 1 Affidavit Tab 1 Affidavit of Joe Kendall, # 2 Exhibit Ex. A - Notice, # 3 Exhibit Ex. B - Certification, # 4 Exhibit Ex. C - Loss Chart, # 5 Exhibit Ex. D - Client Decl.)(Kendall, Joe) (Entered: 10/26/2021) |
| 10/26/2021 | 27 | NOTICE of Attorney Appearance by Matthew Ryan McCarley on behalf of Steve Burmeister (pty:pla) (McCarley, Matthew) Modified on 10/28/2021 (jv2). Modified on |

| | | |
|---|---|---|
| | | 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/26/2021 | 28 | NOTICE of Attorney Appearance by C. Bryan Fears on behalf of Steve Burmeister. (McCarley, Matthew) Modified on 10/28/2021 (jv2). Modified on 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/26/2021 | 29 | MOTION to Appear Pro Hac Vice by Matthew Ryan McCarley *for Ramzi Abadou*( Filing fee $ 100 receipt number 0542-15376744) by on behalf of Steve Burmeister. (McCarley, Matthew) Modified on 10/28/2021 (jv2). Modified on 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/26/2021 | 30 | MOTION to Appear Pro Hac Vice by Matthew Ryan McCarley *for Lewis Kahn* ( Filing fee $ 100 receipt number 0542-15376748) by on behalf of Steve Burmeister. (McCarley, Matthew) Modified on 10/28/2021 (jv2). Modified on 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/26/2021 | 31 | MOTION *for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Counsel* by Stephen Branch. (Attachments: # 1 Proposed order)(Bilek, Thomas) (Entered: 10/26/2021) |
| 10/26/2021 | 32 | Memorandum in Support of 31 MOTION *for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Counsel* by Stephen Branch. (Bilek, Thomas) (Entered: 10/26/2021) |
| 10/26/2021 | 33 | MOTION to Consolidate Related Cases, Appoint Him as Lead Plaintiff and Approve His Selection of Lead Counsel by Steve Burmeister. (Attachments: # 1 Proposed Order, # 2 Memo in Support, # 3 Declaration, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F)(McCarley, Matthew) Modified on 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/26/2021 | 34 | AFFIDAVIT in Support of 31 MOTION *for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Counsel by Thomas E. Bilek* by Stephen Branch. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bilek, Thomas) (Entered: 10/26/2021) |
| 10/26/2021 | 35 | **Filed in Error - Duplicate of Dkt. 34** AFFIDAVIT in Support of 31 MOTION *for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Counsel by Thomas E. Bilek* by Stephen Branch. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bilek, Thomas) Modified on 10/28/2021 (jv2). (Entered: 10/26/2021) |
| 10/29/2021 | 36 | ORDER, (Telephone Conference set for 11/4/2021 09:00 AM before Judge Robert Pitman). Signed by Judge Robert Pitman. (bot2) (Entered: 10/29/2021) |
| 10/29/2021 | 37 | **Filed in Error. Please Disregard. Refiled at Dkt. 38 with attachment** NOTICE *OF FILING OF MOTION OF SHAMSHER AHLUWALIA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL* by Shamsher Ahluwalia (Briscoe, Willie) Modified on 10/29/2021 (jv2). (Entered: 10/29/2021) |
| 10/29/2021 | 38 | NOTICE *OF FILING OF MOTION OF SHAMSHER AHLUWALIA FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL* by Shamsher Ahluwalia (Attachments: # 1 Exhibit A - SHAMSHER AHLUWALIA'S LEAD PLAINTIFF FILINGS)(Briscoe, Willie) Modified on 7/1/2022 (jv2). (Entered: 10/29/2021) |

| | | |
|---|---|---|
| 10/29/2021 | 39 | MOTION to Appear Pro Hac Vice by William B. Federman *Jeffrey C. Block* ( Filing fee $ 100 receipt number 0542-15388952) by on behalf of John Barsa. (Attachments: # 1 Proposed Order Proposed Order Granting Pro Hac)(Federman, William) (Entered: 10/29/2021) |
| 10/29/2021 | 40 | NOTICE *OF NON-OPPOSITION TO COMPETING MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL* by Stephen Branch (Bilek, Thomas) Modified on 11/1/2021 to create docket entry relationships to motions (jv2). (Entered: 10/29/2021) |
| 11/01/2021 | | Text Order GRANTING 29 Motion to Appear Pro Hac Vice by attorney Ramzi Abadou. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 11/01/2021) |
| 11/01/2021 | | Text Order GRANTING 30 Motion to Appear Pro Hac Vice by attorney Lewis Kahn. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 11/01/2021) |
| 11/01/2021 | | Text Order GRANTING 39 Motion to Appear Pro Hac Vice by attorney Jeffrey C. Block. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 11/01/2021) |
| 11/02/2021 | 41 | MOTION to Appear Pro Hac Vice by Sammy Ford, IV ( Filing fee $ 100 receipt number 0542-15395588) by on behalf of Manohar Rao. (Ford, Sammy) (Entered: 11/02/2021) |
| 11/02/2021 | 42 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Michael Albert* ( Filing fee $ 100 receipt number 0542-15400302) by on behalf of Mohammad Bozorgis, Pierre Brazeau. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 11/02/2021) |
| 11/03/2021 | 43 | NOTICE *of Non-Opposition* by Steve Burmeister re 25 MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* (McCarley, Matthew) Modified on 11/3/2021 to correct filing party (jv2). (Entered: 11/03/2021) |
| 11/03/2021 | 44 | MOTION to Appear Pro Hac Vice by Warren T. Burns *on Behalf of Michael Dell'Angelo* ( Filing fee $ 100 receipt number 0542-15403501) by on behalf of Warren Choi, Kevin Otto, Ken Van Ho. (Attachments: # 1 Proposed Order)(Burns, Warren) (Entered: 11/03/2021) |
| 11/03/2021 | 45 | NOTICE *OF NON-OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS BY MOVANTS* by Ronald L. Selman, Vinod K. Thukral, Thi Huyen Vu, Qing Yang (Cochran, Stuart) (Entered: 11/03/2021) |
| 11/04/2021 | 46 | Minute Entry for proceedings held before Judge Robert Pitman: Telephone Conference held on 11/4/2021. (Minute entry documents are not available electronically.) (Court Reporter Lily Reznik.)(jv2) (Entered: 11/04/2021) |
| 11/04/2021 | | |

**R.E. 26**

| | | |
|---|---|---|
| | | Text Order GRANTING [41](underline) Motion to Appear Pro Hac Vice by attorney Charles Linehan. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 11/04/2021) |
| 11/04/2021 | | Text Order GRANTING [42](underline) Motion to Appear Pro Hac Vice by attorney Michael Albert. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 11/04/2021) |
| 11/04/2021 | | Text Order GRANTING [44](underline) Motion to Appear Pro Hac Vice by attorney Michael Dell'Angelo. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Robert Pitman. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jg) (Entered: 11/04/2021) |
| 11/08/2021 | 47 | NOTICE *Concerning Non-Opposition to Competing Lead Plaintiff Motions* by Thibault Magnin re [24](underline) MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel* (Horton, B.) (Entered: 11/08/2021) |
| 11/09/2021 | 48 | NOTICE *of Non-Opposition of Cassava Securities Group to Competing Lead Plaintiff Motions* by Warren Choi, Kevin Otto, Ken Van Ho (Burns, Warren) (Entered: 11/09/2021) |
| 11/09/2021 | 49 | NOTICE *of Non-Opposition* by Reza Blourchian (Yanchunis, John) (Entered: 11/09/2021) |
| 11/09/2021 | 50 | NOTICE *OF NON-OPPOSITION OF SHAMSHER AHLUWALIA TO COMPETING MOTIONS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL* by Shamsher Ahluwalia (Briscoe, Willie) (Entered: 11/09/2021) |
| 11/09/2021 | 51 | RESPONSE in Support, filed by John Barsa, re [14](underline) MOTION to Consolidate Cases *Appointment as Lead Plaintiff, and Approval of Selection of Counsel* filed by Movant John Barsa *Motion For Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel and in Oppositition to Competing Motions* (Federman, William) (Entered: 11/09/2021) |
| 11/09/2021 | 52 | NOTICE *Non-Opposition to the Motion of Mohammad Bozorgis for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Counsel* by Manohar Rao (Ford, Sammy) (Entered: 11/09/2021) |
| 11/09/2021 | 53 | Memorandum in Opposition to Motion, filed by Mohammad Bozorgis, re [20](underline) MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* filed by Movant Kevin Otto, Movant Ken Van Ho, Movant Warren Choi, [24](underline) MOTION to Consolidate Cases *, Appointment as Lead Plaintiff, and Approval of His Selection of Counsel* filed by Plaintiff Thibault Magnin, [33](underline) MOTION to Consolidate Cases filed by Plaintiff Pierre Brazeau, [31](underline) MOTION *for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Counsel* filed by Movant Stephen Branch, [18](underline) MOTION to Consolidate Cases filed by Plaintiff Reza Blourchian, [17](underline) MOTION *for Consolidation* filed by Movant Manohar Rao, [14](underline) MOTION to Consolidate Cases *Appointment as Lead Plaintiff, and Approval of Selection of Counsel* filed by Movant |

| | | |
|---|---|---|
| | | John Barsa, 21 MOTION to Consolidate Cases *Motion & Memorandum of Law for Consolidation, Appointment of Lead Plaintiffs and Approval of Counsel* filed by Movant Ronald L. Selman, Movant Thi Huyen Vu, Movant Qing Yang, Movant Vinod K. Thukral (Kendall, Joe) (Entered: 11/09/2021) |
| 11/16/2021 | 54 | RESPONSE in Support, filed by John Barsa, re 14 MOTION to Consolidate Cases *Appointment as Lead Plaintiff, and Approval of Selection of Counsel* filed by Movant John Barsa *Of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel and in Opposition to Competing Motions* (Federman, William) (Entered: 11/16/2021) |
| 11/16/2021 | 55 | REPLY to Response to Motion, filed by Mohammad Bozorgis, re 25 MOTION to Consolidate Cases , *Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel* filed by Movant Mohammad Bozorgis (Kendall, Joe) (Entered: 11/16/2021) |
| 11/16/2021 | 56 | APPENDIX to 55 Reply to Response to Motion by Mohammad Bozorgis. (Attachments: # 1 Affidavit Tab 1 Affidavit of Joe Kendall, # 2 Exhibit Ex. 1 Declaration of Mohammad Bozorgis)(Kendall, Joe) (Entered: 11/16/2021) |
| 04/11/2022 | 57 | ORDER that this action is TRANSFERRED to Judge David A. Ezra for all proceedings. Judge Robert Pitman no longer assigned to case. Signed by Judge Robert Pitman. (jv2) (Entered: 04/11/2022) |
| 06/30/2022 | 58 | ORDER GRANTING 12 Agreed Motion Regarding Acceptance of Service, Consolidation of Related Actions, and Defendants' Time to Respond to Complaint. **Causes 1:21-cv-760-DAE, 1:21-cv-856-DAE, and 1:21-cv-971-DAE are consolidated with and into 1:21-cv-751-DAE, with *1:21-cv-751-DAE being the Lead Case/Master Case No.*** Signed by Judge David A. Ezra. (jv2) (Entered: 06/30/2022) |
| 06/30/2022 | 59 | ORDER GRANTING 25 Mohammad Bozorgi's Motion for Appointment of Lead Plaintiff and for Approval of Selection of Lead Counsel. Mohammad Bozorgi is appointed as lead plaintiff and Robbins Geller is approved to serve as counsel in the consolidated action. The remaining motions for appointment as lead plaintiff and approval of counsel are DENIED (Dkts. #14, 17, 18, 20, 21, 24, 31, 33, 38.) Signed by Judge David A. Ezra. (jv2) (Entered: 07/01/2022) |
| 07/07/2022 | 60 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Kevin A. Lavelle* ( Filing fee $ 100 receipt number 0542-16226370) by on behalf of Mohammad Bozorgis. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 07/07/2022) |
| 07/07/2022 | 61 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Daniel S. Drosman* ( Filing fee $ 100 receipt number 0542-16226399) by on behalf of Mohammad Bozorgis. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 07/07/2022) |
| 07/07/2022 | 62 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Natalie F. Lakosil* ( Filing fee $ 100 receipt number 0542-16226416) by on behalf of Mohammad Bozorgis. (Attachments: # 1 Proposed Order)(Kendall, Joe) (Entered: 07/07/2022) |
| 07/12/2022 | | Text Order GRANTING 60 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kslc) (Entered: 07/12/2022) |
| 07/12/2022 | | |

| | | |
|---|---|---|
| | | Text Order GRANTING <u>61</u> Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kslc) (Entered: 07/12/2022) |
| 07/12/2022 | | Text Order GRANTING <u>62</u> Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (kslc) (Entered: 07/12/2022) |
| 07/12/2022 | <u>63</u> | Written ORDER GRANTING <u>60</u> MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Kevin A. Lavelle* filed by Mohammad Bozorgis. Signed by Judge David A. Ezra. (jv2) (Entered: 07/12/2022) |
| 07/12/2022 | <u>64</u> | Written ORDER GRANTING <u>61</u> MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Daniel S. Drosman* filed by Mohammad Bozorgis. Signed by Judge David A. Ezra. (jv2) (Entered: 07/12/2022) |
| 07/12/2022 | <u>65</u> | Written ORDER GRANTING <u>62</u> MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Natalie F. Lakosil* filed by Mohammad Bozorgis. Signed by Judge David A. Ezra. (jv2) (Entered: 07/12/2022) |
| 07/14/2022 | <u>66</u> | Agreed MOTION *for Filing Consolidated Complaint and Motion to Dismiss Briefing* by Mohammad Bozorgis. (Attachments: # <u>1</u> Proposed Order)(Kendall, Joe) (Entered: 07/14/2022) |
| 08/10/2022 | <u>67</u> | ORDER GRANTING <u>66</u> Agreed Motion for Filing Consolidated Complaint and Motion to Dismiss Briefing. Signed by Judge David A. Ezra. (jv2) (Entered: 08/10/2022) |
| 08/18/2022 | <u>68</u> | AMENDED COMPLAINT *CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* against All Defendants amending, filed by Manohar Rao, Mohammad Bozorgis, Ken Calderone. (Attachments: # <u>1</u> Exhibit Ex. A Mohammad Bozorgi's Certification Pursuant to Federal Securities Laws, # <u>2</u> Exhibit Ex. B Ken Calderone's Certification Pursuant to Federal Securities Laws, # <u>3</u> Exhibit Ex. C Manohar Rao's Certification Pursuant to Federal Securities Laws)(Lavelle, Kevin) (Entered: 08/18/2022) |
| 08/22/2022 | <u>69</u> | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Megan A. Rossi* ( Filing fee $ 100 receipt number ATXWDC-16434025) by on behalf of Mohammad Bozorgis. (Kendall, Joe) (Entered: 08/22/2022) |
| 08/24/2022 | <u>70</u> | ORDER GRANTING <u>69</u> Motion to Appear Pro Hac Vice for Attorney Megan A. Rossi for Mohammad Bozorgis. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (jv2) (Entered: 08/24/2022) |
| 08/31/2022 | <u>71</u> | WAIVER OF SERVICE Returned Executed by Manohar Rao, Mohammad Bozorgis, Ken Calderone as to Lindsay Burns. Waiver sent on 8/26/2022, answer due 10/25/2022. (Lavelle, Kevin) (Entered: 08/31/2022) |

**R.E. 29**

| 09/30/2022 | 72 | Opposed MOTION to Lift Stay *OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order)(Lavelle, Kevin) (Entered: 09/30/2022) |
| 09/30/2022 | 73 | APPENDIX to 72 Opposed MOTION to Lift Stay *OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Affidavit Tab 1 AFFIDAVIT OF KEVIN LAVELLE IN SUPPORT OF OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY, # 2 Exhibit Ex. A Verified Stockholder Derivative Complaint, # 3 Exhibit Ex. B August 4, 2022 Form 10-Q, # 4 Exhibit Ex. C September 13, 2022 Corporate Presentation titled: We Focus on Alzheimers disease)(Lavelle, Kevin) (Entered: 09/30/2022) |
| 10/04/2022 | | Text Order REFERRING 72 Motion to Lift Stay to U.S. Magistrate Judge Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (btlc) (Entered: 10/04/2022) |
| 10/04/2022 | | MOTION REFERRED: referred 72 Opposed MOTION to Lift Stay. Referral Judge: Susan Hightower. (jv2) (Entered: 10/04/2022) |
| 10/05/2022 | 74 | Unopposed MOTION for Extension of Time to File Response/Reply *[Unopposed Motion for Extensions to Briefing Schedule]* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 10/05/2022) |
| 10/06/2022 | 75 | ORDER GRANTING 74 Motion for Extensions to Briefing Schedule. Signed by Judge David A. Ezra. (dm) (Entered: 10/06/2022) |
| 10/10/2022 | 76 | Unopposed MOTION for Extension of Time to File *[Unopposed Motion for Extensions to Briefing Schedule re a Motion to Dismiss the Consolidated Complaint]* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 10/10/2022) |
| 10/11/2022 | 77 | ORDER GRANTING 76 Defendants' Unopposed Motion for Extensions to Briefing Schedule re Motion to Dismiss the 68 Consolidated Complaint. Signed by Judge David A. Ezra. (jv2) (Entered: 10/11/2022) |
| 10/24/2022 | 78 | Unopposed MOTION for Leave to Exceed Page Limitation *of Motion to Dismiss Plaintiffs' Consolidated Complaint* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (Attachments: # 1 Proposed Order, # 2 Exhibit Motion to Dismiss, # 3 Exhibit A, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Proposed Order)(Kramer, James) (Entered: 10/24/2022) |
| 10/24/2022 | 79 | NOTICE *Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss the Consolidated Complaint* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen (Kramer, James) (Entered: 10/24/2022) |
| 10/25/2022 | 80 | ORDER GRANTING 78 Motion for Leave to File Excess Pages. Signed by Judge David A. Ezra. (dm) (Entered: 10/25/2022) |
| 10/25/2022 | 81 | MOTION to Dismiss Plaintiffs' Consolidated Complaint by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (dm) (Entered: 10/25/2022) |
| 10/25/2022 | 82 | Response in Opposition to Motion, filed by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen, re 72 Opposed MOTION to Lift Stay |

| | | |
|---|---|---|
| | | *OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Kramer, James) (Entered: 10/25/2022) |
| 11/04/2022 | 83 | REPLY to Response to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 72 Opposed MOTION to Lift Stay *OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Lavelle, Kevin) (Entered: 11/04/2022) |
| 12/23/2022 | 84 | Unopposed MOTION for Leave to Exceed Page Limitation by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Plaintiffs Unopposed Motion for Leave to File Opposition to Defendants Motion to Dismiss Plaintiffs Consolidated Complaint in Excess of Page Limits, # 2 Brief Plaintiffs Opposition to Motion to Dismiss Consolidated Complaint for Violations of the Federal Securities Laws)(Lavelle, Kevin) (Entered: 12/23/2022) |
| 12/27/2022 | 85 | ORDER GRANTING 84 Plaintiffs' Unopposed Motion for Leave to File Opposition to Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint in Excess of Page Limits. Signed by Judge David A. Ezra. (jv2) (Entered: 12/27/2022) |
| 12/27/2022 | 86 | Response in Opposition to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 81 MOTION to Dismiss Plaintiffs' Consolidated Complaint, filed by Defendant Remi Barbier, Defendant Eric J. Schoen, Defendant Lindsay Burns, Defendant Nadav Friedmann, Defendant Cassava Sciences, Inc. (jv2) (Entered: 12/27/2022) |
| 01/02/2023 | 87 | ORDER DENYING Plaintiffs Opposed 72 Motion for Partial Relief From the PSLRA Discovery Stay. Signed by Judge Susan Hightower. (klw) (Entered: 01/02/2023) |
| 01/02/2023 | | Motions No Longer Referred: 72 Opposed MOTION to Lift Stay *OPPOSED MOTION FOR PARTIAL RELIEF FROM THE PSLRA DISCOVERY STAY*. (klw) (Entered: 01/02/2023) |
| 01/23/2023 | 88 | Unopposed MOTION for Leave to Exceed Page Limitation *of Defendants' Reply in Support of Motion to Dismiss Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Law* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (Attachments: # 1 Proposed Order, # 2 Brief Reply in Support of Motion to Dismiss, # 3 Affidavit A. Talarides Affidavit, # 4 Exhibit 10, # 5 Exhibit 11, # 6 Exhibit 12)(Kramer, James) (Entered: 01/23/2023) |
| 01/24/2023 | 89 | ORDER GRANTING 88 Defendants' Motion for Leave to File Excess of Page Limits of Reply in Support of Motion to Dismiss Plaintiffs' Consolidated Complaint for Violations of Federal Securities Laws. Signed by Judge David A. Ezra. (jv2) (Entered: 01/24/2023) |
| 01/24/2023 | 90 | REPLY to Response to Motion, filed by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen, re 81 MOTION to Dismiss filed by Defendant Remi Barbier, Defendant Eric J. Schoen, Defendant Lindsay Burns, Defendant Nadav Friedmann, Defendant Cassava Sciences, Inc. (Attachments: # 1 Affidavit of Alexander K. Talarides, # 2 Exhibit 10, # 3 Exhibit 11, # 4 Exhibit 12)(jv2) (Entered: 01/24/2023) |
| 01/27/2023 | 91 | SUGGESTION OF DEATH of Defendant Nadav Friedman). (Kramer, James) Modified on 1/27/2023 (jv2). (Entered: 01/27/2023) |
| 01/31/2023 | 92 | NOTICE *of Recent Authority and Developments* by Mohammad Bozorgis, Ken Calderone, Manohar Rao (Attachments: # 1 Exhibit Ex. A Oklahoma Firefighters Pension and Retirement System v Six Flags Entertainment Corporation, # 2 Exhibit Ex. B Adam Feurstein, STAT New results show Cassavas Alzheimers drug has placebo-like efficacy, |

| | | |
|---|---|---|
| | | January 24, 2023)(Lavelle, Kevin) (Entered: 01/31/2023) |
| 02/03/2023 | 93 | RESPONSE *Defendants' Response to Plaintiffs' Notice of Recent Authority and Developments* to 92 Notice (Other), by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (Kramer, James) (Entered: 02/03/2023) |
| 03/03/2023 | 94 | ORDER FOR SCHEDULING RECOMMENDATIONS AND ADVISORY CONCERNING MAGISTRATE JUDGE ASSIGNMENT. Signed by Judge David A. Ezra. (jv2) (Entered: 03/03/2023) |
| 03/22/2023 | 95 | ORDER Setting Hearing on 81 MOTION to Dismiss: Motion Hearing set for 4/26/2023 at 09:00 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (jv2) (Entered: 03/22/2023) |
| 04/03/2023 | 96 | Scheduling Recommendations by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 04/03/2023) |
| 04/26/2023 | 97 | Minute Entry for proceedings held before Judge David A. Ezra: Motion Hearing held on 04/26/2023 re 81 MOTION to Dismiss Plaintiffs' Consolidated Complaint. Motion taken under advisement. Written order to follow. (Minute entry documents are not available electronically.) (Court Reporter Angela Hailey.)(jv2) Modified on 5/19/2023 to correct hearing date (klw). (Entered: 05/03/2023) |
| 05/04/2023 | 98 | Transcript filed of Proceedings held on 4/26/23, Proceedings Transcribed: Motion Hearing. Court Reporter/Transcriber: Angela Hailey, Telephone number: 210.244.5048. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 5/25/2023, Redacted Transcript Deadline set for 6/5/2023, Release of Transcript Restriction set for 8/2/2023, (Hailey, Angela) (Entered: 05/04/2023) |
| 05/05/2023 | 99 | TRANSCRIPT REQUEST by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen for proceedings held on 05/03/2023. Proceedings Transcribed: Motion to Dismiss. Court Reporter: Angela Hailey. (Frost, Claudia) (Entered: 05/05/2023) |
| 05/05/2023 | 100 | TRANSCRIPT REQUEST *(Corrected)* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen for proceedings held on April 26, 2023. Proceedings Transcribed: Motion to Dismiss. Court Reporter: Angela Hailey. (Frost, Claudia) (Entered: 05/05/2023) |
| 05/09/2023 | 101 | MOTION to Appear Pro Hac Vice by Claudia Wilson Frost *(Adam Miller)* ( Filing fee $ 100 receipt number ATXWDC-17415497) by on behalf of Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 05/09/2023) |
| 05/09/2023 | 102 | Scheduling Recommendations *REVISED SCHEDULING RECOMMENDATIONS* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 05/09/2023) |
| 05/10/2023 | 103 | ORDER GRANTING 101 Motion to Appear Pro Hac Vice for Attorney Adam B. Miller for Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Adam B. Miller Nadav Friedmann, and for Eric J. Schoen. Pursuant to our Administrative Policies and |

| | | |
|---|---|---|
| | | Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (jv2) (Entered: 05/11/2023) |
| 05/11/2023 | 104 | ORDER GRANTING IN PART AND DENYING IN PART 81 Defendants' Motion to Dismiss. Plaintiff's claims against Defendant Nadav Friedman are DISMISSED WITH PREJUDICE. The Motion to Dismiss Plaintiffs' claims as to all other Defendants is DENIED. Signed by Judge David A. Ezra. (jv2) (Entered: 05/11/2023) |
| 05/23/2023 | 105 | Unopposed MOTION for Extension of Time to File Answer re 68 Amended Complaint, by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 05/23/2023) |
| 05/24/2023 | 106 | ORDER GRANTING 105 Motion to Extend Time to Respond to Plaintiffs' Consolidated Complaint for Violations of the Federal Securities Laws; Remi Barbier answer due 6/26/2023; Lindsay Burns answer due 6/26/2023; Cassava Sciences, Inc. answer due 6/26/2023; Eric J. Schoen answer due 6/26/2023. Signed by Judge David A. Ezra. (jv2) (Entered: 05/24/2023) |
| 06/23/2023 | 107 | Unopposed MOTION for Extension of Time to File Answer by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 06/23/2023) |
| 06/26/2023 | | Text Order GRANTING 107 Second Unopposed Motion for Extension of Time to Answer. Defendants shall answer or otherwise respond to Plaintiffs' Consolidated Complaint on or before July 3, 2023. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (eglc) (Entered: 06/26/2023) |
| 07/03/2023 | 108 | ANSWER to 68 Amended Complaint, by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen.(Frost, Claudia) (Entered: 07/03/2023) |
| 07/21/2023 | 109 | AGREED MOTION REGARDING EXTENSION OF TIME TO FILE A RULE 12(F) MOTION REGARDING DEFENDANTS ANSWER by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING AGREED MOTION REGARDING EXTENSION OF TIME TO FILE A RULE 12(F) MOTION REGARDING DEFENDANTS ANSWER)(Lavelle, Kevin) Modified on 7/24/2023 (jv2). (Entered: 07/21/2023) |
| 07/24/2023 | | Notice of Correction: re 109 Agreed Motion for Extension of Time to File a Rule 12(f) Motion Regarding Defendants' Answer. **Your document was incorrectly docketed as a STIPULATION instead of using the correct MOTION event. The clerk has modified your entry. In the future, all MOTIONS are to be filed using the MOTIONS event with a Proposed Order filed as an attachment, if required.** (jv2) (Entered: 07/24/2023) |
| 07/24/2023 | | Text Order GRANTING 109 Agreed Motion for Extension of Time to File a Rule 12(f) Motion Regarding Defendants' Answer. Plaintiffs' deadline to respond to Defendants' Answer is extended to August 31, 2023. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (eglc) (Entered: 07/24/2023) |
| 07/24/2023 | 110 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Rachel Jensen* ( Filing fee $ 100 receipt number ATXWDC-17691593) by on behalf of Mohammad Bozorgis. (Kendall, Joe) (Entered: 07/24/2023) |

**R.E. 33**

| 07/24/2023 | 111 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Heather Geiger* ( Filing fee $ 100 receipt number ATXWDC-17691618) by on behalf of Mohammad Bozorgis. (Kendall, Joe) (Entered: 07/24/2023) |
|---|---|---|
| 07/26/2023 | 112 | ORDER GRANTING 110 Motion to Appear Pro Hac Vice for Attorney Rachel Jensen for Mohammad Bozorgis. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (jv2) (Entered: 07/26/2023) |
| 07/26/2023 | 113 | ORDER GRANTING 111 Motion to Appear Pro Hac Vice for Attorney Heather Geiger for Mohammad Bozorgis. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (jv2) (Entered: 07/26/2023) |
| 08/03/2023 | 114 | Joint MOTION to Amend/Correct *Scheduling Recommendations* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Frost, Claudia) (Entered: 08/03/2023) |
| 08/08/2023 | 115 | Joint MOTION for Confidentiality/Protective Order by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER)(Lavelle, Kevin) (Entered: 08/08/2023) |
| 08/14/2023 | 116 | CONFIDENTIALITY AND PROTECTIVE ORDER. Signed by Judge David A. Ezra. (jv2) (Entered: 08/14/2023) |
| 08/14/2023 | 117 | ORDER GRANTING 114 Joint Motion to Amend Scheduling Recommendations. Signed by Judge David A. Ezra. (jv2) (Entered: 08/14/2023) |
| 11/07/2023 | 118 | NOTICE of Change of Address by Joe Kendall (Kendall, Joe) (Entered: 11/07/2023) |
| 01/02/2024 | 119 | Agreed MOTION for Extension of Time to File *AGREED MOTION REGARDING EXTENSION OF TIME TO FILE A RULE 12(f) MOTION REGARDING DEFENDANTS ANSWER* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING AGREED MOTION REGARDING EXTENSION OF TIME TO FILE A RULE 12(F) MOTION REGARDING DEFENDANTS ANSWER v.2)(Lavelle, Kevin) (Entered: 01/02/2024) |
| 01/03/2024 | 120 | ORDER GRANTING 119 Agreed Motion Regarding Extension of Time to File a Rule 12(f) Motion Regarding Defendants' Answer. Signed by Judge David A. Ezra. (jv2) (Entered: 01/03/2024) |
| 02/21/2024 | 121 | ORDER REFERRING CASE to Magistrate Judge Susan Hightower for scheduling deadlines purposes only. Signed by Judge David A. Ezra. (cc3) Modified on 2/26/2024 (cc3). (Entered: 02/21/2024) |
| 02/21/2024 | | CASE NO LONGER REFERRED to Magistrate Judge Susan Hightower. (entered in error) (cc3) (Entered: 02/26/2024) |
| 02/22/2024 | 122 | NOTICE of Attorney Appearance by John Thomas Cox, III on behalf of Cassava Sciences, Inc.. Attorney John Thomas Cox, III added to party Cassava Sciences, Inc.(pty:dft) (Cox, John) (Entered: 02/22/2024) |

| | | |
|---|---|---|
| 02/22/2024 | 123 | NOTICE of Attorney Appearance by Gregg Jeffrey Costa on behalf of Cassava Sciences, Inc.. Attorney Gregg Jeffrey Costa added to party Cassava Sciences, Inc.(pty:dft) (Costa, Gregg) (Entered: 02/22/2024) |
| 02/22/2024 | 124 | MOTION to Appear Pro Hac Vice by John Thomas Cox, III *on behalf of Monica K. Loseman* ( Filing fee $ 100 receipt number ATXWDC-18446916) by on behalf of Cassava Sciences, Inc... Motions referred to Judge Susan Hightower. (Cox, John) (Entered: 02/22/2024) |
| 02/22/2024 | 125 | MOTION to Appear Pro Hac Vice by John Thomas Cox, III *on behalf of Mary Beth Maloney* ( Filing fee $ 100 receipt number ATXWDC-18447075) by on behalf of Cassava Sciences, Inc... Motions referred to Judge Susan Hightower. (Cox, John) (Entered: 02/22/2024) |
| 02/22/2024 | 126 | MOTION to Appear Pro Hac Vice by John Thomas Cox, III *on behalf of John L. Turquet Bravard* ( Filing fee $ 100 receipt number ATXWDC-18447198) by on behalf of Cassava Sciences, Inc.. (Attachments: # 1 Proposed Order). Motions referred to Judge Susan Hightower. (Cox, John) (Entered: 02/22/2024) |
| 02/22/2024 | 127 | MOTION to Appear Pro Hac Vice by John Thomas Cox, III *on behalf of Scott Campbell* ( Filing fee $ 100 receipt number ATXWDC-18447266) by on behalf of Cassava Sciences, Inc.. (Attachments: # 1 Proposed Order). Motions referred to Judge Susan Hightower. (Cox, John) (Entered: 02/22/2024) |
| 02/22/2024 | 128 | Unopposed MOTION to Withdraw as Attorney *(William J. Foley, James N. Kramer, Alexander K. Talarides, and Adam Miller)* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order). Motions referred to Judge Susan Hightower. (Miller, Adam) (Entered: 02/22/2024) |
| 02/22/2024 | 129 | Opposed MOTION to supplement *THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING PLAINTIFFS OPPOSED MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS, # 2 Affidavit AFFIDAVIT OF KEVIN LAVELLE IN SUPPORT OF PLAINTIFFS OPPOSED MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS, # 3 Exhibit A -- [PROPOSED] SUPPLEMENT TO THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS, # 4 Exhibit B -- Email conversation between Kevin Lavelle and Adam Miller RE: Supplementing the Complaint, # 5 Exhibit C -- [PROPOSED] SUPPLEMENTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS). Motions referred to Judge Susan Hightower. (Lavelle, Kevin) (Entered: 02/22/2024) |
| 02/23/2024 | 130 | ORDER GRANTING 124 Motion to Appear Pro Hac Vice as to Monica K. Loseman. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (dm) (Entered: 02/23/2024) |
| 02/23/2024 | 131 | ORDER GRANTING 125 Motion to Appear Pro Hac Vice as to Mary Beth Maloney. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (dm) (Entered: 02/23/2024) |

**R.E. 35**

| 02/23/2024 | 132 | ORDER GRANTING 126 Motion to Appear Pro Hac Vice as to John L. Turquet Bravard. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (dm) (Entered: 02/23/2024) |
|---|---|---|
| 02/23/2024 | 133 | ORDER GRANTING 127 Motion to Appear Pro Hac Vice as to Scott Campbell. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (dm) (Entered: 02/23/2024) |
| 02/23/2024 | 134 | ORDER GRANTING 128 Motion to Withdraw as Attorney. Signed by Judge David A. Ezra. (dm) (Entered: 02/23/2024) |
| 02/26/2024 | 135 | NOTICE of Attorney Appearance by John Thomas Cox, III on behalf of Remi Barbier, Lindsay Burns, Eric J. Schoen. Attorney John Thomas Cox, III added to party Remi Barbier(pty:dft), Attorney John Thomas Cox, III added to party Lindsay Burns(pty:dft), Attorney John Thomas Cox, III added to party Eric J. Schoen(pty:dft) (Cox, John) (Entered: 02/26/2024) |
| 02/26/2024 | 136 | NOTICE of Attorney Appearance by Gregg Jeffrey Costa on behalf of Remi Barbier, Lindsay Burns, Eric J. Schoen. Attorney Gregg Jeffrey Costa added to party Remi Barbier(pty:dft), Attorney Gregg Jeffrey Costa added to party Lindsay Burns(pty:dft), Attorney Gregg Jeffrey Costa added to party Eric J. Schoen(pty:dft) (Costa, Gregg) (Entered: 02/26/2024) |
| 02/26/2024 | 137 | NOTICE of Attorney Appearance by Michael Scott Campbell on behalf of Remi Barbier, Lindsay Burns, Eric J. Schoen. Attorney Michael Scott Campbell added to party Remi Barbier(pty:dft), Attorney Michael Scott Campbell added to party Lindsay Burns(pty:dft), Attorney Michael Scott Campbell added to party Eric J. Schoen(pty:dft) (Campbell, Michael) (Entered: 02/26/2024) |
| 02/26/2024 | 138 | NOTICE of Attorney Appearance by Mary Beth Beth Maloney on behalf of Remi Barbier, Lindsay Burns, Eric J. Schoen. Attorney Mary Beth Beth Maloney added to party Remi Barbier(pty:dft), Attorney Mary Beth Beth Maloney added to party Lindsay Burns(pty:dft), Attorney Mary Beth Beth Maloney added to party Eric J. Schoen(pty:dft) (Maloney, Mary Beth) (Entered: 02/26/2024) |
| 02/26/2024 | 139 | NOTICE of Attorney Appearance by Monica K. Loseman on behalf of Remi Barbier, Lindsay Burns, Eric J. Schoen. Attorney Monica K. Loseman added to party Remi Barbier(pty:dft), Attorney Monica K. Loseman added to party Lindsay Burns(pty:dft), Attorney Monica K. Loseman added to party Eric J. Schoen(pty:dft) (Entered: 02/26/2024) |
| 02/26/2024 | 140 | NOTICE of Attorney Appearance by John L. Turquet Bravard on behalf of Remi Barbier, Lindsay Burns, Eric J. Schoen. Attorney John L. Turquet Bravard added to party Remi Barbier(pty:dft), Attorney John L. Turquet Bravard added to party Lindsay Burns(pty:dft), Attorney John L. Turquet Bravard added to party Eric J. Schoen(pty:dft) (Turquet Bravard, John) (Entered: 02/26/2024) |
| 02/27/2024 | 141 | ORDER for the parties to file a Joint Advisory by March 8, 2024. Signed by Judge Susan Hightower. (cc3) (Entered: 02/27/2024) |
| 02/29/2024 | 142 | NOTICE *OF RELATED CASE* by Mohammad Bozorgis, Ken Calderone, Manohar Rao (Lavelle, Kevin) (Entered: 02/29/2024) |

| 03/07/2024 | <u>143</u> | Response in Opposition to Motion, filed by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen, re 129 Opposed MOTION to supplement *THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Attachments: # <u>1</u> Declaration of John L. Turquet Bravard, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B)(Costa, Gregg) (Entered: 03/07/2024) |
| 03/08/2024 | <u>144</u> | ADVISORY TO THE COURT by Mohammad Bozorgis, Ken Calderone, Manohar Rao *JOINT ADVISORY*. (Lavelle, Kevin) (Entered: 03/08/2024) |
| 03/11/2024 | <u>145</u> | NOTICE *Request to Terminate Electronic Notices* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen re 134 Order on Motion to Withdraw as Attorney (Miller, Adam) (Entered: 03/11/2024) |
| 03/11/2024 | <u>146</u> | SCHEDULING ORDER: ADR Mediation Completed by 6/17/2024, Amended Pleadings due by 7/19/2024, Discovery due by 1/15/2024, Joinder of Parties due by 7/19/2024, and Dispositive Motions due by 3/3/2025. Signed by Judge Susan Hightower. (cc3) (Entered: 03/11/2024) |
| 03/11/2024 | <u>147</u> | ORDER on Joint Advisory on Scheduling Recommendations. Signed by Judge Susan Hightower. (cc3) (Entered: 03/11/2024) |
| 03/13/2024 | <u>148</u> | Opposed MOTION to Certify Class by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # <u>1</u> Proposed Order [PROPOSED] ORDER CERTIFYING THE CLASS AND APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, # <u>2</u> Affidavit AFFIDAVIT OF KEVIN A. LAVELLE IN SUPPORT OF PLAINTIFFS OPPOSED MOTION FOR CLASS CERTIFICATION, # <u>3</u> Exhibit Exhibit A -- Declaration of Mohammad Bozorgi in Support of Plaintiffs Motion for Class Certification, # <u>4</u> Exhibit Exhibit B -- Declaration of Kenneth W. Calderone in Support of Plaintiffs Motion for Class Certification, # <u>5</u> Exhibit Exhibit C -- Declaration of Manohar K. Rao in Support of Plaintiffs Motion for Class Certification, # <u>6</u> Exhibit Exhibit D -- Firm Resume of Robbins Geller Rudman & Dowd LLP, # <u>7</u> Exhibit Exhibit E -- Expert Report of Steven Feinstein, Ph.D., CFA)(Lavelle, Kevin) (Entered: 03/13/2024) |
| 03/14/2024 | <u>149</u> | REPLY to Response to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 129 Opposed MOTION to supplement *THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone *REPLY IN FURTHER SUPPORT OF PLAINTIFFS OPPOSED MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* (Attachments: # <u>1</u> Affidavit AFFIDAVIT OF KEVIN A. LAVELLE IN SUPPORT OF REPLY IN FURTHER SUPPORT OF PLAINTIFFS OPPOSED MOTION TO SUPPLEMENT THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS, # <u>2</u> Exhibit 1 -- City University of New York Final Investigation Report of Associate Professor Hoau-Yan Wang, Ph.D., # <u>3</u> Exhibit 2 -- Press Release, Cassava Sciences, Inc., MRI Data Suggest Simufilam is Not Associated with Amyloid-related Imaging Abnormalities (ARIA), (Oct. 25, 2023), # <u>4</u> Exhibit 3 -- Cassava Sciences, Inc. Stock Price Data from October 12, 2023 to October 30, 2023)(Lavelle, Kevin) (Entered: 03/14/2024) |
| 03/15/2024 | | Text Order REFERRING [Dkt. # 148] Motion to Certify Class to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sklc) (Entered: 03/15/2024) |
| 03/15/2024 | | |

| | | MOTION REFERRED: referred 148 Opposed MOTION to Certify Class . Referral Judge: Susan Hightower. (cc3) (Entered: 03/15/2024) |
|---|---|---|
| 03/21/2024 | 150 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Jeremy Daniels* ( Filing fee $ 100 receipt number ATXWDC-18556910) by on behalf of Mohammad Bozorgis. (Kendall, Joe) (Entered: 03/21/2024) |
| 03/25/2024 | 151 | ORDER GRANTING 150 Motion to Appear Pro Hac Vice as to JEREMY W. DANIELS. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (cc3) (Entered: 03/25/2024) |
| 04/12/2024 | 152 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS OPPOSED MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS DISCLOSED TO THE U.S. SECURITIES AND EXCHANGE COMMISSION AND U.S. DEPARTMENT OF JUSTICE AND EXHIBITS REFERENCED THEREIN, # 2 Exhibit 1 -- SEALED DOCUMENTS) (Lavelle, Kevin) (Entered: 04/12/2024) |
| 04/12/2024 | 195 | Sealed Motion filed (Attachments: # 1 Proposed Order, # 2 Affidavit, # 3 Exhibit A-C) (cc3) (Main document 195 replaced on 7/10/2024) (cc3) (Entered: 07/10/2024) |
| 04/18/2024 | 153 | Unopposed MOTION for Extension of Time to File Response/Reply as to 152 Motion for leave to File Sealed Document *Plaintiffs' Motion to Compel Production* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Costa, Gregg) (Entered: 04/18/2024) |
| 04/19/2024 | 154 | ORDER GRANTING 153 Motion for Extension of Time to File Response/Reply re 153 Unopposed MOTION for Extension of Time to File Response/Reply as to 152 Motion for leave to File Sealed Document *Plaintiffs' Motion to Compel Production*. Signed by Judge David A. Ezra. (cc3) (Entered: 04/19/2024) |
| 04/26/2024 | 155 | Motion for leave to File Sealed Document (Attachments: # 1 SEALED DOCUMENT - Response to Motion To Compel, # 2 Proposed Order) (Costa, Gregg) (Entered: 04/26/2024) |
| 04/29/2024 | 156 | Sealed Order GRANTING 155 Motion for leave to File Sealed Document. Signed by Judge David A. Ezra. (cc3) (Entered: 04/29/2024) |
| 04/29/2024 | 157 | Sealed Document filed (cc3) (Entered: 04/29/2024) |
| 05/03/2024 | 158 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS DISCLOSED TO THE U.S. SECURITIES AND EXCHANGE COMMISSION AND U.S. DEPARTMENT OF JUSTICE, # 2 Exhibit 1 [SEALED DOCUMENT ]- Reply in Support of Motion to Compel) (Lavelle, Kevin) (Entered: 05/03/2024) |
| 05/03/2024 | 159 | AFFIDAVIT in Support *OF PLAINTIFFS REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Exhibit A - U.S. Securities and Exchange Commission Enforcement Manual, # 2 Exhibit B - U.S. Securities and Exchange Commission Form 1662)(Lavelle, Kevin) (Entered: 05/03/2024) |

| 05/10/2024 | 160 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 SEALED DOCUMENTS) (Costa, Gregg) (Entered: 05/10/2024) |
|---|---|---|
| 05/13/2024 | 161 | Sealed Order GRANTING 160 Motion for leave to file sealed document. Signed by Judge David A. Ezra. (cc3) (Entered: 05/13/2024) |
| 05/13/2024 | 162 | Sealed Motion filed (cc3) (Entered: 05/13/2024) |
| 05/14/2024 | 163 | Joint MOTION for Extension of Time to File *Plaintiffs' Opposition to Defendants' Motion to Stay, Defendants' Opposition to Plaintiffs' Motion for Class Certification, and Plaintiffs' Reply in Support of Motion for Class Certification* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Costa, Gregg) (Entered: 05/14/2024) |
| 05/14/2024 | 164 | ORDER GRANTING 163 MOTION TO EXTEND TIME TO FILE PLAINTIFFS'OPPOSITION TO DEFENDANTS MOTION TO STAY, DEFENDANTS' OPPOSITIONTO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, AND PLAINTIFFS'REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION. Signed by Judge David A. Ezra. (pg) (Entered: 05/15/2024) |
| 05/15/2024 | 165 | Unopposed MOTION to Withdraw as Attorney by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Frost, Claudia) (Entered: 05/15/2024) |
| 05/15/2024 | 167 | *SEALED* ORDER GRANTING 158 SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS DISCLOSED TO THE U.S. SECURITIES AND EXCHANGE COMMISSION AND U.S. DEPARTMENT OF JUSTICE. Signed by Judge David A. Ezra. (pg) (Entered: 05/16/2024) |
| 05/15/2024 | 168 | *SEALED* ORDER GRANTING 152 SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS' OPPOSED MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS DISCLOSED TO THE U.S. SECURITIES AND EXCHANGE COMMISSION AND U.S. DEPARTMENT OF JUSTICE AND EXHIBITS REFERENCED THEREIN. Signed by Judge David A. Ezra. (pg) (Entered: 05/16/2024) |
| 05/16/2024 | 166 | ORDER GRANTING 165 Motion to Withdraw as Attorney as to CLAUDIA WILSON FROST Signed by Judge David A. Ezra. (cc3) (Entered: 05/16/2024) |
| 05/24/2024 | 169 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO STAY MERITS DISCOVERY PENDING RESOLUTION OF FEDERAL INVESTIGATIONS, # 2 Exhibit 1 -- [SEALED DOCUMENTS]) (Jensen, Rachel) (Entered: 05/24/2024) |
| 05/29/2024 | | Text Order GRANTING [Dkt. # 169] Motion for Leave to File Sealed Document. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sklc) (Entered: 05/29/2024) |
| 05/30/2024 | 170 | Sealed Document filed (cc3) (Entered: 05/30/2024) |
| 05/31/2024 | 171 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 SEALED DOCUMENT) (Costa, Gregg) (Entered: 05/31/2024) |
| 06/05/2024 | 172 | NOTICE *OF RELATED CASE* by Mohammad Bozorgis, Ken Calderone, Manohar Rao (Attachments: # 1 Exhibit A -- Order)(Lavelle, Kevin) (Entered: 06/05/2024) |

| 06/06/2024 | 173 | Sealed Order GRANTING 171 Motion for Leave to file sealed document. Signed by Judge David A. Ezra. (cc3) (Entered: 06/06/2024) |
|---|---|---|
| 06/06/2024 | 174 | Sealed Document filed (cc3) (Entered: 06/06/2024) |
| 06/12/2024 | 175 | ORDER GRANTING 129 Motion to supplement the Complaint. Signed by Judge David A. Ezra. (cc3) (Entered: 06/12/2024) |
| 06/13/2024 | 176 | AMENDED COMPLAINT *SUPPLEMENTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS* against Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Nadav Friedmann, Eric J. Schoen amending, filed by Manohar Rao, Mohammad Bozorgis, Ken Calderone.(Lavelle, Kevin) (Entered: 06/13/2024) |
| 06/17/2024 | 177 | ADR Report Filed - by Mohammad Bozorgis, Ken Calderone, Manohar Rao(Lavelle, Kevin) (Entered: 06/17/2024) |
| 06/27/2024 | 178 | *Amended* ANSWER to 176 Amended Complaint, *for Violations of the Federal Securities Laws* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen.(Costa, Gregg) (Entered: 06/27/2024) |
| 06/28/2024 | 179 | Motion for leave to File Sealed Document (Attachments: # 1 SEALED Ex. A, # 2 SEALED Ex. B, # 3 SEALED Ex. C, # 4 Proposed Order) (Costa, Gregg) (Entered: 06/28/2024) |
| 07/01/2024 | 180 | Motion for leave to File Sealed Document (Attachments: # 1 SEALED DOCUMENT - Ex. 1, # 2 Proposed Order) (Costa, Gregg) (Entered: 07/01/2024) |
| 07/02/2024 | 181 | Sealed Order 179 Motion for leave to File Sealed Document. Signed by Judge David A. Ezra. (cc3) (Entered: 07/02/2024) |
| 07/02/2024 | 182 | Sealed Order GRANTING 180 Motion for leave to File Sealed Document. Signed by Judge David A. Ezra. (cc3) (Entered: 07/02/2024) |
| 07/02/2024 | 183 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Exhibit 1 --[SEALED DOCUMENT]) (Lavelle, Kevin) (Entered: 07/02/2024) |
| 07/02/2024 | 184 | Sealed Motion filed (Attachments: # 1 Proposed Order) (cc3) (Entered: 07/02/2024) |
| 07/02/2024 | 185 | Sealed Document filed (Attachments: # 1 Affidavit) (cc3) (Entered: 07/02/2024) |
| 07/02/2024 | 186 | Sealed Document filed (cc3) (Main Document 186 replaced on 7/2/2024) (cc3). (Entered: 07/02/2024) |
| 07/03/2024 | 187 | Sealed Order GRANTING 183 Motion for leave to File Sealed Document. Signed by Judge David A. Ezra. (cc3) (Entered: 07/03/2024) |
| 07/03/2024 | 188 | Sealed Document filed (cc3) (Entered: 07/03/2024) |
| 07/03/2024 | 189 | ORDER GRANTING 184 Sealed Motion Signed by Judge David A. Ezra. (cc3) (Entered: 07/03/2024) |
| 07/08/2024 | 190 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order [PROPOSED] ORDER GRANTING SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS REQUEST FOR STATUS CONFERENCE, # 2 Exhibit 1 -- [SEALED DOCUMENT]) (Lavelle, Kevin) (Entered: 07/08/2024) |
| 07/08/2024 | 191 | Redacted Copy *of Exhibit 1 (Plaintiffs' Request for Status Conference)* of 190 Motion for |

| | | leave to File Sealed Document by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 07/08/2024) |
|---|---|---|
| 07/09/2024 | 192 | ORDER Setting Hearing on 162 Sealed Motion : for 8/1/2024 at 9:00 AM before Judge David A. Ezra. Signed by Judge David A. Ezra. (cc3) (Entered: 07/09/2024) |
| 07/09/2024 | 193 | Sealed Document filed (cc3) Modified on 7/9/2024 (cc3). (Entered: 07/09/2024) |
| 07/09/2024 | 194 | Sealed Order GRANTING 190 Motion for leave to File Sealed Document. Signed by Judge David A. Ezra. (cc3) (Entered: 07/09/2024) |
| 07/10/2024 | | Text Order GRANTING [Dkt. # 193] Sealed Motion as indicated in Dkt. # 192. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sklc) (Entered: 07/10/2024) |
| 07/11/2024 | 196 | Sealed Order. Signed by Judge David A. Ezra. (cc3) (Entered: 07/11/2024) |
| 07/12/2024 | | Text Order REFERRING [Dkt. # 195] Sealed Motion to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sklc) (Entered: 07/12/2024) |
| 07/12/2024 | | MOTION REFERRED: referred 195 Sealed Motion filed. Referral Judge: Susan Hightower. (cc3) (Entered: 07/12/2024) |
| 07/30/2024 | 197 | NOTICE of Attorney Appearance by C Shawn Cleveland on behalf of Remi Barbier, Lindsay Burns. Attorney C Shawn Cleveland added to party Remi Barbier(pty:dft), Attorney C Shawn Cleveland added to party Lindsay Burns(pty:dft) (Cleveland, C) (Entered: 07/30/2024) |
| 07/30/2024 | 198 | MOTION to Appear Pro Hac Vice by C Shawn Cleveland *for Douglas W. Greene* ( Filing fee $ 100 receipt number BTXWDC-19042053) by on behalf of Remi Barbier, Lindsay Burns. (Attachments: # 1 Certificate of Good Standing, # 2 Proposed Order)(Cleveland, C) (Entered: 07/30/2024) |
| 07/31/2024 | 199 | ORDER GRANTING 198 Motion to Appear Pro Hac Vice as to DOUGLAS W. GREENE. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center Signed by Judge David A. Ezra. (cc3) (Entered: 07/31/2024) |
| 07/31/2024 | 200 | Unopposed MOTION to Withdraw as Attorney by Remi Barbier, Lindsay Burns. (Attachments: # 1 Proposed Order)(Costa, Gregg) (Entered: 07/31/2024) |
| 07/31/2024 | 201 | RESPONSE *(PLAINTIFFS SUBMISSION PURSUANT TO JULY 11, 2024 SEALED ORDER)* to 196 Sealed Order by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 07/31/2024) |
| 08/01/2024 | 205 | Minute Entry for proceedings held before Judge David A. Ezra: Motion Hearing held on 8/1/2024 re 162 Sealed Motion filed (Minute entry documents are not available electronically) (Court Reporter Arlinda Rodriguez.)(cc3) (Entered: 08/08/2024) |
| 08/05/2024 | 202 | ORDER GRANTING 200 Motion to Withdraw as Attorney as to Attorneys Gregg Costa, Trey Cox, Monica K. Loseman, Scott Campbell, John Turquet Bravard, and Mary Beth Maloney. Signed by Judge David A. Ezra. (cc3) (Entered: 08/05/2024) |
| 08/05/2024 | 203 | ORDER Staying Merits Discovery and Appointing Discovery Master. Signed by Judge David A. Ezra. (cc3) (Entered: 08/05/2024) |

| 08/07/2024 | 204 | ORDER SETTING VIDEO STATUS CONFERENCE for 9/30/2024 at 3:30 PM before Judge Henry J. Bemporad. Signed by Judge Henry J. Bemporad. (cc3) (Entered: 08/07/2024) |
|---|---|---|
| 08/20/2024 | 206 | Transcript filed of Proceedings held on August 1, 2024, Proceedings Transcribed: Motions Hearing/Status Conference. Court Reporter/Transcriber: Arlinda Rodriguez, Telephone number: 512-391-8791. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/10/2024, Redacted Transcript Deadline set for 9/20/2024, Release of Transcript Restriction set for 11/18/2024, (Rodriguez, Arlinda) (Entered: 08/20/2024) |
| 08/23/2024 | 208 | MOTION for Leave to Exceed Page Limitation by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Plaintiffs Unopposed Motion for Leave to File Plaintiffs Reply in Further Support of Motion for Class Certification in Excess of Page Limit, # 2 Brief [REDACTED] Plaintiffs Reply in Further Support of Motion for Class Certification)(Lavelle, Kevin) (Entered: 08/23/2024) |
| 08/23/2024 | 209 | AFFIDAVIT in Support *of Plaintiffs Reply in Further Support of Motion for Class Certification* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10 [FILED UNDER SEAL], # 11 Exhibit 11 [FILED UNDER SEAL], # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Lavelle, Kevin) (Entered: 08/23/2024) |
| 08/23/2024 | 210 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit A [SEALED DOCUMENTS], # 2 Proposed Order Granting Sealed Motion to File Under Seal Plaintiffs Reply in Further Support of Motion for Class Certification and Exhibits Referenced Therein) (Lavelle, Kevin) (Entered: 08/23/2024) |
| 08/26/2024 | 212 | SEALED Plaintiffs' Reply in Further Support of Motion for Class Certification (Lavelle, Kevin A.) (cnr) (Entered: 08/26/2024) |
| 08/26/2024 | 213 | ORDER GRANTING Plaintiffs' 208 Unopposed Motion for Leave to File Plaintiffs' Reply in Further Support of Motion for Class Certification in Excess of Page Limit. Signed by Judge David A. Ezra. (cnr) (Entered: 08/26/2024) |
| 08/26/2024 | 214 | Plaintiffs' REPLY in Further Support of Motion for Class Certification (Lavelle, Kevin A.) (cnr) (Entered: 08/26/2024) |
| 08/30/2024 | 215 | Opposed MOTION for Extension of Time to File */ Seek Leave to File Surreply* by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Costa, Gregg) (Entered: 08/30/2024) |
| 09/06/2024 | 216 | Response in Opposition to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 215 Opposed MOTION for Extension of Time to File */ Seek Leave to File Surreply* filed by Defendant Remi Barbier, Defendant Eric J. Schoen, Defendant Lindsay Burns, Defendant Cassava Sciences, Inc. (Lavelle, Kevin) (Entered: 09/06/2024) |
| 09/06/2024 | 217 | AFFIDAVIT in Support of 216 Response in Opposition to Motion, by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Exhibit - 1, # 2 Exhibit - 2, # 3 Exhibit - 3, # 4 Exhibit - 4, # 5 Exhibit - 5, # 6 Exhibit - 6)(Lavelle, Kevin) (Entered: |

| | | |
|---|---|---|
| | | 09/06/2024) |
| 09/13/2024 | 218 | REPLY to Response to Motion, filed by Cassava Sciences, Inc., Eric J. Schoen, re 215 Opposed MOTION for Extension of Time to File / *Seek Leave to File Surreply* filed by Defendant Remi Barbier, Defendant Eric J. Schoen, Defendant Lindsay Burns, Defendant Cassava Sciences, Inc. (Attachments: # 1 Affidavit of S. Campbell)(Costa, Gregg) (Entered: 09/13/2024) |
| 09/16/2024 | | Text Order REFERRING [Dkt. # 215] Motion for Extension of Time to Seek Leave to File Surreply to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sklc) (Entered: 09/16/2024) |
| 09/16/2024 | | MOTION REFERRED: referred 215 Opposed MOTION for Extension of Time to File / *Seek Leave to File Surreply*. Referral Judge: Susan Hightower. (cnr) (Entered: 09/16/2024) |
| 09/19/2024 | 219 | ORDER GRANTING Defendants' 215 Opposed Motion for Extension of Time to Seek Leave to File Surreply. **Defendants have until October 4, 2024 to file a sur-reply limited to 20 pages to Plaintiffs' 214 Reply in Further Support of Motion for Class Certification. Plaintiffs may file a response to Plaintiffs' sur-reply limited to 10 pages by October 15, 2024. The parties should not file any new evidence** . Signed by Judge Susan Hightower. (cnr) (Entered: 09/19/2024) |
| 09/19/2024 | | Motions No Longer Referred: 215 Opposed MOTION for Extension of Time to File / *Seek Leave to File Surreply*. (Entered: 09/19/2024) |
| 09/24/2024 | 220 | **SEALED** Returned Mail addressed to Thomas E. Bilek; re: 196 Sealed Order. Reason for being returned: Unable to Forward, Return to Sender. (cnr) (Entered: 09/27/2024) |
| 09/27/2024 | 221 | STATUS REPORT *PLAINTIFFS DISCOVERY UPDATE IN ADVANCE OF SEPTEMBER 30, 2024 STATUS CONFERENCE WITH MAGISTRATE JUDGE BEMPORAD* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 09/27/2024) |
| 09/30/2024 | 222 | RESPONSE to 221 Status Report by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., James W. Kupiec, Michael Marsman, Eric J. Schoen. (Costa, Gregg) (Entered: 09/30/2024) |
| 09/30/2024 | 223 | Minute Entry for proceedings held before Judge Henry J. Bemporad: Discovery Status Conference held on 9/30/2024 (Minute entry documents are not available electronically). (Court Reporter: Zoom). Follow-up Hearing to be set by the Court in November. Defendants ordered to produce documents and parties ordered to file a Joint Advisory to the Court. (cnr) (Entered: 10/01/2024) |
| 10/01/2024 | 224 | ORDER; Joint Advisory to the Court due by 10/22/2024 and Status Conference ( **via Zoom** ) set for 11/14/2024 at 2:30 P.M. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 10/01/2024) |
| 10/03/2024 | 225 | Joint MOTION *FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE SWEDISH MINISTRY OF JUSTICE TO DIRECT OSKAR HANSSON AND SHORENA JANELIDZE TO PROVIDE ORAL TESTIMONY* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 [PROPOSED] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST) UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS FOR EVIDENCE FROM OSKAR |

| | | |
|---|---|---|
| | | HANSSON AND SHORENA JANELIDZE)(Lavelle, Kevin) (Entered: 10/03/2024) |
| 10/04/2024 | | Text Order REFERRING 225 Motion to Magistrate Judge Henry J. Bemporad. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (mmlc) (Entered: 10/04/2024) |
| 10/04/2024 | | MOTION REFERRED: referred 225 Joint MOTION *FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE SWEDISH MINISTRY OF JUSTICE TO DIRECT OSKAR HANSSON AND SHORENA JANELIDZE TO PROVIDE ORAL TESTIMONY*. Referral Judge: Henry J. Bemporad. (cnr) (Entered: 10/04/2024) |
| 10/04/2024 | 226 | NOTICE *of Joinder* by Remi Barbier, Lindsay Burns re 225 Joint MOTION *FOR ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE SWEDISH MINISTRY OF JUSTICE TO DIRECT OSKAR HANSSON AND SHORENA JANELIDZE TO PROVIDE ORAL TESTIMONY* (Cleveland, C) (Entered: 10/04/2024) |
| 10/04/2024 | 227 | **PARTIALLY STRIKEN PER 238 ORDER** Sur-reply to Motion, filed by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., James W. Kupiec, Michael Marsman, Eric J. Schoen, re 148 Opposed MOTION to Certify Class filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone *(Defendants' Surreply in Opposition to Plaintiffs' Motion to Certify Class; Request for Evidentiary Hearing)* (Attachments: # 1 Affidavit of S. Campbell)(Costa, Gregg) Modified on 10/25/2024 (cnr). (Entered: 10/04/2024) |
| 10/07/2024 | | DEFICIENCY NOTICE to Gregg Costa: re 227 Sur-reply to Motion and Request for Evidentiary Hearing. **Pursuant to this Districts Administrative Policies and Procedures Section 3g, each filing must consist of only one pleading. Your filing includes a Surreply and a Request for Evidentiary Hearing. Your surreply has been filed. Please refile the Request/Motion for Evidentiary Hearing as a separate document and attach a proposed order** . (cnr) (Entered: 10/07/2024) |
| 10/07/2024 | 228 | **PARTIALLY STRIKEN PER 240 ORDER** MOTION for Hearing *Requesting Evidentiary Hearing on Plaintiffs' Opposed Motion for Class Certification* by Remi Barbier, Lindsay Burns. (Attachments: # 1 Affidavit of Scott Campbell, # 2 proposed Order Granting Motion Requesting Evidentiary Hearing on Plaintiffs' Opposed Motion for Class Certification)(Costa, Gregg) Modified on 10/29/2024 (cnr). (Entered: 10/07/2024) |
| 10/08/2024 | | Text Order REFERRING 228 Motion for Hearing to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (mmlc) (Entered: 10/08/2024) |
| 10/08/2024 | | MOTION REFERRED: referred 228 MOTION for Hearing *Requesting Evidentiary Hearing on Plaintiffs' Opposed Motion for Class Certification*. Referral Judge: Susan Hightower. (cnr) (Entered: 10/08/2024) |
| 10/14/2024 | 229 | RESPONSE to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 228 MOTION for Hearing *Requesting Evidentiary Hearing on Plaintiffs' Opposed Motion for Class Certification* filed by Defendant Remi Barbier, Defendant Lindsay Burns (Lavelle, Kevin) (Entered: 10/14/2024) |
| 10/15/2024 | | Text Order GRANTING 225 Motion entered by Judge Henry J. Bemporad. Letter of Request will be issued separately by the Court on this date. (This is a text-only entry generated by the court. There is no document associated with this entry.) (HJB) (Entered: 10/15/2024) |

**R.E. 44**

| 10/15/2024 | 230 | Request for International Judicial Assistance (Letter of Request) under the Hague Convention of the Taking of Evidence Abroad in Civil or Commercial Matters for Evidence from Oskar Hansson and Shorena Janelidze. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 10/15/2024) |
| --- | --- | --- |
| 10/15/2024 | 231 | RESPONSE *Plaintiffs Response to Defendants Class-Certification Sur-Reply* to 227 Sur-reply to Motion, by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 10/15/2024) |
| 10/16/2024 | 232 | Opposed MOTION to Strike *the Expert Sur-Reply Report of Ren M. Stulz,PH.D.* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order, # 2 Exhibit - A)(Lavelle, Kevin) (Entered: 10/16/2024) |
| 10/17/2024 | | Text Order REFERRING 232 Motion to Strike to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (mmlc) (Entered: 10/17/2024) |
| 10/17/2024 | | MOTION REFERRED: referred 232 Opposed MOTION to Strike *the Expert Sur-Reply Report of Ren M. Stulz,PH.D.*. Referral Judge: Susan Hightower. (cnr) (Entered: 10/17/2024) |
| 10/22/2024 | 233 | ADVISORY TO THE COURT by Mohammad Bozorgis, Ken Calderone, Manohar Rao *JOINT ADVISORY TO MAGISTRATE JUDGE BEMPORAD IN ADVANCE OF NOVEMBER 14, 2024 DISCOVERY STATUS CONFERENCE*. (Lavelle, Kevin) (Entered: 10/22/2024) |
| 10/23/2024 | 234 | Response in Opposition to Motion, filed by Cassava Sciences, Inc., Eric J. Schoen, re 232 Opposed MOTION to Strike *the Expert Sur-Reply Report of Ren M. Stulz,PH.D.* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Attachments: # 1 Affidavit of Scott Campbell in Support of Defendants' Response to Plaintiffs' Opposed Motion to Strike)(Costa, Gregg) (Entered: 10/23/2024) |
| 10/23/2024 | 235 | MOTION to Appear Pro Hac Vice by C Shawn Cleveland *for Zachary Rowen Taylor* ( Filing fee $ 100 receipt number ATXWDC-19377687) by on behalf of Remi Barbier, Lindsay Burns. (Attachments: # 1 Exhibit Certificate of Good Standing)(Cleveland, C) (Main Document 235 replaced on 10/24/2024 to flatten document) (cnr). (Entered: 10/23/2024) |
| 10/24/2024 | 236 | Mandatory ECF Registration Letter to Zachary Rowen Taylor. (cnr) (Entered: 10/24/2024) |
| 10/24/2024 | 237 | ORDER GRANTING 235 Motion to Appear Pro Hac Vice. Zachary Rowen Taylor may appear on behalf of Remi Barbier and Lindsay Burns. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (cnr) (Entered: 10/24/2024) |
| 10/24/2024 | 238 | Order Granting Plaintiffs' 232 Opposed Motion to Strike the Expert Sur-Reply Report of Rene M. Stulz, PH.D. Signed by Judge Susan Hightower. (cnr) (Entered: 10/25/2024) |
| 10/25/2024 | 239 | MOTION *REQUESTING CLARIFICATION REGARDING THE COURTS OCTOBER 25, 2024 ORDER* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Clarifying the Court's Prior Order Granting Plaintiffs' Motion to Strike the Expert Sur-Reply Report of Ren M. Stulz, PH.D.)(Lavelle, Kevin) (Entered: 10/25/2024) |

**R.E. 45**

| | | |
|---|---|---|
| 10/28/2024 | | Text Order REFERRING 239 Motion to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (mmlc) (Entered: 10/28/2024) |
| 10/28/2024 | | MOTION REFERRED: referred 239 MOTION *REQUESTING CLARIFICATION REGARDING THE COURTS OCTOBER 25, 2024 ORDER*. Referral Judge: Susan Hightower. (cnr) (Entered: 10/28/2024) |
| 10/28/2024 | 240 | Order Granting Plaintiff's 239 Request for Clarification Regarding the Court's October 25, 2024 Order. Signed by Judge Susan Hightower. (cnr) (Entered: 10/29/2024) |
| 10/31/2024 | 241 | Redacted Copy *of Defendants' Opposition to Plaintiffs' Motion for Class Certification* of 179 Motion for leave to File Sealed Document by Cassava Sciences, Inc., Eric J. Schoen. (Costa, Gregg) (Entered: 10/31/2024) |
| 10/31/2024 | 242 | Redacted Copy *of Affidavit of S. Campbell in Support of Defendants' Opposition to Plaintiffs' Motion for Class Certification* of 179 Motion for leave to File Sealed Document by Cassava Sciences, Inc., Eric J. Schoen. (Costa, Gregg) (Entered: 10/31/2024) |
| 11/01/2024 | 244 | RESPONSE in Support, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 243 Opposed MOTION to Compel *Defendants to Produce Documents Disclosed to the US Securities and Exchange Commission and US Department of Justice* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Lavelle, Kevin) (Entered: 11/01/2024) |
| 11/01/2024 | 245 | Response in Opposition to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 162 Sealed Motion filed (Jensen, Rachel) (Entered: 11/01/2024) |
| 11/01/2024 | 246 | Response in Opposition to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re 184 Sealed Motion filed filed by Defendant Cassava Sciences, Inc. (Lavelle, Kevin) (Entered: 11/01/2024) |
| 11/05/2024 | | Text Order REFERRING 243 Motion to Compel to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (mmlc) (Entered: 11/05/2024) |
| 11/06/2024 | | MOTION REFERRED: referred 243 Opposed MOTION to Compel *Defendants to Produce Documents Disclosed to the US Securities and Exchange Commission and US Department of Justice*. Referral Judge: Susan Hightower. (cnr) (Entered: 11/06/2024) |
| 11/08/2024 | 247 | Unopposed MOTION to Withdraw as Attorney *Lead Plaintiff's Unopposed Motion to Withdraw Rachel L. Jensen as Counsel of Record* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order)(Jensen, Rachel) (Entered: 11/08/2024) |
| 11/11/2024 | 248 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit, # 2 Proposed Order) (Costa, Gregg) (Entered: 11/11/2024) |
| 11/12/2024 | | Text Order GRANTING the unopposed 247 Motion to Withdraw as Attorney. IT IS THEREFORE ORDERED that Rachel L. Jensen be TERMINATED as counsel from the record. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (mmlc) (Entered: 11/12/2024) |
| 11/12/2024 | 249 | **Sealed** Order. Signed by Judge David A. Ezra. (cnr) (Entered: 11/12/2024) |
| 11/12/2024 | 250 | **SEALED** Defendants Cassava Sciences, Inc. and Eric J. Schoen's Opposed Motion to Stay Merits Discovery. (cnr) (Entered: 11/12/2024) |

| 11/13/2024 | 251 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Exhibit 1 - [SEALED] [PROPOSED] Second Supplemented Consolidated Complaint) (Lavelle, Kevin) (Entered: 11/13/2024) |
|---|---|---|
| 11/13/2024 | 252 | Opposed MOTION for Leave to File SECOND SUPPLEMENTED COMPLAINT by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order GRANTING PLAINTIFFS OPPOSED MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTED COMPLAINT, # 2 Affidavit OF KEVIN A. LAVELLE IN SUPPORT OF PLAINTIFFS OPPOSED MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTED COMPLAINT, # 3 Exhibit A - [REDACTED] [PROPOSED] Supplemental Complaint, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N)(Lavelle, Kevin) (Entered: 11/13/2024) |
| 11/14/2024 | | Text Order DISMISSING AS MOOT 195 Sealed Motion entered by Judge Susan Hightower. Because the Sealed Motion is duplicative of Plaintiffs' Opposed Motion to Compel Defendants to Produce Documents Disclosed to the U.S. Securities and Exchange Commission and U.S. Department of Justice 243 , the Sealed Motion is dismissed as moot. (This is a text-only entry generated by the court. There is no document associated with this entry.) (SH) (Entered: 11/14/2024) |
| 11/14/2024 | 253 | Minute Entry for proceedings held before Judge Henry J. Bemporad: Special Discovery Conference held on 11/14/2024 (Minute entry documents are not available electronically.). (Court Reporter: Zoom.) Follow-up Hearing to set by the Court. Parties ordered to file Joint Advisory. Written Order to follow. (cnr) (Entered: 11/15/2024) |
| 11/15/2024 | 254 | REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE: This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Opposed 148 Motion for Class Certification and issue an Order (1) certifying this action as a class action under Rule 23(c); (2) appointing Plaintiffs as Class representatives; and (3) appointing Robbins Geller as Class Counsel under Rule 23(g). The Court **DENIES** Defendants' 228 Motion Requesting Evidentiary Hearing on Plaintiffs' Motion for Class Certification. The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David A. Ezra. Signed by Judge Susan Hightower. (cnr) (Entered: 11/15/2024) |
| 11/15/2024 | | Motions No Longer Referred: 228 MOTION for Hearing *Requesting Evidentiary Hearing on Plaintiffs' Opposed Motion for Class Certification*. (cnr) (Entered: 11/15/2024) |
| 11/15/2024 | 255 | Order Setting Hearing. ( Discovery Status Conference set **by teleconference via Zoom** for 12/19/2024 at 3:30 PM before Judge Henry J. Bemporad). **Second Joint Advisory due by 12/12/2024**. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 11/15/2024) |
| 11/18/2024 | 256 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order GRANTING SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS OPPOSITION TO CASSAVA SCIENCES, INC. AND ERIC J. SCHOENS OPPOSED MOTION TO STAY MERITS DISCOVERY, # 2 Exhibit 1 - SEALED DOCUMENT) (Lavelle, Kevin) (Entered: 11/18/2024) |
| 11/18/2024 | 257 | Response in Opposition to Motion, filed by Manohar Rao, Mohammad Bozorgis, Ken Calderone, re 250 Sealed Motion filed *[REDACTED] PLAINTIFFS OPPOSITION TO CASSAVA SCIENCES, INC. AND ERIC J. SCHOENS OPPOSED MOTION TO STAY MERITS DISCOVERY* (Attachments: # 1 Affidavit of Kevin A. Lavelle, # 2 Exhibit - 1, # 3 Exhibit - 2)(Lavelle, Kevin) (Entered: 11/18/2024) |
| 11/21/2024 | 258 | **Sealed** Order. Signed by Judge David A. Ezra. (cnr) (Entered: 11/21/2024) |

| 11/21/2024 | 259 | **SEALED** Second Supplemental Consolidated Complaint for Violations of the Federal Securities Laws.(cnr) (Entered: 11/21/2024) |
|---|---|---|
| 11/21/2024 | 260 | MOTION to Appear Pro Hac Vice by Joe Kendall *on Behalf of Jessica T. Shinnefield* ( Filing fee $ 100 receipt number ATXWDC-19500524) by on behalf of Manohar Rao, Mohammad Bozorgis, Ken Calderone. (Kendall, Joe) (Entered: 11/21/2024) |
| 11/22/2024 | 261 | Sealed Transcript filed (This transcript is not available electronically) (Hailey, Angela) (Entered: 11/22/2024) |
| 11/22/2024 | 262 | ORDER GRANTING 260 Motion to Appear Pro Hac Vice for Attorney Jessica T. Shinnefield for Mohammad Bozorgis. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Registration is managed by the PACER Service Center. Signed by Judge David A. Ezra. (cnr) (Entered: 11/22/2024) |
| 11/22/2024 | 263 | ECF Registration Letter to Jessica T. Shinnefield. (cnr) (Entered: 11/22/2024) |
| 11/25/2024 | 264 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit, # 2 Proposed Order) (Costa, Gregg) (Entered: 11/25/2024) |
| 11/25/2024 | 265 | NOTICE *of Joinder in Motion to Stay Merits Discovery* by Lindsay Burns, Remi Barbier re 250 Sealed Motion filed (Cleveland, C) (Entered: 11/25/2024) |
| 11/26/2024 | 266 | **Sealed** Order. Signed by Judge David A. Ezra. (cnr) (Entered: 11/26/2024) |
| 11/26/2024 | 267 | **SEALED** Plaintiffs' Opposition to Cassava Sciences, Inc. and Eric J. Schoen's Opposed 250 Motion to Stay Merits Discovery. (cnr) (Entered: 11/26/2024) |
| 11/27/2024 | 268 | *****STRICKEN FROM THE RECORD PURUSANT TO 317 ORDER*** MOTION to Exclude *the Class Certification Testimony of Dr. Steven Feinstein* by Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Affidavit of Scott Campbell in Support of Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein, # 2 Proposed Order)(Costa, Gregg) Modified on 5/22/2025 to add docket text/restrict access to document (cnr). (Entered: 11/27/2024) |
| 11/27/2024 | 269 | RESPONSE to Motion, filed by Cassava Sciences, Inc., Lindsay Burns, Remi Barbier, Eric J. Schoen, re 252 Opposed MOTION for Leave to File SECOND SUPPLEMENTED COMPLAINT filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Costa, Gregg) (Entered: 11/27/2024) |
| 11/29/2024 | 270 | OBJECTION to 254 Report and Recommendations by Cassava Sciences, Inc., Eric J. Schoen.. (Costa, Gregg) (Entered: 11/29/2024) |
| 12/02/2024 | 271 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order GRANTING SEALED MOTION TO FILE UNDER SEAL PLAINTIFFS RESPONSE TO DEFENDANTS REMI BARBIERS AND LINDSAY BURNS NOTICE OF JOINDER IN CASSAVA SCIENCES, INC. AND ERIC J. SCHOENS MOTION TO STAY MERITS DISCOVERY, # 2 Exhibit 1- SEALED DOCUMENT) (Lavelle, Kevin) (Entered: 12/02/2024) |
| 12/04/2024 | 273 | **SEALED** ORDER. Signed by Judge David A. Ezra. (cnr) (Entered: 12/04/2024) |
| 12/04/2024 | 274 | **SEALED** Defendants Cassava Sciences, Inc. and Eric J. Schoen's Reply in Support of 250 Motion to Stay Merits Discovery. (cnr) (Entered: 12/04/2024) |

**R.E. 48**

| | | |
|---|---|---|
| 12/04/2024 | 275 | RESPONSE in Support, filed by Manohar Rao, Mohammad Bozorgis, Ken Calderone, re 252 Opposed MOTION for Leave to File SECOND SUPPLEMENTED COMPLAINT filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Lavelle, Kevin) (Entered: 12/04/2024) |
| 12/11/2024 | 276 | Opposed MOTION to Strike 268 MOTION to Exclude *the Class Certification Testimony of Dr. Steven Feinstein* by Manohar Rao, Mohammad Bozorgis, Ken Calderone. (Attachments: # 1 Proposed Order)(Shinnefield, Jessica) (Entered: 12/11/2024) |
| 12/11/2024 | 277 | Memorandum in Opposition to Motion, filed by Manohar Rao, Mohammad Bozorgis, Ken Calderone, re 268 MOTION to Exclude *the Class Certification Testimony of Dr. Steven Feinstein* filed by Defendant Eric J. Schoen, Defendant Cassava Sciences, Inc. (Attachments: # 1 Affidavit of Jessica T. Shinnefield, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Shinnefield, Jessica) (Entered: 12/11/2024) |
| 12/12/2024 | 278 | **SEALED ORDER**. Signed by Judge David A. Ezra. (cnr) (Entered: 12/12/2024) |
| 12/12/2024 | 279 | **SEALED** Response to Defendants Remi Barbier's and Lindsay Burns' 265 Notice of Joinder in Cassava Sciences, Inc. and Eric J. Schoen's 250 Motion to Stay Merits Discovery. (cnr) (Entered: 12/12/2024) |
| 12/12/2024 | 280 | ADVISORY TO THE COURT by Manohar Rao, Mohammad Bozorgis, Ken Calderone *Joint Advisory to Magistrate Judge Bemporad in Advance of December 19, 2024 Discovery Status Conference*. (Attachments: # 1 Exhibit A - Dec. 11, 2024 Geiger email, # 2 Exhibit B - Dec. 6, 2024 Campbell email)(Lavelle, Kevin) (Entered: 12/12/2024) |
| 12/13/2024 | 281 | RESPONSE to 270 Objection to Report and Recommendations by Manohar Rao, Mohammad Bozorgis, Ken Calderone. (Lavelle, Kevin) (Entered: 12/13/2024) |
| 12/18/2024 | 282 | REPLY to Response to Motion, filed by Cassava Sciences, Inc., Lindsay Burns, Remi Barbier, Eric J. Schoen, re 268 MOTION to Exclude *the Class Certification Testimony of Dr. Steven Feinstein* filed by Defendant Eric J. Schoen, Defendant Cassava Sciences, Inc. (Costa, Gregg) (Entered: 12/18/2024) |
| 12/19/2024 | 283 | Minute Entry for proceedings held before Judge Henry J. Bemporad: Discovery Status Conference held on 12/19/2024 (Minute entry documents are not available electronically.). (Court Reporter Zoom.) Discovery Disputes discussed. The Court proposed a joint stipulation to be submitted, to be signed by all parties. Parties are in agreement. Follow-up Hearing to monitor discovery progress to be set. Parties ordered to file Joint Advisory by February 18, 2025. Written Order to Follow. (cnr) (Entered: 12/20/2024) |
| 12/26/2024 | 284 | Response in Opposition to Motion, filed by Cassava Sciences, Inc., Lindsay Burns, Remi Barbier, Eric J. Schoen, re 276 Opposed MOTION to Strike 268 MOTION to Exclude *the Class Certification Testimony of Dr. Steven Feinstein* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Attachments: # 1 Exhibit)(Costa, Gregg) (Entered: 12/26/2024) |
| 01/02/2025 | 285 | REPLY to Response to Motion, filed by Manohar Rao, Mohammad Bozorgis, Ken Calderone, re 276 Opposed MOTION to Strike 268 MOTION to Exclude *the Class Certification Testimony of Dr. Steven Feinstein* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Shinnefield, Jessica) (Entered: 01/02/2025) |
| 01/03/2025 | 286 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit Sealed Motion to Preserve Confidentiality Designations, # 2 Proposed Order Proposed Order) (Cleveland, |

| | | C) (Entered: 01/03/2025) |
|---|---|---|
| 01/03/2025 | 287 | STIPULATION *Joint Stipulation Pursuant to the December 19, 2024 Hearing Before Magistrate Judge Bemporad* by Manohar Rao, Mohammad Bozorgis, Ken Calderone. (Lavelle, Kevin) (Entered: 01/03/2025) |
| 01/07/2025 | | Text Order REFERRING 286 Motion for Leave to File Sealed Document to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 01/07/2025) |
| 01/07/2025 | | MOTION REFERRED: referred 286 Motion for leave to File Sealed Document. Referral Judge: Susan Hightower. (cnr) (Entered: 01/07/2025) |
| 01/10/2025 | 288 | RESPONSE *and Advisory to Magistrate Judge Bemporad* to 283 Status Conference, 287 Stipulation by Lindsay Burns, Remi Barbier. (Cleveland, C) (Entered: 01/10/2025) |
| 01/10/2025 | 289 | AFFIDAVIT in Support *of Plaintiffs' Opposition to Defendants Remi Barbier's and Lindsay Burns's Motion for Protective Order to Preserve Confidentiality Designations* by Manohar Rao, Mohammad Bozorgis, Ken Calderone. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7 [FILED UNDER SEAL])(Shinnefield, Jessica) (Entered: 01/10/2025) |
| 01/10/2025 | 290 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit A [SEALED DOCUMENTS], # 2 Proposed Order) (Shinnefield, Jessica) (Entered: 01/10/2025) |
| 01/17/2025 | 291 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit Exhibit 1 - Reply, # 2 Proposed Order Proposed Order) (Cleveland, C) (Entered: 01/17/2025) |
| 01/24/2025 | | Text Order REFERRING 290 Motion for Leave to File Sealed Document to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 01/24/2025) |
| 01/24/2025 | | Text Order REFERRING 291 Motion for Leave to File Sealed Document to Magistrate Judge Susan Hightower. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 01/24/2025) |
| 01/24/2025 | | MOTION REFERRED: referred 290 Motion for leave to File Sealed Document. Referral Judge: Susan Hightower. (cnr) (Entered: 01/24/2025) |
| 01/24/2025 | | MOTION REFERRED: referred 291 Motion for leave to File Sealed Document. Referral Judge: Susan Hightower. (cnr) (Entered: 01/24/2025) |
| 01/29/2025 | 292 | Order Setting Hearing **via Zoom** on Plaintiff's 243 Opposed Motion to Compel and Defendants' 286 **\*Sealed\*** Motion. (Motions Hearing set for 2/13/2025 at 2:00 P.M. before Judge Susan Hightower). Signed by Judge Susan Hightower. (cnr) (Entered: 01/29/2025) |
| 02/05/2025 | 293 | ORDER; it is hereby **ORDERED** that Defendants Barbier and Burns must request from the Securities and Exchange Commission ("SEC") - and produce to the other parties in the litigation - the transcripts of their SEC depositions, with the qualification that such request and production shall not be deemed an authentication by these Defendants as to such transcripts, or an admission by them as to the admissibility or accuracy of said transcripts. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 02/05/2025) |

**R.E. 50**

| 02/12/2025 | 294 | Joint MOTION to Withdraw 243 Opposed MOTION to Compel *Defendants to Produce Documents Disclosed to the US Securities and Exchange Commission and US Department of Justice and Partially Vacate Hearing Scheduled for February 13, 2025* by Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 [Proposed] Order Granting Joint Motion to Withdraw Plaintiffs' Motion to Compel and Vacate Hearing on that Motion)(Costa, Gregg) (Entered: 02/12/2025) |
|---|---|---|
| 02/12/2025 | | Text Order WITHDRAWING 243 Plaintiffs' Opposed Motion to Compel Defendants to Produce Documents Disclosed to the U.S. Securities and Exchange Commission and U.S. Department of Justice entered by Judge Susan Hightower. Plaintiffs' Motion to Compel is hereby WITHDRAWN and the hearing on that motion set for February 13, 2025 is VACATED pursuant to the Joint Motion to Withdraw Plaintiffs' Motion to Compel and Partially Vacate Hearing Scheduled for February 13, 2025 294 . (This is a text-only entry generated by the court. There is no document associated with this entry.) (SH) (Entered: 02/12/2025) |
| 02/12/2025 | | Text Order GRANTING 294 Joint Motion to Withdraw Plaintiffs' Motion to Compel and Partially Vacate Hearing Scheduled for February 13, 2025 entered by Judge Susan Hightower. Plaintiffs' Opposed Motion to Compel Defendants to Produce Documents Disclosed to the U.S. Securities and Exchange Commission and U.S. Department of Justice 243 is WITHDRAWN and the hearing on that motion set for February 13, 2025 is VACATED. The hearing on Defendants' Motion that is the subject of their Sealed Motion Seeking Leave to File under Seal [Dkt. 286] shall proceed as set on February 13, 2025. (This is a text-only entry generated by the court. There is no document associated with this entry.) (SH) (Entered: 02/12/2025) |
| 02/13/2025 | 295 | Minute Entry for proceedings held before Judge Susan Hightower: Motion Hearing held on 2/13/2025 re 286 Motion for leave to File Sealed Document filed by Remi Barbier, Lindsay Burns, 291 Motion for leave to File Sealed Document filed by Remi Barbier, Lindsay Burns, 290 Motion for leave to File Sealed Document filed by Mohammad Bozorgis, Manohar Rao, Ken Calderone (Minute entry documents are not available electronically.). (Court Reporter Zoom.)(cnr) (Entered: 02/13/2025) |
| 02/13/2025 | 296 | ***SEALED*** ORDER GRANTING 286 , 290 , 291 Motions. Signed by Judge Susan Hightower. (cnr) (Entered: 02/13/2025) |
| 02/13/2025 | | Motions No Longer Referred: 286 Motion for leave to File Sealed Document, 291 Motion for leave to File Sealed Document, 290 Motion for leave to File Sealed Document. (cnr) (Entered: 02/13/2025) |
| 02/13/2025 | 297 | ***SEALED*** Defendant Remi Barbier's and Lindsay Burns's Motion for Protective Order to Preserve Confidentiality Designations. (cnr) (Entered: 02/13/2025) |
| 02/13/2025 | 298 | ***SEALED*** Plaintiffs' Opposition to Denfendants Remi Barbier's and Lindsay Burns's 297 Motion for Protective Order to Preserve Confidentiality Designations. (cnr) (Entered: 02/13/2025) |
| 02/13/2025 | 299 | ***SEALED*** Reply in Support of Defendants Remi Barbier's and Lindsay Burns's 297 Motion for Protective Order to Preserve Confidentiality Designations. (cnr) (Entered: 02/13/2025) |
| 02/18/2025 | 300 | ADVISORY TO THE COURT by Mohammad Bozorgis, Ken Calderone, Manohar Rao *JOINT ADVISORY TO MAGISTRATE JUDGE BEMPORAD IN ADVANCE OF DISCOVERY STATUS CONFERENCE.* (Lavelle, Kevin) (Entered: 02/18/2025) |
| 02/19/2025 | 301 | |

| | | |
|---|---|---|
| | | Order Setting Fourth Video Discovery Status (**Zoom**) Conference. ( Status Conference set for 3/18/2025 at 2:30 P.M. before Judge Henry J. Bemporad). Signed by Judge Henry J. Bemporad. (cnr) (Entered: 02/19/2025) |
| 02/25/2025 | 302 | ORDER DENYING 148 Motion to Certify Class. Signed by Judge David A. Ezra. (dm) (Entered: 02/25/2025) |
| 02/27/2025 | 303 | Unopposed MOTION *to Reset Discovery Status Conference* by Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order Granting Unopposed Motion to Reset Discovery Status Conference)(Costa, Gregg) (Entered: 02/27/2025) |
| 02/27/2025 | 304 | Unopposed MOTION *to Reset Discovery Status Conference* by Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Costa, Gregg) (Entered: 02/27/2025) |
| 02/28/2025 | | Text Order REFERRING 303 Motion to U.S. Magistrate Judge Henry J. Bemporad. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 02/28/2025) |
| 02/28/2025 | | Text Order REFERRING 304 Motion to U.S. Magistrate Judge Henry J. Bemporad. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 02/28/2025) |
| 02/28/2025 | 305 | Order Resetting Fourth Video Discovery Status Conference. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 02/28/2025) |
| 02/28/2025 | | Set/Reset Hearings: Status (**Zoom**) Conference set for 3/28/2025 at 1:30 P.M. before Judge Henry J. Bemporad. (cnr) (Entered: 02/28/2025) |
| 03/28/2025 | 306 | Minute Entry for proceedings held before Judge Henry J. Bemporad: Status Conference held on 3/28/2025 (Minute entry documents are not available electronically.). (Court Reporter Zoom.) (cnr) (Entered: 03/28/2025) |
| 03/28/2025 | 307 | Order Regarding Status Conference held on March 28, 2025. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 03/28/2025) |
| 04/11/2025 | 308 | NOTICE of Change of Address by John L. Turquet Bravard (Turquet Bravard, John) (Entered: 04/11/2025) |
| 04/11/2025 | 309 | NOTICE of Change of Address by Monica K. Loseman (Loseman, Monica) (Entered: 04/11/2025) |
| 04/11/2025 | 310 | NOTICE of Change of Address by Michael Scott Campbell (Campbell, Michael) (Entered: 04/11/2025) |
| 04/11/2025 | 311 | BRIEF *Letter Brief to The Honorable Henry J. Bemporad from Kevin Lavelle* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 04/11/2025) |
| 04/25/2025 | 312 | RESPONSE to 311 Brief, 307 Order by Cassava Sciences, Inc., Eric J. Schoen. (Costa, Gregg) (Entered: 04/25/2025) |
| 05/02/2025 | 313 | Opposed MOTION for Leave to File Reply Letter Brief by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Motion for Leave, # 2 Exhibit A - [PROPOSED] Reply Letter Brief)(Lavelle, Kevin) (Entered: 05/02/2025) |
| 05/07/2025 | | Text Order REFERRING 313 Motion for Leave to File to U.S. Magistrate Judge Henry J. Bemporad. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 05/07/2025) |

**R.E. 52**

| | | |
|---|---|---|
| 05/07/2025 | | MOTION REFERRED: referred 313 Opposed MOTION for Leave to File Reply Letter Brief . Referral Judge: Henry J. Bemporad. (cnr) (Entered: 05/07/2025) |
| 05/09/2025 | 314 | *SEALED* ORDER DENYING Defendants Cassava Sciences, Inc. and Eric J. Schoen's 250 Motion to Stay Merits Discovery. Signed by Judge David A. Ezra. (cnr) (Entered: 05/09/2025) |
| 05/09/2025 | 315 | ORDER SETTING FIFTH VIDEO DISCOVERY STATUS CONFERENCE. (**Status Conference set for 6/9/2025 at 4:00 P.M. before Judge Henry J. Bemporad**). Signed by Judge Henry J. Bemporad. (cnr) (Entered: 05/09/2025) |
| 05/13/2025 | | Text Order GRANTING Plaintiffs' Opposed Motion for Leave to File Reply in Support of Plaintiffs' Letter Brief to the Honorable Henry J. Bemporad (Docket Entry 313) entered by Judge Henry J. Bemporad. The U.S. Clerk is directed to file Plaintiffs' Reply in Support of Plaintiffs' Letter Brief to the Honorable Henry J. Bemporad attached to their motion as Docket Entry 313-2. (See Docket Entries 311 and 312.) This is a text-only entry generated by the court. (wb) (Entered: 05/13/2025) |
| 05/13/2025 | 316 | REPLY in support of Plaintiff's 11 Letter Brief to the Honorable Henry J. Bemporad by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (cnr) (Entered: 05/14/2025) |
| 05/21/2025 | 317 | ORDER **GRANTING** Plaintiffs' 276 Motion to Strike ; **GRANTING** Plaintiff's 252 Motion for Leave to File Second Supplemented Complaint; **STRIKING** Defendants' 268 Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein. Signed by Judge David A. Ezra. (cnr) (Entered: 05/21/2025) |
| 05/22/2025 | | Notice of Correction: **The Clerk has deleted the Second Supplemented Complaint filed in dkt. 318 by Clerk. Plaintiff's attorney advised the Clerk's Office on 5/22/2025 that he will be filing the Second Supplemented Complaint in compliance with the 317 order**. (cnr) (Entered: 05/22/2025) |
| 05/22/2025 | 318 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Exhibit 1 - [SEALED DOCUMENT] SECOND SUPPLEMENTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL LAWS) (Lavelle, Kevin) (Entered: 05/22/2025) |
| 05/22/2025 | 319 | Redacted Copy *SECOND SUPPLEMENTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL LAWS* of 318 Motion for leave to File Sealed Document by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Lavelle, Kevin) (Entered: 05/22/2025) |
| 05/23/2025 | | Text Order GRANTING 318 Motion for Leave to File Sealed Document. It is HEREBY ORDERED that Exhibit 1 to Plaintiffs' Motion to Seal (Dkt. # 318-2) be conditionally filed under seal. The Clerk is instructed to file Plaintiffs' Second Supplemented Consolidated Complaint for Violations of The Federal Securities Laws under seal. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 05/23/2025) |
| 05/23/2025 | 320 | *SEALED* SECOND SUPPLEMENTED CONSOLIDATED COMPLAINT for Violations of the Federal Securities Laws. (cnr) (Entered: 05/23/2025) |
| 05/30/2025 | 321 | Unopposed MOTION to Withdraw as Attorney *Plaintiffs' Unopposed Motion to Withdraw Megan A. Rossi as Counsel of Record* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order)(Rossi, Megan) (Entered: 05/30/2025) |
| 06/02/2025 | | Text Order GRANTING 321 Motion to Withdraw as Attorney. It is ORDERED that |

| | | |
|---|---|---|
| | | Attorney Megan A. Rossi is hereby terminated as counsel for lead plaintiff Mohammad Bozorgi and additional plaintiffs Ken Calderone and Manohar K. Rao. The Clerk is hereby instructed to remove attorney Megan A. Rossi from notifications and the service list. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (KClc) (Entered: 06/02/2025) |
| 06/02/2025 | <u>322</u> | ADVISORY TO THE COURT by Mohammad Bozorgis, Ken Calderone, Manohar Rao *JOINT ADVISORY TO MAGISTRATE JUDGE BEMPORAD IN ADVANCE OF DISCOVERY STATUS CONFERENCE*. (Lavelle, Kevin) (Entered: 06/02/2025) |
| 06/09/2025 | <u>323</u> | Minute Entry for proceedings held before Judge Henry J. Bemporad: Discovery Status Conference held on 6/9/2025 (Minute entry documents are not available electronically.). (Court Reporter Zoom.) Written Order to Follow. (cnr) (Entered: 06/10/2025) |
| 06/09/2025 | <u>324</u> | ORDER FOR PARTIES TO FILE A JOINT ADVISORY WITH THE COURT; **Joint advisory due on or before August 8, 2025**. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 06/10/2025) |
| 06/16/2025 | <u>325</u> | NOTICE of Attorney Appearance by Marissa Wilson on behalf of Remi Barbier, Lindsay Burns. Attorney Marissa Wilson added to party Remi Barbier(pty:dft), Attorney Marissa Wilson added to party Lindsay Burns(pty:dft) (Wilson, Marissa) (Entered: 06/16/2025) |
| 06/20/2025 | <u>326</u> | MOTION to Certify Class *Plaintiffs' Renewed Opposed Motion for Class Certification* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # <u>1</u> Proposed Order Granting Plaintiffs' Renewed Opposed Motion for Class Certification, # <u>2</u> Affidavit of Kevin A. Lavelle in Support of Plaintiffs' Renewed Opposed Motion for Class Certification, # <u>3</u> Exhibit A - Bozorgi Declaration, # <u>4</u> Exhibit B - Calderone Declaration, # <u>5</u> Exhibit C - Rao Declaration, # <u>6</u> Exhibit D - Robbins Geller Rudman & Dowd LLP Firm Resume, # <u>7</u> Exhibit E - Feinstein Report)(Lavelle, Kevin) (Entered: 06/20/2025) |
| 07/02/2025 | <u>327</u> | Response in Opposition to Motion, filed by Cassava Sciences, Inc., Eric J. Schoen, re <u>326</u> MOTION to Certify Class *Plaintiffs' Renewed Opposed Motion for Class Certification* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Costa, Gregg) (Entered: 07/02/2025) |
| 07/02/2025 | <u>328</u> | NOTICE *of Joinder* by Remi Barbier, Lindsay Burns re <u>327</u> Response in Opposition to Motion, (Cleveland, C) (Entered: 07/02/2025) |
| 07/02/2025 | <u>329</u> | *CORRECTED FILING OF DKT. <u>328</u> * NOTICE *of Joinder* by Remi Barbier, Lindsay Burns re <u>327</u> Response in Opposition to Motion, (Cleveland, C) Modified on 7/3/2025 to add docket text (cnr). (Entered: 07/02/2025) |
| 07/09/2025 | <u>330</u> | REPLY to Response to Motion, filed by Mohammad Bozorgis, Ken Calderone, Manohar Rao, re <u>326</u> MOTION to Certify Class *Plaintiffs' Renewed Opposed Motion for Class Certification* filed by Plaintiff Mohammad Bozorgis, Consol Plaintiff Manohar Rao, Plaintiff Ken Calderone (Lavelle, Kevin) (Entered: 07/09/2025) |
| 08/08/2025 | <u>331</u> | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # <u>1</u> Proposed Order Granting Agreed Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 08/08/2025) |
| 08/08/2025 | | Text Order GRANTING <u>331</u> Motion for Extension of Time to File entered by Judge Henry J. Bemporad. (This is a text-only entry generated by the court. There is no document associated with this entry.) (HJB) (Entered: 08/08/2025) |

**R.E. 54**

| 08/12/2025 | 332 | ORDER GRANTING Plaintiffs' Opposed 326 Motion for Class Certification. Signed by Judge David A. Ezra. (cnr) (Entered: 08/12/2025) |
|---|---|---|
| 08/15/2025 | 333 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad*. (Attachments: # 1 Proposed Order Granting Agreed Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 08/15/2025) |
| 08/15/2025 | | Text Order GRANTING Parties' Agreed [Second] Motion for Extension of Time to File Advisory to Judge Bemporad (Docket Entry 333) entered by Judge Henry J. Bemporad. The parties' deadline to file their Joint Advisory is EXTENDED to AUGUST 22, 2025. (See Docket Entries 324 and 331.) This is a text-only entry generated by the court. (wb) (Entered: 08/15/2025) |
| 08/22/2025 | 334 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J.Bemporad*. (Attachments: # 1 Proposed Order Granting Agreed Third Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 08/22/2025) |
| 08/22/2025 | | Text Order GRANTING Parties' Agreed Third Motion Regarding Extension of Time to File Advisory to Judge Bemporad (Docket Entry 334) entered by Judge Henry J. Bemporad. The parties' deadline to file their Joint Advisory is EXTENDED to AUGUST 27, 2025. This is a text-only entry generated by the court. (wb) (Entered: 08/22/2025) |
| 08/27/2025 | 335 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Agreed Fourth Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 08/27/2025) |
| 08/28/2025 | | Text Order GRANTING 335 Agreed Fourth Motion for Extension of Time to File entered by Judge Henry J. Bemporad. (This is a text-only entry generated by the court. There is no document associated with this entry.) (HJB) (Entered: 08/28/2025) |
| 08/29/2025 | 336 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Agreed Fifth Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 08/29/2025) |
| 09/03/2025 | | Text Order GRANTING Parties' Agreed Fifth Motion Regarding Extension of Time to File Advisory to Judge Bemporad (Docket Entry 336) entered by Judge Henry J. Bemporad. The parties' deadline to file their Joint Advisory is EXTENDED to SEPTEMBER 5, 2025. This is a text-only entry generated by the court. (wb) (Entered: 09/03/2025) |
| 09/05/2025 | 337 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Agreed Sixth Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 09/05/2025) |
| 09/05/2025 | | Text Order GRANTING Parties' Agreed Sixth Motion Regarding Extension of Time to File Advisory to Judge Bemporad (Docket Entry 337) entered by Judge Henry J. Bemporad. The parties' deadline to file their Joint Advisory is EXTENDED to SEPTEMBER 19, 2025. This is a text-only entry generated by the court. (wb) (Entered: 09/05/2025) |

**R.E. 55**

| | | |
|---|---|---|
| 09/18/2025 | 338 | Opposed MOTION to Consolidate Cases by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. (Attachments: # 1 Proposed Order)(Costa, Gregg) (Entered: 09/18/2025) |
| 09/19/2025 | 339 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Agreed Seventh Motion Regarding Extension of Time to File Joint Advisory toMagistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 09/19/2025) |
| 09/24/2025 | | Text Order GRANTING Parties' Agreed Seventh Motion Regarding Extension of Time to File Advisory to Judge Bemporad (Docket Entry 339) entered by Judge Henry J. Bemporad. The parties' deadline to file their Joint Advisory is EXTENDED to OCTOBER 3, 2025. This is a text-only entry generated by the court. (wb) (Entered: 09/24/2025) |
| 10/02/2025 | 340 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit A - Sealed Documents, # 2 Proposed Order) (Lavelle, Kevin) (Entered: 10/02/2025) |
| 10/03/2025 | 341 | Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* by Mohammad Bozorgis, Ken Calderone, Manohar Rao. (Attachments: # 1 Proposed Order Granting Agreed Eighth Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad)(Lavelle, Kevin) (Entered: 10/03/2025) |
| 10/06/2025 | 342 | ORDER Setting Video Hearing on 341 Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* : **Motion Hearing set for 10/24/2025 01:00 PM before Judge Henry J. Bemporad**. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 10/06/2025) |
| 10/09/2025 | | Text Order GRANTING 340 Motion for Leave to File Sealed Document. It is HEREBY ORDERED that Exhibit A to Plaintiffs' Motion to Seal be conditionally filed under seal. The Clerk is instructed to file Exhibit A under seal. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ASlc) (Entered: 10/09/2025) |
| 10/09/2025 | 343 | Opposed Motion for leave to File Sealed Document (Attachments: # 1 Exhibit 1 Defendants Cassava Sciences, Inc. and Eric J. Schoen's Motion to Strike Plaintiffs' Opposition to Motion to Consolidate, # 2 Exhibit 2 Declaration of Scott Campbell in Support of Motion to Strike, # 3 Proposed Order) (Costa, Gregg) (Entered: 10/09/2025) |
| 10/09/2025 | 344 | Motion for leave to File Sealed Document (Attachments: # 1 Exhibit 1 Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen's Reply in Support of Motion to Consolidate, # 2 Proposed Order) (Costa, Gregg) (Entered: 10/09/2025) |
| 10/09/2025 | 345 | *SEALED* Plaintiff's Opposition to Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen's Opposed 338 Motion to Consolidate. (cnr) (Entered: 10/10/2025) |
| 10/20/2025 | | Text Order GRANTING 343 Motion for Leave to File Sealed Document. It is HEREBY ORDERED that Exhibit 1 and Exhibit 2 to Defendants' Motion to Seal be conditionally filed under seal. The Clerk is instructed to file Exhibit 1 and Exhibit 2 under seal. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ASlc) (Entered: 10/20/2025) |
| 10/20/2025 | | |

**R.E. 56**

| | | |
|---|---|---|
| | | Text Order GRANTING <u>344</u> Motion for Leave to File Sealed Document. It is HEREBY ORDERED that Exhibit 1 to Defendants' Motion to Seal be conditionally filed under seal. The Clerk is instructed to file Exhibit 1 under seal. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ASlc) (Entered: 10/20/2025) |
| 10/20/2025 | <u>346</u> | *SEALED* Defendants Cassava Sciences, Inc. and Eric J. Schoen's Motion to Strike Plaintiff's <u>345</u> Opposition to Motion to Consolidate. (Attachments: # <u>1</u> Affidavit) (cnr) (Entered: 10/20/2025) |
| 10/20/2025 | 347 | *SEALED* Defendants Cassava Sciences, Inc., Remi Barbier, Lindsay Burns, and Eric J. Schoen's Reply in Support of <u>338</u> Motion to Consolidate. (cnr) (Entered: 10/20/2025) |
| 10/21/2025 | <u>352</u> | ORDER of USCA (certified copy) regarding Motion for Leave to Appeal under Fed. R. Civ. P. 23(f). (Attachments: # <u>1</u> Fifth Circuit Letter). (cnr) (Entered: 10/31/2025) |
| 10/21/2025 | | NOTICE OF APPEAL following <u>352</u> USCA Order (NOT Judgment/Mandate) by Remi Barbier, Lindsay Burns, Cassava Sciences, Inc., Eric J. Schoen. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a <u>(Transcript Order)</u> and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (cnr) (Entered: 10/31/2025) |
| 10/23/2025 | 348 | Motion for leave to File Sealed Document by Mohammad Bozorgis, Ken Calderone, Manohar Rao pursuant to W.D. Texas SDS procedures (pg) (Entered: 10/24/2025) |
| 10/24/2025 | <u>349</u> | Minute Entry for proceedings held before Judge Henry J. Bemporad: Motion Hearing held on 10/24/2025 re <u>341</u> Agreed MOTION for Extension of Time to File *Joint Advisory to Magistrate Judge Henry J. Bemporad* filed by Mohammad Bozorgis, Manohar Rao, Ken Calderone (Minute entry documents are not available electronically.). (Court Reporter Zoom.)(cnr) (Entered: 10/24/2025) |
| 10/24/2025 | <u>350</u> | ORDER GRANTING <u>341</u> Motion Regarding Extension of Time to File Joint Advisory to Magistrate Judge Henry J. Bemporad. It is FURTHER ORDERED that the parties must file a Sixth Joint Advisory on or before November 24, 2025, setting out the status of the parties' efforts to resolve any outstanding discovery disputes and their position as to any new disputes they wish to present to the undersigned for consideration. Signed by Judge Henry J. Bemporad. (cnr) (Entered: 10/24/2025) |
| 10/30/2025 | 351 | Sealed Motion to File Under Seal Defendants Cassava Sciences, Inc. and Eric J. Schoen's Reply in Support of Motion to Strike Plaintiffs' Opposition to Motion to Consolidate by Cassava Sciences, Inc., Eric J. Schoen pursuant to W.D. Texas SDS procedures. (cnr) (Entered: 10/31/2025) |
| 10/31/2025 | | Text Order GRANTING 348 Motion for Leave to File Sealed Document. It is HEREBY ORDERED that Exhibit 1 to Plaintiffs' Motion to Seal be conditionally filed under seal. The Clerk is instructed to file Exhibit 1 under seal. Entered by Judge David A. Ezra. (This is a text-only entry generated by the court. There is no document associated with this entry.) (ASlc) (Entered: 10/31/2025) |

# TAB 2

FILED
October 21, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _Christian Rodriguez_
                              DEPUTY

# United States Court of Appeals for the Fifth Circuit

A True Copy
Certified order issued Oct 21, 2025

*Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2025

Lyle W. Cayce
Clerk

—————————

No. 25-90021

—————————

Mohammad Bozorgi; Ken Calderone; Manohar K. Rao, *Individually and on Behalf of All Others Similarly Situated*; All persons or entities who, between September 14, 2020 and October 12, 2023, purchased or otherwise acquired Cassava Sciences, Inc. securities,

*Plaintiffs—Respondents,*

*versus*

Cassava Sciences, Incorporated; Remi Barbier; Eric J. Schoen; Lindsay Burns,

*Defendants—Petitioners.*

———————————————————

Motion for Leave to Appeal
under Fed. R. Civ. P. 23(f)
USDC No. 1:21-CV-751

———————————————————

UNPUBLISHED ORDER

Before Smith, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:

25-50855.6363

No. 25-90021

IT IS ORDERED that the motion for leave to appeal under Fᴇᴅ. R. Cɪᴠ. P. 23(f) is GRANTED.[1]

---

[1] Judges Smith and Oldham grant.  Judge Haynes would deny.

R.E. 59

TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § § | No. 1:21-cv-00751-DAE |
| _____ | § § | |
| This Document Relates to: | § § | |
| ALL ACTIONS | § | |

ORDER

Before the Court is Plaintiffs' Renewed Motion for Class

Certification, filed on June 20, 2025 (Dkt. # 326), and the associated response and

reply briefs.  Upon careful consideration of memoranda filed in support of and in

opposition to the motions, the Court **GRANTS** Plaintiffs' Motion for Class

Certification.

BACKGROUND

Named Plaintiffs Mohammad Bozorgi, Ken Calderone, and Manohar

Rao ("Plaintiffs") bring this securities fraud class action against Defendants

Cassava Sciences, Inc. ("Cassava") and its executives Remi Barbier, Dr. Lindsay

Burns, Dr. Nadav Friedmann, and Eric Schoen ("Individual Defendants").

Plaintiffs seek to certify a class of all purchasers of Cassava common stock and call

options between September 14, 2020 and October 12, 2023, inclusive ("Class

Period").

1

I.    Allegations

Plaintiffs allege the following in their Second Supplemented

Consolidated Complaint (Dkts. ## 319, 320) ("Complaint") and pleadings:

Cassava is a small Austin, Texas-based clinical-stage

biopharmaceutical company engaged in developing drugs for the treatment of

neurodegenerative diseases, such as Alzheimer's disease.  (Dkt. # 319 at ¶ 73.)

During the Class Period, Cassava's common stock traded on the NASDAQ Stock

Market under the name "SAVA."  (Id. at ¶ 55.)  In 2011, Cassava developed its lead

product candidate, simufilam, "an experimental small molecule drug for the

treatment of Alzheimer's."  (Id. at ¶ 80.)  Because millions of people worldwide

suffer from Alzheimer's disease, analysts estimated that, "if successful,

simufilam could generate nearly $10 billion in annual revenue by 2033."  (Id. at

¶ 81.)

Since Cassava commenced operations in 1998, however, neither it nor

its predecessor, Pain Therapeutics, has "produced a single drug approved for

commercial sale or generated any revenue from product sales."  (Id. at ¶ 82.)

Cassava has incurred "significant net losses in each period since [its] inception."

(Id.)  It is therefore "heavily dependent on the success of simufilam," and if its

"product candidates do not receive regulatory approval, Cassava will be unable to

generate product revenue."  (Id.)

**R.E. 61**

In September 2019, Cassava conducted a Phase 2b study to assess simufilam's efficacy. (Id. at ¶ 89.) On May 15, 2020, Cassava announced that the Phase 2b study was unsuccessful, and its stock price fell sharply. (Id. at ¶ 90.) It is alleged the Individual Defendants "were incentivized to pump up Cassava's stock price following the unsuccessful Phase 2b results." (Id. at ¶ 91.) It is also alleged that between September 14, 2020 and October 12, 2023, Defendants engaged in a fraudulent scheme to promote simufilam "by concealing facts that undermined the integrity of Cassava's research." (Dkt. # 326 at 10.) Defendants used research tainted by extensive data manipulation to obtain National Institutes of Health ("NIH") grants and publish in peer-reviewed journals as part of a strategy to validate its "unique scientific approach." (Dkt. # 319 at ¶¶ 85–88, 144–222.) Defendants then exploited their relationship with the NIH and academic journals to entice the market, telling investors: "You don't have to take our word for it. The underlying science is published in a number of peer reviewed journals and benefits from multiple recent clinical and non-clinical research grants from the NIH." (Id. at ¶ 280.)

"Throughout the Class Period, Defendants carried out their scheme, repeatedly assuring investors of simufilam's results, while failing to disclose that Cassava's research was built on concealed data manipulation, significant anomalies, and intractable conflicts of interest." (Dkt. # 326 at 10.) On September

**R.E. 62**

14, 2020, Cassava filed a Form 8-K with the SEC and attached a press release announcing that an "outside lab" conducted a "reanalysis" of Cassava's previously failed Phase 2b clinical trial and "found significant improvement in Alzheimer's biomarkers – the exact opposite of the initial analysis." (Id. at 11.) Defendants then declared the original unsuccessful results invalid due to "anomalous data." (Id.) But they concealed that the Phase 2b "reanalysis" results were themselves anomalous and built on flawed science to capture cash payments tied to short-term increases in Cassava's stock price. (Id.) The Phase 2b reanalysis was conducted not by an outside lab but by Dr. Hoau-Yan Wang, "a highly conflicted member of Cassava's own product development team on the Company's payroll."[1] (Id.)

　　　　After the press release and an investor conference call, Cassava's stock price increased 133.4% or $4.43 per share, from $3.32 to $7.75, on September 14, 2020. (Dkt. #319 at ¶ 279.) Over the next few months, Defendants continued to tout the effectiveness of simufilam in press releases, SEC filings, and scientific journals. (Id. ¶¶ 280–95.) After each of these public statements, Cassava's stock skyrocketed. (Id.) For example, a little over a week after

---

[1] Wang is an Associate Medical Professor at the City University of New York ("CUNY") School of Medicine and is a member of Cassava's scientific advisory board, a Cassava consultant, and the co-inventor of simufilam. (Dkt. # 319 at ¶ 57.)

**R.E. 63**

Cassava's February 2, 2021 press release, Cassava's stock rose approximately 383%. (Id. ¶ 296.)

Defendants allegedly made false and misleading statements about simufilam studies at health conferences in April and June 2021. (Id. at ¶¶ 306–11.) On July 26, 2021, Defendants presented the Phase 2b trial results at an Alzheimer's Association International Conference ("AAIC") and issued a press release. (Id. at ¶¶ 218, 219, 312–14.) The presentation and press release contained false and misleading statements and concealed the removal of a "key" biomarker data point, a "serious and intentional action" that inflated the significance of the results. (Dkt. # 326 at 11.) On August 18, 2021, attorney Jordan A. Thomas filed a Citizen Petition with the FDA on behalf of then-unnamed individuals, citing "grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate." (Dkt. # 319 at ¶ 105.) The petition contained a 42-page technical report, later revealed to have been created by two scientists, Drs. David Bredt and Geoffrey Pitt, outlining "a series of anomalies" in Cassava's published research "that strongly suggests systemic data manipulation." (Id.) Shortly after the Citizen Petition was publicized, members of the scientific community began reviewing the petition's findings and validating the concerns it raised, as well as identifying "new errors and anomalies that strongly suggest

**R.E. 64**

scientific misconduct in their reports about both preclinical and clinical data." (Id. at ¶ 110.)

On August 25, 2021, Cassava issued a press release in response to the Citizen Petition denying all wrongdoing and calling the petition "fiction." (Id.) The release stated that the plasma p-tau data presented to the AAIC "was generated by Quanterix, an independent company." (Id. at ¶¶ 316–17.) Despite Cassava's denials of wrongdoing, its stock price fell 39.9% between August 25 and August 26, 2021. (Id. at ¶¶ 15, 497.)

On August 27, 2021, Quanterix issued a press release clarifying that it "did not interpret the test results or prepare the data charts presented by Cassava" in the AAIC presentation. (Id. at ¶¶ 16, 323.) On this news, Cassava's share price fell 17.66%. (Id. at ¶¶ 17, 499.) "Defendants sought to stem the losses, and again provided doctored data to the scientific journals investigating the misconduct allegations in order to obtain exonerations that Defendants then disseminated to the market." (Dkt. # 326 at 12.)

On October 12, 2023, an article in Science magazine released the results of a CUNY investigation into the alleged misconduct at Wang's lab. (Id.) The article "revealed that no original data had been provided by Burns or Wang in the investigation, thus revealing not only that Defendants could not have provided original data to the journals, as Cassava claimed, but that there was no original data

6

**R.E. 65**

for any of the Cassava research at issue." (Id.)  Cassava's stock price again fell over 30%, "further damaging Class members and ending the Class Period."  (Id.)

II.  Procedural History

On August 27, 2021, Plaintiff Pierre Brazeau filed in this Court the first securities fraud class action against Cassava, which was followed by four more.  (Dkt. # 1.)  On June 30, 2022, the District Court consolidated the cases and appointed Mohammad Bozorgi as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.  (Dkts. ## 58-59.)

In their Complaint, Plaintiffs assert two securities fraud claims against Defendants under the Securities Exchange Act of 1934 ("Exchange Act"): (1) a claim against all Defendants under § 10(a) and its implementing rule, Rule 10b-5, which prohibit material misrepresentations and omissions in connection with the sale of securities; and (2) a control liability claim against the Individual Defendants under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).  Plaintiffs seek monetary damages and attorney's fees and costs.

On October 25, 2022, Defendants moved to dismiss Plaintiffs' claims under Rule 12(b)(6).  (Dkt. # 81.)  The Court denied the motion on all grounds except as to Defendant Friedmann; because he died after this case was filed, he was dismissed under Rule 25(a)(1).  (Dkt. # 104 at 32.)

**R.E. 66**

On August 5, 2024, the District Court appointed U.S. Magistrate Judge Henry Bemporad as Special Discovery Master to handle discovery disputes. (Dkt. # 203 at 2.) On June 27, 2024, Wang was indicted in U.S. District Court for the District of Maryland on felony charges of major fraud against the United States, wire fraud, and making false statements. United States v. Hoau-Yan Wang, No. 8:24-cr-00211-TDC (D. Md. June 27, 2024). The indictment alleges that Wang fabricated simufilam research results to obtain funding from the NIH. (Dkt. # 319 at Supp. ¶ 8–9.)

On September 26, 2024, the SEC filed securities fraud charges against Defendants Cassava, Barbier, and Burns. (Dkt. # 319, Supp. at ¶ 20); SEC v. Cassava Scis., Inc., No. 1:24-cv-01150-DAE (W.D. Tex. Sept. 26, 2024). The parties settled. (Id. at Dkt. # 3.) Defendants are enjoined from violating securities laws and must pay civil penalties of $40 million (Cassava), $175,000 (Barbier), and $85,000 (Burns). (Id. at Dkts. ## 5–7.)

III.    Motion for Class Certification

On March 13, 2024, Plaintiffs filed their first Opposed Motion to Certify Class. (Dkt. # 148.) On November 15, 2024, Magistrate Judge Susan Hightower issued a Report and Recommendation (the "Recommendation") on the motion, recommending that the District Court grant Plaintiff's Motion to Certify

**R.E. 67**

Class.  (Dkt. # 254.)  In the Recommendation, Magistrate Judge also denied

Defendants' Motion for an Evidentiary Hearing.  (Id. at 7.)

After the Recommendation was issued, Defendants filed a Motion to

Exclude Class Certification Expert Testimony on November 27, 2024.[2]  (Dkt.

# 268.)  Plaintiffs subsequently filed a Motion to Strike said motion to exclude as

untimely on December 11, 2024.  (Dkt. # 276.)  On February 25, 2025, the Court

denied without prejudice Plaintiffs' Motion for Class Certification (Dkt. # 148)

given the numerous changes in circumstances and newly raised arguments that the

parties suggested could affect the disposition of the class certification.  (Dkt.

# 302.)

On May 21, 2025, the Court issued an Order (Dkt. # 317), granting

Plaintiffs' Motion for Leave to File Second Supplemented Complaint and the

Motion to Strike Defendants' Motion to Exclude the Class Certification Testimony

---

[2] The Court notes the Defendants filed Objections to the Magistrate Judge's Report and Recommendation on November 29, 2024.  (Dkt. # 270.)  In the Objections, Defendants made the same arguments with respect to Plaintiffs' expert Dr. Feinstein as were included in their Motion to Exclude the Class Certification Testimony of Dr. Steven Feinstein.  (Dkt. # 268.)  On May 21, 2025, the Court granted Plaintiffs' Motion to Strike said motion to exclude, concluding that Defendants' motion was an attempt to rehash arguments already made and considered in the prior class certification briefings regarding Dr. Feinstein.  (Dkt. # 317 at 12.)  Thus, the Court overrules those objections as already having been addressed.  After having thoroughly reviewed the remaining objections under a de novo standard, the Court concludes they are without merit.  See 28 U.S.C. § 636(b)(1)(C).

25-50855.6240

of Dr. Steven Feinstein.  The Court instructed Plaintiffs to refile their Motion for

Class Certification.  (Id. at 13.)  The Court ordered that the filing should solely

incorporate the existing class certification briefing in this Court's docket upon

which was considered in the Report and Recommendation, filed on November 15,

2024.  (Id.)  The Court advised that no new arguments, evidence, or non-existing

briefing shall be filed by any parties with respect to the renewed Motion for Class

Certification.  (Id.)

      Plaintiffs filed their Second Supplemented Complaint on May 22,

2025.  (Dkt. # 319.)  On June 20, 2025, Plaintiffs filed their Renewed Motion for

Class Certification, which is a copy of Plaintiff's original Motion for Class

Certification filed on March 13, 2024.  (Dkt. # 326; see also Dkt. # 148.)

Defendants Cassava Sciences, Inc. and Eric J. Schoen (the "Cassava Defendants")

filed their response to the renewed motion on July 2, 2025.  (Dkt. # 327.)  The

Cassava Defendants incorporated all such filings in the record, and all record

evidence submitted with those filings, by reference.  (See Dkts. ## 179; 215; 218;

227; 228; 234; 241; 242; 268; 270; 282; 284.)  The Court notes that on May 21,

2025, Magistrate Judge Hightower granted Plaintiffs' Motion to Strike the

Defendants' Motion to Exclude the Class Certification Testimony of Dr. Steven

Feinstein (Dkt. # 276) and struck Defendants' Motion to Exclude (Dkt. # 268) from

the record.  (See Dkt. # 317 at 12–13.)

**R.E. 69**

Plaintiffs now move for class certification under Rule 23 and ask the Court to (1) certify a class of all purchasers of Cassava Securities during the Class Period; (2) appoint Plaintiffs as Class Representatives; and (3) appoint Lead Counsel Robbins Geller to serve as Class Counsel. (Dkt. # 326 at 8.) Defendants oppose the Motion, arguing that Plaintiffs have not met all Rule 23 requirements.

<u>LEGAL STANDARDS</u>

The class action lawsuit is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." <u>Califano v. Yamasaki</u>, 442 U.S. 682, 700-01 (1979). To "justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 348-49 (2011) (citation omitted). Rule 23, which governs certification of class actions, "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." <u>Id.</u> at 349.

Under Rule 23(a), the party seeking certification of a class action must first demonstrate that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. If the proposed class meets all those elements, the moving

11

party must satisfy at least one of the three requirements listed in Rule 23(b).

Dukes, 564 U.S. at 345.  Plaintiffs here rely on Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

District courts have "substantial discretion in determining whether to certify a class action." Allison v. Citgo Petroleum Corp., 151 F.3d 402, 408 (5th Cir. 1998).  A district court's decision to certify a class is reviewed for abuse of discretion, "in recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation." Sampson v. United Servs. Auto. Ass'n, 83 F.4th 414, 418 (5th Cir. 2023) (citation omitted).  A district court's class certification analysis must be "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim." Dukes, 564 U.S. at 351.  But Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage.  Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds, 568 U.S. 455, 466 (2013).

**R.E. 71**

25-50855.6243

Rule 23 "is a remedial rule which should be construed liberally to permit class actions, especially in the context of securities fraud suits, where the class action device can prove effective in deterring illegal activity." In re Enron Corp. Secs., 529 F. Supp. 2d 644, 670 (S.D. Tex. 2006) (quoting Longden v. Sunderman, 123 F.R.D. 547, 551 (N.D. Tex. 1988)); see also Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 482 F.2d 880, 883 (5th Cir. 1973) ("We recognize that the Rule 23(b)(3) suit has been one of the principal weapons against fraud in securities transactions."); Shaw v. Toshiba Am. Info. Sys., Inc., 91 F. Supp. 2d 942, 958 (E.D. Tex. 2000) ("Class certification in securities cases is practically routine.").

## DISCUSSION

I.    Rule 23 Threshold Requirements

Plaintiffs seek to certify a class of "all purchasers or acquirers of Cassava common stock or call options on Cassava common or sellers of put options on Cassava common stock ('Cassava Securities') between September 14, 2020 and October 12, 2023." (Dkt. # 326 at 12.) Plaintiffs argue that they have met all the threshold requirements (numerosity, commonality, typicality and adequacy of representation) under Rule 23(a). They submit an Expert Report[3]

_____

[3] Rather than incorporating by reference the previous Motion for Class Certification (Dkt. # 148), Plaintiffs refiled the Motion as instructed by the Court and included the same exhibits from its prior motion in (Dkt. # 326.) However,

**R.E. 72**

(Dkt. # 326-7) and Rebuttal Expert Report (Dkt. # 209-5) from Professor Steven P. Feinstein, Ph.D.  Defendants dispute only typicality and rely on an Expert Report from Dr. Rene M. Stulz, Ph.D.  (Dkt. # 242 at 6–158).

Although Defendants dispute only the typicality requirement, the Court must determine whether Plaintiffs have satisfied each of the requirements under Rule 23(a).  See Vizena v. Union Pac. R. Co., 360 F.3d 496, 503 (5th Cir. 2004) ("[I]t is improper for a district court to certify a class action without first demonstrating that the plaintiff has satisfied each of the requirements of Rule 23."); Stirman v. Exxon Corp., 280 F.3d 554, 563 (5th Cir. 2002) ("Even if [Defendant] had stipulated to certification, the court was bound to conduct its own thorough Rule 23(a) inquiry.").

A.     Numerosity

To meet the numerosity requirement, Plaintiffs must show that "the class is so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1).  "Plaintiffs need not prove the precise number of members in a class, but 'must ordinarily demonstrate some evidence or a reasonable estimate of the number of purported class members.'"  Enron, 529 F. Supp. 2d at 672 (quoting Zeidman v. J. Ray McDermott & Co., 651 F.2d 1030, 1038 (5th Cir. 1981)).  This

---

where this Order cites to evidence not included in Plaintiffs' renewed filing of the Motion, the Court shall cite to the class certification briefing and evidence as it exists throughout the record.

prerequisite "is generally assumed to have been met in class action suits involving nationally traded securities." Zeidman, 651 F.2d at 1039.

The Proposed Class consists of "all purchasers or acquirers" of Cassava Securities between September 14, 2020 and October 12, 2023. (Dkt. # 326 at 12.) Plaintiffs submit evidence that during the Class Period, Cassava common stock traded on the NASDAQ with an average weekly trading volume of 17.2 million shares and at least 443 institutional shareholders, suggesting a potentially massive class of individual investors. (Dkt. # 326-7 at ¶¶ 80, 89, 100.) This evidence shows that the Proposed Class is sufficiently numerous that joinder of all class members is impracticable. See Rooney v. EZCORP, Inc., 330 F.R.D. 439, 445 (W.D. Tex. 2019) (numerosity requirement met when defendant had more than 50 million shares of common stock outstanding and the average weekly trading volume on NASDAQ was roughly 2.7 million shares); KB Partners I, L.P. v. Barbier, No. A-11-CA-1034-SS, 2013 WL 2443217, at *11 (W.D. Tex. June 4, 2013) (numerosity requirement met when two million shares of common stock were traded on NASDAQ weekly); Lehocky v. Tidel Techs., Inc., 220 F.R.D. 491, 499 (S.D. Tex. 2004) (numerosity requirement met when corporation had more than 17 million shares of common stock outstanding).

B.   Commonality

15

**R.E. 74**

Commonality requires "questions of law or fact common to the class." FED. R.CIV. P. 23(a)(2).  It requires "a common legal contention capable of class-wide resolution."  Flecha v. Medicredit, Inc., 946 F.3d 762, 767 (5th Cir. 2020) (citing Dukes, 564 U.S. at 349-50).

Plaintiffs assert claims under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that they and the Proposed Class paid artificially inflated prices for Cassava Securities based on Defendants' false and misleading statements about simufilam.  Plaintiffs contend that they and the Proposed Class would not have purchased or acquired Cassava Securities at the prices they paid – or at all – had they been aware that the market prices were artificially and falsely inflated by Defendants' misleading statements.  Plaintiffs allege that as result of Defendants' wrongful conduct, they and the Proposed Class suffered damages in connection with their purchases or acquisitions of Cassava Securities during the Class Period. These allegations implicate multiple questions of law and fact common to the Class, including (1) whether Defendants violated the Exchange Act and Rule 10b-5; (2) whether Defendants omitted or misrepresented material facts; (3) whether the price of Cassava Securities was artificially inflated during the Class Period; (4) whether the Individual Defendants were control persons under §20(a); and (5) whether the Proposed Class members suffered damages.

16

25-50855.6247

The Court finds that there are common questions of law and fact sufficient to meet the commonality element.  See Rooney, 330 F.R.D. at 445-46 (finding commonality in securities fraud allegations when allegations implicated common questions to the class, including whether Defendants violated securities laws, whether Defendants acted with scienter, and the extent to which market price was affected by various public statements and disclosures); Barbier, 2013 WL 2443217, at *11 (finding commonality satisfied when "every class member's allegations of securities fraud arise from the same basic set of facts").

C.     Typicality

The typicality requirement demands that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a).  The test for typicality "is not demanding."  Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th Cir. 1999).  Typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent."  Stirman v. Exxon Corp., 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted).

> A complete identity of claims is not required; rather, the critical inquiry is whether the named plaintiff's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

17

**R.E. 76**

Angell v. GEICO Advantage Ins., 67 F.4th 727, 736 (5th Cir. 2023) (cleaned up);
see also Ibe v. Jones, 836 F.3d 516, 528-29 (5th Cir. 2016) ("The typicality inquiry
rests less on the relative strengths of the named and unnamed plaintiffs' cases than
on the similarity of legal and remedial theories behind their claims.").

   Defendants argue that Plaintiffs' claims are atypical of the Class
because unlike the Proposed Class members, Plaintiffs "did not purchase Cassava
stocks or options in reliance on Defendants' representations."  (Dkt. # 241 at 41.)
Defendants assert that "Plaintiffs instead placed reckless, short-term bets hoping to
profit off Cassava's volatility.  These high-risk trades—which frequently involved
holding positions for less than a day—were disconnected from any representations
by Defendants."  (Id.)  They contend that Plaintiffs' trading behavior "confirms
that each named Plaintiff was a meme stock trader out to make a quick buck."  (Id.)
For example, Defendants point out that Plaintiff Calderone continued to buy
Cassava stock after this case was filed because he believed the stock was
undervalued.  (Id. at 44.)  Defendants also argue that Plaintiffs' damages claims
raise unique issues atypical of the class, arguing that Calderone's damages
stemmed from the July 30, 2021 stock drop, which was not associated with any
alleged misrepresentation; Bozorgi's damages were caused by his broker
liquidating his Cassava stock at an inopportune time; and Rao's losses were
attributable to his risky options bet.  (Dkt. # 241 at 46.)  Defendants argue that

Plaintiffs' "trading patterns 'raise individualized questions regarding why they

made their investments . . . and whether they have negative loss causation,'

defeating typicality." (Id.) (quoting IBEW Loc. 90 Pension Fund v. Deutsche

Bank AG, 2013 WL 5815472, at *22 (S.D.N.Y. Oct. 29, 2013)).

      The Court finds that Defendants' allegations do not defeat typicality.

First, the District Court has rejected Defendants' arguments that Plaintiffs' claims

are atypical of the Class because they are "day traders" and "in-and-out" traders.

See Order Appointing Lead Plaintiff, (Dkt. #59 at 10) ("Mr. Barsa fails to show

that Mr. Bozorgi's twenty-seven trades during a 347-day class period constitutes

in-and-out trading or makes him a day trader such that he lacks typicality or

adequacy."). Nor does the presence of an arguably unique defense necessarily

destroy typicality. Feder v. Elec. Data Sys. Corp., 429 F.3d 125, 137 (5th Cir.

2005). While Plaintiffs' damages may be different than some of the Proposed

Class, "such differences are typical in securities-fraud cases and do not render a

lead plaintiff atypical." Barbier, 2013 WL 2443217, at *13 (rejecting argument

that named plaintiff's damages were atypical of class because he was forced to sell

his shares due to a margin call) (collecting cases).

      Courts have rejected Defendants' argument that the purchase of a

company's stock after disclosure of alleged fraud necessarily precludes typicality.

See Feder, 429 F.3d at 138 ("We reject the argument that a proposed class

representative in a fraud-on-the-market securities suit is as a matter of law categorically precluded from meeting the requirements of Rule 23(a) simply because of a post-disclosure purchase of the defendant company's stock.").[4] Courts have also rejected arguments that the named plaintiffs and proposed class both must have relied on misrepresentations to show typicality. "Even in the absence of direct reliance . . . investors may rely on the fraud-on-the-market theory to establish the reliance element." Barbier, 2013 WL 2443217, at *11 (rejecting argument that plaintiff's direct reliance on alleged misrepresentations made him atypical of the class when proposed class relied on fraud on the market theory). Because Plaintiffs rely on the fraud on the market theory, Defendants' argument is misplaced.

The Court finds that Plaintiffs' claims are typical of the Proposed Class because the claims arise from the same alleged fraudulent scheme by Defendants and are based on the same legal theories. See Angell, 67 F.4th at 736

---

[4] See also In re NIO, Inc. Secs. Litig., No. 19-CV-1424-NGG, 2023 WL 5048615, at *8 (E.D.N.Y. Aug. 8, 2023) ("[T]he court determines that [plaintiff's] post-class period trading does not give rise to a unique defense, let alone one that would distract from the trial."); Lehocky, 220 F.R.D. at 501-02 (finding that "courts have ruled that purchases of stock by the class representatives after negative announcements during the class period or even after the close of the class period do not destroy typicality" and that "the key typicality inquiry is whether a class representative would be required to devote considerable time to rebut Defendants' claims."); Rubenstein v. Collins, 162 F.R.D. 534, 538 (S.D. Tex. 1995) (rejecting defendant's argument that plaintiffs were atypical of class because they were sophisticated investors).

**R.E. 79**

("If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.").  As stated, complete identity of claims is not required to show typicality.  Id.

D.    Adequacy of Representation

To meet the adequacy requirement, Plaintiffs must show that they "will fairly and adequately protect the interests of the class."  FED. R. CIV. P. 23(a).  Courts consider three factors when adjudging the adequacy of named plaintiffs: (1) the zeal and competence of the representatives' counsel; (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees; and (3) the risk of conflicts of interest between the named plaintiffs and the class they seek to represent. Angell, 67 F.4th at 737.

The Court finds that all three factors are satisfied.  Plaintiffs' interests are identical to the interests of the Proposed Class, and no conflicts have been identified by the parties.  Plaintiffs have also shown a willingness and ability to take an active role in and control the litigation and to protect the interests of the Proposed Class over three years of this litigation.  And Plaintiffs' attorneys have

**R.E. 80**

25-50855.6252

extensive experience litigating securities' fraud class actions.  Courts in this

District have found them to be zealous and competent counsel.[5]

II.    Predominance

Because Plaintiffs have met the threshold requirements under Rule

23(a), the Court next determines whether Plaintiffs satisfy the predominance and

superiority elements.

Rule 23(b)(3) requires that, before a class is certified under that

subsection, a court must find that "questions of law or fact common to class

members predominate over any questions affecting only individual members."  The

predominance inquiry "tests whether proposed classes are sufficiently cohesive to

warrant adjudication by representation."  Amchem Prods., Inc. v. Windsor, 521

U.S. 591, 623 (1997).

> This calls upon courts to give careful scrutiny to the
> relation between common and individual questions in a
> case. An individual question is one where members of a
> proposed class will need to present evidence that varies
> from member to member, while a common question is one
> where the same evidence will suffice for each member to
> make a prima facie showing or the issue is susceptible to
> generalized, class-wide proof. . . . When one or more of

---

[5] See Firm Resume, (Dkt. # 326-6); Order Appointing Lead Plaintiff and
Approving Selection of Counsel, (Dkt. # 59 at 10-11) ("Mr. Bozorgi selected
Robbins Geller as lead counsel in this case, and the Court is convinced the firm is
fully capable of litigating this case skillfully and zealously."); City of Pontiac Gen.
Emps.' Ret. Sys. v. Dell Inc., No. A-15-CV-374-LY, 2018 WL 1558571, at *4
(W.D. Tex. Mar. 29, 2018) (finding that plaintiffs met adequacy requirement where
Robbins Geller represented class as class counsel).

**R.E. 81**

> the central issues in the action are common to the class and
> can be said to predominate, the action may be considered
> proper under Rule 23(b)(3) even though other important
> matters will have to be tried separately, such as damages
> or some affirmative defenses peculiar to some individual
> class members.

Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453 (2016) (cleaned up).

The predominance analysis "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." Chavez v. Plan Benefit Servs., Inc., 108 F.4th 297, 316 (5th Cir. 2024) (quoting Bell Atl. Corp. v. AT&T Corp., 339 F.3d 294, 302 (5th Cir. 2003)).  The predominance requirement, "though redolent of the commonality requirement of Rule 23(a), is 'far more demanding' because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" Id.  (quoting Gene & Gene LLC v. BioPay LLC, 541 F.3d 318, 326 (5th Cir. 2008)).

A.    Substantive Issues in Dispute

As stated, Plaintiffs assert claims under Section 10(b) of the Exchange Act, its implementing regulation Rule 10b-5, and Section 20(a) of the Exchange Act.  The substantive issues that will control the outcome of this case are the required elements under each of these claims.

23

i.    <u>Section 20(a)</u>

Plaintiffs assert a control-person liability claim against the Individual Defendants under § 20(a) of the Exchange Act: "Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable."  15 U.S.C. § 78t(a).

Section 20(a) is a secondary liability provision, so Plaintiffs must establish a primary violation under § 10(b) before liability arises under § 20(a). <u>Alaska Elec. Pension Fund v. Flotek Indus., Inc</u>., 915 F.3d 975, 986 (5th Cir. 2019). If predominance is satisfied with respect to the Section 10(b) claim, it is also satisfied for the Section 20(a) claim.  <u>In re Synchrony Fin. Secs. Litig.</u>, No. 3:18-CV-1818 (VAB), 2023 WL 1503032, at *7 n.3 (D. Conn. Feb. 3, 2023); see also <u>Rougier v. Applied Optoelectronics, Inc.</u>, No. 4:17-CV-02399, 2019 WL 6111303, at *8 (S.D. Tex. Nov. 13, 2019) ("Because § 20(a) requires proof of an underlying violation of § 10(b) and Rule 10b-5, the elements of the claims overlap and will be subject to the same class-wide proof."), <u>R. & R. adopted</u>, 2019 WL 7020349 (S.D. Tex. Dec. 20, 2019).  The Court focuses its inquiry on the § 10(b) claim.  In addition, the substantive issue of whether the Individual Defendants had actual power over Cassava and participated in or induced the fraud "will be proven by the

Individual Defendants' conduct, not by the conduct of any Class Members."

Rougier, 2019 WL 6111303, at *8.  Common questions of law and fact will

predominate with respect to Section 20(a) claims.  Id.

      ii.      Section 10(b)

To recover for violations of § 10(b) and Rule 10b-5, which prohibit

material misstatements or omissions in connection with the purchase or sale of any

security, Plaintiffs must prove (1) a material misrepresentation or omission by

Defendants (2) made with scienter; (3) a connection between the misrepresentation

or omission and the purchase or sale of a security; (4) reliance on the

misrepresentation; (5) economic loss; and (6) loss causation.[6]  Amgen, 568 U.S. at

461.  Defendants do not dispute that Plaintiffs have met the first three elements, but

argue that Plaintiffs do not show common issues of fact and law will predominate

as to the elements of reliance and economic loss.

      B.      Reliance

Whether common questions of law or fact predominate in a securities

fraud action often turns on the element of reliance.  Halliburton I, 563 U.S. at 810.

> Reliance by the plaintiff upon the defendant's deceptive
> acts is an essential element of the § 10(b) private cause of
> action. This is because proof of reliance ensures that there
> is a proper connection between a defendant's
> misrepresentation and a plaintiff's injury. The traditional

---

[6] Plaintiffs need not show loss causation at the class certification stage.  Erica P. John Fund, Inc. v. Halliburton Co., 563 U.S. 804, 813 (2011) (Halliburton I).

**R.E. 84**

> (and most direct) way a plaintiff can demonstrate reliance
> is by showing that he was aware of a company's statement
> and engaged in a relevant transaction—e.g., purchasing
> common stock—based on that specific misrepresentation.
> In that situation, the plaintiff plainly would have relied on
> the company's deceptive conduct. A plaintiff unaware of
> the relevant statement, on the other hand, could not
> establish reliance on that basis.

Id. (citations omitted).

Investors may prove reliance under Section 10(b) of the Exchange Act by invoking a rebuttable presumption of reliance based on the fraud on the market theory, which holds that "the market price of shares traded on well-developed markets reflects all publicly available information, and, hence, any material misrepresentations." Basic Inc. v. Levinson, 485 U.S. 224, 246 (1988). Rather than scrutinize every piece of public information about a company, an investor "who buys or sells stock at the price set by the market does so in reliance on the integrity of that price" – the belief that it reflects all public, material information. Id. at 247. As a result, whenever the investor buys or sells stock at the market price, the investor's "reliance on any public material misrepresentations . . . may be presumed for purposes of a Rule 10b-5 action." Id.

To invoke the Basic presumption of reliance, a plaintiff must demonstrate: "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and

26

when the truth was revealed." Halliburton Co. v. Erica P. John Fund, Inc., 573

U.S. 258, 268 (2014) (Halliburton II).  The presumption of reliance is rebuttable.

Id.  A defendant "may rebut the presumption at class certification by showing 'that

an alleged misrepresentation did not actually affect the market price of the stock.'"

Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys., 594 U.S. 113, 119 (2021)

(quoting Basic, 485 U.S. at 248).  The defendant bears the burden of persuasion to

prove lack of price impact.  Id.

### i.    Basic Factors

Plaintiffs argue that they have met all relevant Basic factors[7] and are

entitled to a classwide fraud on the market presumption of reliance.  Defendants do

not dispute, and the Court finds, that Plaintiffs have established the first and fourth

Basic requirements: The alleged misrepresentations by Defendants were publicly

made,[8] and Plaintiffs purchased Cassava Securities after the alleged

---

[7] The Supreme Court clarified in Golman Sachs that class action plaintiffs need
only prove the prerequisites of publicity, market efficiency, and market timing
before class certification, while the materiality element "should be left to the merits
stage."  594 U.S. at 119.

[8] Plaintiffs show that Defendants made repeated public misrepresentations about
simufilam in press releases, presentations and conference calls, SEC filings, and
published papers and journals during the Class Period.  (Dkt. # 319 ¶¶ 268-362,
386-419) (summary of misrepresentations made in press releases, conference calls,
SEC filings, and published papers and journals); (Dkts. ## 209-6–209-9)
(Cassava's press releases); (Dkt. # 326-7 at 15-20) (Feinstein's summary of
misrepresentations).  See Rooney, 330 F.R.D. at 448 (plaintiffs met publicly known

27

misrepresentations were made.[9]  But Defendants argue that Plaintiffs have not

shown that Cassava Securities were traded in an "efficient market" during the

Class Period.

An efficient capital market is one in which the price of the stock at a

given time is the best estimate of its future price.  Finkel v. Docutel/Olivetti Corp.,

817 F.2d 356, 360 n.8 (5th Cir. 1987).  "Hence, in an efficient market, a stock's

price remains relatively stable in the absence of news, and changes very rapidly as

the market receives new and unexpected information."  Krogman v. Sterritt, 202

F.R.D. 467, 477 (N.D. Tex. 2001).  "Absent an efficient market, individual reliance

by each plaintiff must be proven, and the proposed class will fail the predominance

requirement."  Unger v. Amedisys Inc., 401 F.3d 316, 322 (5th Cir. 2005).

Courts in the Fifth Circuit rely on several factors to determine whether

a stock traded in an efficient market:

---

element when misrepresentations were made in company press releases, SEC
filings, and conference calls).

[9] Plaintiffs show that they purchased Cassava Securities after Defendants' alleged
misrepresentations.  (Dkt. # 326-3-326-5 at ¶¶ 2) (declarations of stock purchases);
(Dkt. # 176 at ¶¶ 47, 52-54, 514-15) (allegations of stock purchases); (Id. at 179-
84) (charts of stock purchases); (Bozorgi Tr. at 196:23-197:5, Dkt. # 209-13 at 6-
7); (Calderone Tr. at 168:1-170:25, Dkt. # 209-14 at 6-8); (Rao Tr. at 239:16-
240:13, Dkt. # 209-15 at 6-7) (testimony regarding stock purchases during Class
Period).  Plaintiffs have met the timing element.  See Rooney, 330 F.R.D. at 449
(plaintiffs met timing element by specifying when misrepresentations were made
and when they purchased stock).

**R.E. 87**

(1) the average weekly trading volume expressed as a percentage of total outstanding shares; (2) the number of securities analysts following and reporting on the stock; (3) the extent to which market makers and arbitrageurs trade in the stock; (4) the company's eligibility to file SEC registration Form S–3 (as opposed to Form S-1 or S-2); (5) the existence of empirical facts showing a cause and effect relationship between unexpected corporate events or financial releases and an immediate response in the stock price; (6) the company's market capitalization; (7) the bid-ask spread for stock sales; and (8) float, the stock's trading volume without counting insider-owned stock.
Id. at 323 (collecting factors from Cammer v. Bloom, 711 F. Supp. 1264, 1286-87 (D.N.J. 1989) and Krogman, 202 F.R.D. at 477-78) ("Cammer/Krogman factors"). These factors do "not represent an exhaustive list, and in some cases one of the above factors may be unnecessary." Id. But "once a court endeavors to apply these factors, they must be weighed analytically, not merely counted, as each of them represents a distinct facet of market efficiency."

Id.

Relying on Feinstein's Expert Report, (Dkt. # 326-7 at 28-65), Plaintiffs argue that they have met all the Cammer/Krogman factors[10] and so have shown that Cassava Securities were traded in an efficient market. Defendants fail

---

[10] Before addressing these factors in their Motion, Plaintiffs argue that the Court should presume Cassava Securities traded in an efficient market because "throughout the Class Period, Cassava common stock traded on the NASDAQ Stock Market, one of the largest and most developed markets in the world." (Dkt. # 326 at 19.) But the Fifth Circuit has specifically rejected the argument that plaintiffs are exempted "in suits involving stocks traded on larger securities markets from the burden of making a preliminary showing of market efficiency at the class certification stage." Bell, 422 F.3d at 313. So, the Court must evaluate the relevant factors, but will consider the type of market on which Cassava stock traded under the third Cammer/Krogman factor.

to address most of the Cammer/Krogman factors and instead argue that Feinstein's

analysis of market efficiency is flawed because he did not consider whether

Cassava's stock was a "meme stock."  (Dkt. # 241 at 7.)

      Defendants define a meme stock as "a stock subject to extraordinary

volatility due to viral social media attention by retail investors, divorced from the

value of the underlying company."  (Id.)  Defendants contend that the markets for

meme stocks are inefficient because of "the potential for such activities to distort

market dynamics and undermine fair and efficient price discovery mechanisms."

(Id.)  They argue that "the Cammer/Krogman factors are of limited value in the

meme stock context" and that Feinstein's failure to consider whether Cassava was

a meme stock undermines his finding of market efficiency.  (Id. at 22.)

      The Court finds Defendants' meme stock argument to be legally and

factually inaccurate.  First, Defendants identify no Fifth Circuit case law stating

that courts should not apply the Cammer/Krogman factors in securities fraud cases

when the defendant argues that the stock was a meme stock or that the market was

inefficient.  In fact, courts have specifically rejected this argument.  See Shupe v.

Rocket Cos., No. 1:21-CV-11528, 2024 WL 4349171, at *20 (E.D. Mich. Sept. 30,

2024) (finding argument that plaintiffs' expert's market efficiency opinion based on

application of Cammer/Krogman factors "was unreliable solely because he did not

consider [defendant's] meme-stock status lacks merit as a matter of law"); Willis v.

30

<u>Big Lots, Inc.</u>, No. 2:12- CV-604, 2017 WL 1074048, at *3-4 (S.D. Ohio Mar. 17, 2017) (rejecting defendant's argument that plaintiff's expert provided an improper legal opinion when relying on the <u>Cammer/Krogman</u> factors); <u>Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC</u>, 310 F.R.D. 69, 82 (S.D.N.Y. 2015) (rejecting defendant's argument that plaintiffs' expert improperly "plod[ded] through" the <u>Cammer/Krogman</u> factors as "pointless" because those factors are "widely accepted" as relevant to market efficiency).  And many district courts have accepted Feinstein's <u>Cammer/Krogman</u> analysis to show market efficiency.[11]

Second, while Stulz points out that some market participants characterized Cassava as a meme stock, he never states that Cassava stock indeed was one.  (<u>See</u>, <u>e.g.</u>, Dkt. # 242 at ¶ 42) ("The Feinstein Report fails to address market commentary that attributed some of the large movements in Cassava's price to 'meme traders' and some business press articles that explicitly characterized Cassava as a 'meme stock'").  Stulz testified that he was "not offering an affirmative opinion that the market for Cassava stock was inefficient during the class period."  (Stulz Tr. at 38:18-23, Dkt. # 209-4 at 7).  He also admitted that he

---

[11] <u>See</u>, <u>e.g.</u>, <u>In re Synchrony Fin. Secs. Litig.</u>, 2023 WL 1503032, at *9-11 (D. Conn. Feb. 3, 2023); <u>Pearlstein v. BlackBerry Ltd.</u>, 2021 WL 253453, at *16-17 (S.D.N.Y. Jan. 26, 2021); <u>Monroe Cnty. Emps.' Ret. Sys. v. S. Co.</u>, 332 F.R.D. 370, 385-86 (N.D. Ga. 2019); <u>In re JPMorgan Chase & Co. Secs. Litig.</u>, 2015 WL 10433433, at *6-7 (S.D.N.Y. Sept. 29, 2015); <u>In re Groupon, Inc. Secs. Litig.</u>, No. 12-C-2450, 2015 WL 1043321, at *11 (N.D. Ill. Mar. 5, 2015), objections overruled, 2015 WL 13628131 (N.D. Ill. May 12, 2015).

has no evidence Cassava was a meme stock.  (Id. at 174:14- 16, Dkt. # 209-4 at 39)

("I don't have a report saying that Cassava is a meme stock.").  Defendants'

criticism of Feinstein's analysis on this basis is not persuasive.  See NIO, 2023 WL

5048615, at *13 (finding that defendants' objections to event study were

unpersuasive when they did not submit an expert opinion that the stock traded "in

an inefficient market"); W. Palm Beach Police Pension Fund v. DFC Glob. Corp.,

No. 13-6731, 2016 WL 4138613, at *13 (E.D. Pa. Aug. 4, 2016) ("While

Defendants' strategy here appears to call into question Plaintiffs' expert's

conclusions, Defendants have not tried to show that the market for DFC Global

stock was inefficient").

   Finally, Defendants' contention that Feinstein ignored whether

Cassava stock was a meme stock or traded in an inefficient market is inaccurate.

In both of his expert reports, Feinstein addresses the meme stock argument but

concludes that Cassava was traded in an efficient market.  (Dkt. # 326-7 at 21–69)

(explaining why the Cassava market was efficient); (Dkt. # 209-5 at 26-66)

(explaining why Stulz's meme stock argument is unsupported and moot).

   The Court next considers whether Dr. Feinstein's analysis of the

Cammer/Krogman factors is sufficient to show that Cassava was traded in an

efficient market during the Class Period.  The Court finds that Plaintiffs offer

sufficient evidence to show that the Cammer/Krogman factors support a finding of market efficiency.

        a.     High Weekly Trading Volume

       The average trading volume is one of the most important factors in determining whether the market for a particular stock is efficient. Enron, 529 F. Supp. 2d at 692 n. 69. A large weekly volume of trades suggests significant investor interest in the company. "Such interest . . . implies a likelihood that many investors are executing trades on the basis of newly available or disseminated corporate information." Krogman, 202 F.R.D. at 474 (quoting Cammer, 711 F. Supp. at 1286). Turnover measured by average weekly trading of two percent or more of the outstanding shares "would justify a strong presumption that the market for the security is an efficient one." Cammer, 711 F. Supp. at 1286.

       Feinstein's Expert Report shows that Cassava common stock's average weekly trading volume during the Class Period was 17.2 million shares, or 48.99% of the shares outstanding. (Dkt. # 326-7 at 28.) Defendants do not dispute this. The Court finds that "Plaintiffs have demonstrated an average weekly trading volume far in excess of the two percent turnover courts have found to create a strong presumption of market efficiency and have satisfied the first Cammer factor." Rougier, 2019 WL 6111303, at *11.

**R.E. 92**

### b.  Number of Analysts and Media Coverage

"The number of securities analysts following the company's stock during the class period may offer 'persuasive' evidence of market efficiency because those investment professionals make buy or sell recommendations to their investor clients, and thereby help incorporate market information into the market price of the stock."  Barbier, 2013 WL 2443217, at *7 (quoting Cammer, 711 F. Supp. at 1286).  Plaintiffs offer evidence that six securities analysts covered Cassava during the Class Period.  (Dkt. # 326-7 at 29.)  They also submit evidence that there was significant news coverage of Cassava during the Class Period.  (Id. at 30–31) (stating that 1,440 articles were published about Cassava during Class Period).

Defendants argue that Feinstein's Expert Report "ignores that for most of the class period no more than four analysts covered the stock, and that all but two of these analysts dropped coverage before the end of the class period."  (Dkt. # 241 at 25.)  Plaintiffs respond that four analysts covered Cassava stock during the majority of the Class Period.  (Dkt. # 209-5 at 72.)

Courts have found three to four analysts plus media coverage sufficient to show market efficiency.  See Buettgen v. Harless, No. 3:09-CV-1049-K, 2011 WL 1938130, at *7 (N.D. Tex. May 19, 2011) (four analysts); In re DVI Inc. Secs. Litig., 249 F.R.D. 196, 209 (E.D. Pa. 2008) (three analysts plus media

coverage), aff'd, 639 F.3d 623 (3d Cir. 2011).  Moreover, Defendants "do not point

to a case that says the number of analysts covering the stock must stay above a

certain level throughout the class period."  Malriat v. QuantumScape Corp., No.

3:21-CV-00058-WHO, 2022 WL 17974629, at *8 (N.D. Cal. Dec. 19, 2022); see

also Barbier, 2013 WL 2443217, at *6 ("There is no requirement proposed class

periods be analyzed in discrete chunks.").  The Court finds that the number of

analysts and media coverage support a finding of market efficiency.

### c.    NASDAQ Listing and Market Makers

"Most courts agree that whether a security is listed on the NASDAQ

is a good indicator that the stock trades in an efficient market."  Rougier, 2019 WL

6111303, at *11.  The presence of many "market makers"[12] from sizable firms also

suggests market efficiency.  Lehocky, 220 F.R.D. at 508.

Cassava stock traded on the NASDAQ exchange during the Class

Period, and Plaintiffs submit evidence that there were 122 market makers active in

Cassava stock during the Class Period.  (Dkt. # 326-7 at 31–33.)  These facts

support a finding of market efficiency.  See Rougier, 2019 WL 6111303, at *12

(finding that stock trading on NASDAQ and nine active market makers supported

conclusion that stock traded in an efficient market).

---

[12] "A market maker is a firm that makes a market in a particular security by
maintaining bid and ask prices and standing ready to buy or sell at these publicly-
quoted prices."  Lehocky, 220 F.R.D. at 508 n.24.

**R.E. 94**

d.     Form S-3 Eligibility

SEC regulations permit certain companies to use the S-3 short form, rather than Form S-1, to register securities if they are large enough and have filed reports with the SEC.  Krogman, 202 F.R.D. at 476.  "Corporations permitted to use the S-3 form are thus presumed to be actively traded and widely followed.  Therefore, a company's ability to file an S-3 Registration Statement points to market efficiency."  Id.  Cassava was eligible to file a Form S-3 throughout the Class Period and did so on February 10, 2021 and May 1, 2023.  (Dkt. # 326-7 at 33–35.)  This factor supports a finding of market efficiency.  See Rougier, 2019 WL 6111303, at *12; Krogman, 202 F.R.D. at 476.

e.     Cause and Effect

"[E]vidence of a causal relationship between unexpected corporate events or financial releases and an immediate response in the stock price is an important indicator of market efficiency."  Krogman, 202 F.R.D. at 477.  Expert testimony on this issue "may be helpful because of the utility of statistical event analysis for this inquiry."  Unger, 401 F.3d at 325.

To demonstrate a causal relationship between Cassava's news announcements and movements in Cassava's stock price, Feinstein conducted

25-50855.6267

empirical "event studies"[13] to determine whether the market was efficient during the Class Period.  He conducted three separate event studies using news events from Cassava Form 8-K filings, Cassava Form 8-K filings excluding earnings announcements, and the days with the highest count of news articles mentioning Cassava.  (Dkt. # 326-7 at 39–54.)

Results of the event studies showed a higher incidence of statistically significant returns on news event dates relative to all other dates.  (Id. at 52.)  For example, the studies showed that "there was a much greater frequency of statistically significant Cassava stock returns on 8-K event dates than on all other more ordinary days (19.5% versus 3.81%)."  (Id.)  They also showed that the "probability that eight of 41 8-K event days would be statistically significant if Cassava stock did not respond to information (such that Cassava stock behaved the same on news days and non-news days) is only 0.0306%."  (Id. at 52–53.)  The event studies also showed that there was a much greater frequency of statistically

---

[13] An event study "is a statistical regression analysis that examines the effect of an event . . . on a dependent variable, such as a corporation's stock price."  Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp., 99 F.4th 770, 773 n.1 (5th Cir. 2024) (citation omitted).  Event studies are "widely accepted" evidence to show the impact of a particular event on a stock price.  Spence v. Am. Airlines, Inc., No. 4:23- CV-00552-O, 2024 WL 3092453, at *17 (N.D. Tex. June 20, 2024); see also Halliburton II, 573 U.S. at 280 (stating that a party can "introduce evidence of the existence of price impact in connection with 'event studies'"); Ludlow v. BP, P.L.C., 800 F.3d 674, 683 (5th Cir. 2015) (reviewing expert's use of an event study, "that examine[d] the effect of an event on a dependent variable, such as a corporation's stock price").

significant Cassava stock returns on 8-K event dates excluding earnings announcements than "on all other more ordinary days (27.59% versus 3.75%)," (id. at 53), and that "[t]he probability that this result could have occurred if Cassava stock behaved the same on news days and non-news days) is only 0.0021%." (Id. at 53–54.)

And the event studies showed that "there was a much higher frequency of statistically significant Cassava stock returns on the top news article count days as compared to all other more ordinary days (34.29% versus 3.10%)," (id. at 54), and "that the difference in the incidence of statistical significance for the top news article count days versus all other days, 34.29% versus 3.10%, is itself highly statistically significant." (Id.)

Based on these results, Feinstein concludes: "The collective event study tests proved that there was a cause-and-effect relationship between new, Company-specific information and movements in the price of Cassava stock." (Id. at 55.) Feinstein also conducted empirical tests on Cassava options and concludes that there was a cause-and-effect relationship between Company-specific information and movement in the value of Cassava options. (Id. at 58–65.)

Defendants first argue that Feinstein's event studies are flawed and do not show market efficiency because he performed a "cursory" market efficiency analysis. (Dkt. # 241 at 16.) The Court disagrees that Feinstein's 454-page Expert

Report, 155-page Rebuttal Report, and detailed event studies therein are cursory.

Courts have found similar event studies by Feinstein reliable to show a causal

relationship between the release of company-specific news and movement in that

company's stock price.  See, e.g., Monroe Cnty., 332 F.R.D. at 385-86 (finding that

Feinstein's expert report and event studies were enough to show a cause-and-effect

relationship between the announcement of company-specific news and movements

in its stock price); Groupon, 2015 WL 1043321, at *5 (finding that Feinstein's

opinions and testimony on market efficiency were based on reliable data and

methodology); see also Rougier, 2019 WL 6111303, at *12 (finding that a similar

event study by a different expert was enough to show a finding of a causal

relationship between the release of company information and its stock price).

Defendants' criticisms do not show a lack of causal relationship.

        Defendants also argue that Feinstein's event studies do not show

market efficiency because he did not consider other factors affecting stock price,

such as high social media activity and the effect of high borrowing costs on the

ability to short Cassava's stock during the Class Period.  Feinstein did address such

issues in his reports but did not find that they undermined his event studies.

        "The Court need not exclude expert testimony simply because another

expert claims to be able to poke holes in his opponent's methods."  Barbier, 2013

WL 2443217, at *9.  That experts disagree on how to conduct studies or what

factors to consider does not show that Feinstein's event studies are unreliable. Defendants' criticisms of Feinstein's report can be "brought out through vigorous cross-examination and the presentation of contrary evidence." Id. The Court concludes that Feinstein's event studies are sufficient evidence at this stage of the case to show a causal relationship between the release of Cassava news and movement in its stock price. See Rougier, 2019 WL 6111303, at *12; Monroe Cnty., 332 F.R.D. at 385-86; Groupon, 2015 WL 1043321, at *5. This factor supports a finding of market efficiency.

### f. Market Capitalization

Market capitalization, calculated as the number of shares multiplied by the prevailing share price, may be an indicator of market efficiency because there is a greater incentive for stock purchasers to invest in more highly capitalized corporations. Krogman, 202 F.R.D. at 478. During the Class Period, Cassava's average market capitalization ranged from $173.7 million to $5.41 billion and averaged $1.43 billion. (Dkt. # 326-7 at 35.) This average market capitalization was larger than that of 71% of all publicly traded companies in the United States. (Id. at 35–36.) The sizable market capitalization of Cassava stock supports a finding that the market was efficient. See Rougier, 2019 WL 6111303, at *13 (finding that market capitalization in top 45% was sufficient to show market

**R.E. 99**

efficiency); Krogman, 202 F.R.D. at 478 (finding that market capitalization in the top 60% was sufficient).

g.    Bid-Ask Spread

The bid-ask spread is the difference between the price at which investors are willing to buy the stock and the price at which current stockholders are willing to sell their shares. Krogman, 202 F.R.D. at 478. "A large bid-ask spread is indicative of an inefficient market, because it suggests that the stock is too expensive to trade." Id. Conversely, a narrow bid-ask spread is indicative of higher trading volume, which supports a finding of market efficiency. Rougier, 2019 WL 6111303, at *13.

Cassava's bid-ask spread during the Class Period averaged 0.14%. (Dkt. # 326-7 at 37.) This narrow spread supports market efficiency. See In re Sci.-Atlanta, Inc. Secs. Litig., 571 F. Supp. 2d 1315, 1339 (N.D. Ga. 2007) (finding that a bid-ask spread that never exceeded 1.9% showed market efficiency).

h.    Float

Float is the percentage of a corporation's shares that are held by the public rather than insiders. Krogman, 202 F.R.D. at 478. When stocks are predominately held by insiders, not the public, "stock prices are less likely to accurately reflect all available information about the security." Id. Therefore, a

**R.E. 100**

low float weighs against a finding of market efficiency, while a large float supports a finding of market efficiency.  Id.; Rougier, 2019 WL 6111303, at *13.

The public held 89.52% of Cassava stock during the Class Period. (Dkt. # 326-7 at 36.)  Courts consider this a large float, supporting a finding of market efficiency.  See McIntire v. China MediaExpress Holdings, Inc., 38 F. Supp. 3d 415, 433 (S.D.N.Y. 2014) (finding that a float of 57% to 69% supported market efficiency).

        ii.        <u>Defendants Do Not Rebut the Presumption of Reliance</u>

Because all the Cammer/Krogman factors favor a finding that Cassava Securities were traded in an efficient market during the Class Period, the Court concludes that Plaintiffs are entitled to a classwide presumption of reliance under Basic.

Defendants may rebut the Basic presumption by showing that an alleged misrepresentation did not actually affect the market price of the stock. Goldman Sachs, 594 U.S. at 119.  The defendant bears the burden of persuasion to prove a lack of price impact and must carry that burden by a preponderance of the evidence.  Id. at 126.  Merely offering evidence that would support a finding of lack of price impact is not enough.  Id. at 125.  "The defendant must 'in fact' 'sever the link' between a misrepresentation and the price paid by the plaintiff—and a defendant's mere production of some evidence relevant to price impact would

rarely accomplish that feat." Id. at 125-26 (quoting Halliburton II, 573 U.S. at 125, and Basic, 485 U.S. at 248). Defendants thus have the "daunting task" to prove by a preponderance of the evidence "that the publicly known statement had no price impact." Aranaz v. Catalyst Pharm. Partners Inc., 302 F.R.D. 657, 673 (S.D. Fla. 2014). Defendants have not carried this heavy burden.

 Plaintiffs argue that Defendants' alleged false and misleading statements had a price impact on Cassava stock. They present evidence that Defendants statements caused statistically significant increases in Cassava's stock price on (1) September 14, 2020, when Defendants announced the "final" Phase 2b results; (2) February 2, 2021, when Defendants reported the results of an interim analysis from an open-label study extension of its Phase 2b trial; and (3) November 4, 2021, when Defendants claimed The Journal of Neuroscience found no evidence of data manipulation. (Dkt. # 176 at ¶¶ 268-79, 289-90, 339-42; Dkt. # 326-7 at 10-20, 59-65; Dkt. # 209-5 at 113-15; Dkt. #242 at 347-92 (Ex. 17)). Plaintiffs also point to evidence that Cassava made many corrective disclosures during the Class Period that were followed by statistically significant drops in Cassava stock. (Dkt. # 176 at ¶¶ 322-37; Dkt. # 326 -7 at 10-20, 59-65; Dkt. # 209-5 at 113-15; Dkt. # 242 at 347-92.)

 Defendants contend that Plaintiffs fail to show price impact because "[e]leven of those seventeen corrective disclosures—which relate to the exact

25-50855.6274

research Plaintiffs allege Defendants misrepresented—are not associated with any

statistically significant decline in the price of Cassava's stock."  (Dkt. # 241 at 28.)

Defendants rely on Stulz's statements that

> the majority of dates on which I understand that Plaintiffs allege corrective information came to the market are not associated with statistically significant price declines in any of Dr. Feinstein's event study models. On such dates, there is no scientific basis to conclude that the price movements were not caused by random variation in the stock price.

(Dkt. # 242 at 71-72.)

Defendants' attempt to rebut the Basic presumption is flawed for two

reasons.  First, as the Honorable Sam Sparks explained in Rooney, this argument is

statistically incorrect:

> Defendants suggest the lack of a statistically significant price adjustment following a corrective disclosure shows that whatever price adjustment has occurred must be due to "random chance" rather than a predicate misrepresentation. But that is not how hypothesis testing works. A statistically significant price adjustment following a corrective disclosure is evidence the original misrepresentation did, in fact, affect the stock price. The converse, however, is not true—the absence of a statistically significant price adjustment does not show the stock price was unaffected by the misrepresentation. Nor does it indicate that what price adjustment did occur must be attributed to "random chance."

330 F.R.D. at 450 (citations omitted); see also Monroe Cnty., 332 F.R.D. at 395

("A non-statistically significant decline simply does not 'sever the link' between

the alleged misrepresentations and corrective disclosures.").

      More significantly, Defendants admit that there was a price impact on

Cassava stock at least six times after disclosures.  See (Dkt. # 242 at 73) ("[O]nly

six of the nine alleged corrective disclosures discussed in the Feinstein Report are

associated with statistically significant price declines in Dr. Feinstein's three event

study models, while the other three alleged corrective disclosures are not.");

Monroe Cnty., 332 F.R.D. at 393 ("[B]ecause Defendants concede that a

statistically significant price decline following an alleged corrective disclosure

means one cannot rule out price impact . . . Defendants cannot prove an absence of

price impact during the Class Period.").  Defendants also do not dispute that

Cassava's stock price climbed in response to the alleged misrepresentations made

on September 14, 2020, February 2, 2021, and November 4, 2021.  Defendants

thus concede price impact and do not sustain their heavy burden to show lack of

price impact.  The questions of what causes the stock price to decline following

corrective disclosures and increase due to misrepresentations, moreover, "are

ultimate questions for the trier of fact on the merits."  Id.

      Because Defendants do not rebut the Basic presumption, Plaintiffs are

entitled to rely on the fraud on the market theory of reliance, and common issues of

**R.E. 104**

law and fact will predominate on the element of reliance.  <u>Rooney</u>, 330 F.R.D. at

450.

      C.    <u>Damages</u>

      The Court next addresses whether common issues will predominate

under the economic loss/damages element of Section 10(a).  Plaintiffs must present

a damages model "establishing that damages are capable of measurement on a

classwide basis."  <u>Comcast Corp. v. Behrend</u>, 569 U.S. 27, 34 (2013).  Generally,

individualized damages calculations will not preclude a finding of predominance.

<u>Ibe</u>, 836 F.3d at 529.

> Even wide disparity among class members as to the
> amount of damages suffered does not necessarily mean
> that class certification is inappropriate, and courts,
> therefore, have certified classes even in light of the need
> for individualized calculations of damages. Class
> treatment, however, may not be suitable where the
> calculation of damages is not susceptible to a
> mathematical or formulaic calculation, or where the
> formula by which the parties propose to calculate
> individual damages is clearly inadequate.

<u>Bell</u>, 339 F.3d at 306-07 (citation omitted).

      Plaintiffs will use the "out-of-pocket" damages model to calculate the

individual and classwide damages stemming from the alleged fraud.  Feinstein

explains:

> Out-of-pocket damages are the amount the investor
> overpaid for the security on account of the fraud, less any
> artificial inflation they recovered upon sale or disposition

46

25-50855.6277

of the security. Therefore, for the common stock, out-of-
pocket damages are measured as the difference between
the amount of stock price inflation at purchase and the
amount of inflation in the stock price at sale or, if held, at
the end of the Class Period, taking into account formulaic
prescriptions in relevant case law and statutes.

(Dkt. # 326-7 at 66.)  Feinstein opines that the out-of-pocket damages

methodology is consistent with Plaintiffs' theory of liability, can be applied

commonly for all Proposed Class members, and "is used to compute damages in

virtually all securities class action cases." Id. at 65.  He explains that he will use

event studies to calculate damages:

> The methodology accommodates alternative potential
> determinations of liability with respect to specific alleged
> misrepresentations and omissions. Economic analyses,
> including valuation and empirical event study analysis,
> can be used to estimate the relationship between specific
> statements/omissions or sets of statements/omissions and
> the subsequent effect on security prices. This applies to
> artifices, affirmative statements, omissions, and/or
> corrective disclosures. As such, Class-wide damages in
> response to any specific misrepresentations and omissions
> ultimately established by Plaintiffs can be calculated in a
> straightforward manner common to all Class members.

(Id. at 65-66.)

Many courts recognize out-of-pocket damages models as an accepted

way to calculate damages on a classwide basis in securities fraud class actions.

See Weiner v. Tivity Health, Inc., 334 F.R.D. 123, 137 (M.D. Tenn. 2020) ("Use of

the out-of-pocket damages model . . . is the standard measurement of damages in

**R.E. 106**

Section 10(b) securities cases."); <u>Rougier</u>, 2019 WL 6111303, at *15 ("Plaintiffs

have demonstrated an accepted method for calculating Class Members' out-of-

pocket damages that are consistent with a fraud on the market theory of liability");

<u>Rooney</u>, 330 F.R.D. 439 at 451 (finding that plaintiffs established that calculation

of damages based on an out-of-pocket model could be measured on a classwide

basis).[14]

   Defendants argue that Plaintiffs do not show that damages can be

calculated on a classwide basis because Feinstein's proposed damages model is

"vague, indefinite and unspecific," and he does not specifically explain how he

will calculate the damages and account for various factors, such as that Cassava

was a meme stock.  (Dkt. # 241 at 35.)  This level of specificity is not required at

the class certification stage.  <u>Monroe Cnty.</u>, 332 F.R.D. at 399 (collecting cases).

"It is sufficient for class certification that Professor Feinstein has specified a

damages model that can be used to establish damages using a common

methodology for all class members, even though certain of the inputs to that model

_____

[14] <u>See</u> <u>also</u> <u>City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent
Biosolutions, Inc., HQ</u>, 322 F. Supp. 3d 676, 693 (D. Md. 2018) ("The Court
similarly finds that Lead Plaintiffs' proposal of an event study to measure out-of-
pocket per share damages meets their burden to show that damages can be
calculated on a class wide basis."); <u>In re Barrick Gold Secs. Litig.</u>, 314 F.R.D. 91,
105-06 (S.D.N.Y. 2016) ("[A]s required by Comcast, plaintiffs' actual theory of
damages (out-of-pocket damages) is entirely consistent with their theory of Section
10(b) liability and would be measurable on a class-wide basis.").

**R.E. 107**

are not yet ascertainable."  Id.  The Court finds that Plaintiffs have proffered a damages model consistent with their theory of liability and capable of calculating damages on a classwide basis.

  D. <u>Conclusion on Predominance</u>

  For these reasons, Plaintiffs have shown that questions of law and fact common to the Class Members will predominate over any questions affecting only individual members.

III. <u>Superiority</u>

  Finally, before certifying a class under Rule 23(b), the Court must find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Rule 23(b)(3).  The Court considers:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

<u>Id.</u>

  Defendants do not dispute that a class action is the superior method for adjudicating this case, and the Court finds this requirement satisfied.  First, there is no evidence that any Class Member would prefer to prosecute his or her own claim, "especially since this is a sophisticated action involving extensive

49

**R.E. 108**

discovery that would be impractical for any one individual to control." <u>In re Elec. Data Sys. Corp. Secs. Litig.</u>, 226 F.R.D. 559, 570-71 (E.D. Tex.), aff'd sub nom. <u>Feder v. Elec. Data Sys. Corp.</u>, 429 F.3d 125 (5th Cir. 2005).  Second, other than these consolidated cases, there are no known individual actions brought by class members concerning this controversy.  Third, concentrating litigation in this forum is desirable because Cassava is headquartered in this District.  <u>Rooney</u>, 330 F.R.D. at 451.  Finally, aside from the usual complexities encountered in class action litigations, there are no apparent management difficulties from litigating these claims as a class instead of individually.  <u>See</u> <u>Enron</u>, 529 F. Supp. 2d at 698 ("Any administrative difficulties in handling this class action are preferable to duplicating judicial resources in several individual lawsuits and denying access to the courts for class members.").  The Court finds that adjudicating this case as a class action is the superior method.

Because Plaintiffs meet all requirements under Rule 23 to certify this class action, the Court concludes Plaintiffs' Motion for Class Certification under Rule 23 is granted.  Therefore, the Court certifies a class of all purchasers or acquirers of Cassava common stock or call options on Cassava common stock or sellers of put options on Cassava common stock (Cassava Securities) between September 14, 2020 and October 12, 2023.

<u>CONCLUSION</u>

The Court **GRANTS** Plaintiffs' Opposed Motion for Class

Certification (Dkt. # 326.)  Accordingly, the Court **ORDERS** the following:

1.     This action is hereby certified to proceed as a class action pursuant to

Rule 23(a) and (b)(3) on behalf of a Class that is defined as follows:

> All purchasers or acquirers of Cassava common stock or
> call options on Cassava common or sellers of put options
> on Cassava common stock ("Cassava Securities") between
> September 14, 2020 and October 12, 2023, inclusive.
> Excluded from the Class are Defendants and their
> immediate families, the officers and directors of the
> Company and their immediate families, their legal
> representatives, heirs, successors or assigns, and any entity
> in which any of the Defendants have or had a controlling
> interest.

2.     Plaintiffs are hereby appointed as Class Representatives pursuant to

Rule 23(a).

3.     Robbins Geller is hereby appointed as Class Counsel pursuant to Rule

23(g).

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, August 12, 2025.

_____

David Alan Ezra
Senior United States District Judge

51

**R.E. 110**

TAB 4

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE CASSAVA SCIENCES, INC. SECURITIES LITIGATION | § § § | |
| _____ | § | Master File No. 1:21-cv-00751-DAE |
| This Document Relates to: | § § | CLASS ACTION |
| ALL ACTIONS. | § § | |
| _____ | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiffs' Opposed Motion for Class Certification, filed March 13, 2024 (Dkt. 148); Defendants' Motion Requesting Evidentiary Hearing on Plaintiffs' Motion for Class Certification, filed October 7, 2024 (Dkt. 228); and the associated response and reply briefs.[1]

## I.  Background

Named Plaintiffs Mohammad Bozorgi, Ken Calderone, and Manohar Rao ("Plaintiffs") bring this securities fraud class action against Defendants Cassava Sciences, Inc. ("Cassava") and its executives Remi Barbier, Dr. Lindsay Burns, Dr. Nadav Friedmann, and Eric Schoen ("Individual Defendants"). Plaintiffs seek to certify a class of all purchasers of Cassava common stock and call options between September 14, 2020 and October 12, 2023 ("Class Period").

---

[1] By Text Orders issued March 15, 2024 and October 8, 2024, the District Court referred these motions to this Magistrate Judge for disposition of the Motion for Evidentiary Hearing and report and recommendation on the Motion for Class Certification, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

1

**R.E. 111**

### A. Allegations

Plaintiffs allege the following in their Supplemented Consolidated Complaint (Dkt. 176) ("Complaint") and pleadings:

Cassava is a small Austin, Texas-based clinical-stage biopharmaceutical company engaged in developing drugs for the treatment of neurodegenerative diseases, such as Alzheimer's disease. Dkt. 176 ¶ 73. During the Class Period, Cassava's common stock traded on the NASDAQ Stock Market under the name "SAVA." *Id.* ¶ 55. In 2011, Cassava developed its lead product candidate, simufilam, "an experimental small molecule drug for the treatment of Alzheimer's." *Id.* ¶ 80. Because millions of people worldwide suffer from Alzheimer's disease, analysists estimated that, "if successful, simufilam could generate nearly $10 billion in annual revenue by 2033." *Id.* ¶ 81.

Since Cassava commenced operations in 1998, however, neither it nor its predecessor, Pain Therapeutics, has "produced a single drug approved for commercial sale or generated any revenue from product sales." *Id.* ¶ 82. Cassava has incurred "significant net losses in each period since [its] inception." *Id.* It is therefore "heavily dependent on the success of simufilam," and if its "product candidates do not receive regulatory approval, Cassava will be unable to generate product revenue." *Id.*

In September 2019, Cassava conducted a Phase 2b study to assess simufilam's efficacy. On May 15, 2020, Cassava announced that the Phase 2b study was unsuccessful, and its stock price fell sharply. *Id.* ¶ 90. The Individual Defendants "were incentivized to pump up Cassava's stock price following the unsuccessful Phase 2b results." *Id.* ¶ 91. Plaintiffs allege that between September 14, 2020 and October 12, 2023, Defendants engaged in a fraudulent scheme to promote simufilam "by concealing facts that undermined the integrity of Cassava's research." Dkt. 148 at 10. Defendants used research tainted by extensive data manipulation to obtain National Institutes of Health ("NIH") grants and publish in peer-reviewed journals as part of a strategy to validate its

"unique scientific approach." Dkt. 176 ¶¶ 85-88, 144-222. Defendants then exploited their relationship with the NIH and academic journals to entice the market, telling investors: "You don't have to take our word for it. The underlying science is published in a number of peer reviewed journals and benefits from multiple recent clinical and non-clinical research grants from the NIH." *Id.* ¶ 280.

"Throughout the Class Period, Defendants carried out their scheme, repeatedly assuring investors of simufilam's results, while failing to disclose that Cassava's research was built on concealed data manipulation, significant anomalies, and intractable conflicts of interest." Dkt. 148 at 10. On September 14, 2020, Cassava filed a Form 8-K with the SEC and attached a press release announcing that an "outside lab" conducted a "reanalysis" of Cassava's previously failed Phase 2b clinical trial and "found significant improvement in Alzheimer's biomarkers – the exact opposite of the initial analysis." *Id.* at 11. Defendants then declared the original unsuccessful results invalid due to "anomalous data." *Id.* But they concealed that the Phase 2b "reanalysis" results were themselves anomalous and built on flawed science to capture cash payments tied to short-term increases in Cassava's stock price. *Id.* The Phase 2b reanalysis was conducted not by an outside lab but by Dr. Hoau-Yan Wang, "a highly conflicted member of Cassava's own product development team on the Company's payroll."[2] *Id.*

After the press release and an investor conference call, Cassava's stock price increased 133.4% or $4.43 per share, from $3.32 to $7.75, on September 14, 2020. Dkt. 176 ¶ 279. Over the next few months, Defendants continued to tout the effectiveness of simufilam in press releases, SEC filings, and scientific journals. *Id.* ¶¶ 280-95. After each of these public statements, Cassava's

---

[2] Wang is an Associate Medical Professor at the City University of New York ("CUNY") School of Medicine and is a member of Cassava's scientific advisory board, a Cassava consultant, and the co-inventor of simufilam. Dkt. 176 ¶ 57.

stock skyrocketed. *Id.* For example, a little over a week after Cassava's February 2, 2021 press release, Cassava's stock rose approximately 383%. *Id.* ¶ 296.

Defendants made false and misleading statements about simufilam studies at health conferences in April and June 2021. *Id.* ¶¶ 306-11. On July 26, 2021, Defendants presented the Phase 2b trial results at an Alzheimer's Association International Conference ("AAIC") and issued a press release. *Id.* ¶¶ 218, 219, 312-14. The presentation and press release contained false and misleading statements and concealed the removal of a "key" biomarker data point, a "serious and intentional action" that inflated the significance of the results. Dkt. 148 at 11.

On August 18, 2021, attorney Jordan A. Thomas filed a Citizen Petition with the FDA on behalf of then-unnamed individuals, citing "grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate." Dkt. 176 ¶ 105. The petition contained a 42-page technical report, later revealed to have been created by two scientists, Drs. David Bredt and Geoffrey Pitt, outlining "a series of anomalies" in Cassava's published research "that strongly suggests systemic data manipulation." *Id.* Shortly after the Citizen Petition was publicized, members of the scientific community began reviewing the petition's findings and validating the concerns it raised, as well as identifying "new errors and anomalies that strongly suggest scientific misconduct in their reports about both preclinical and clinical data." *Id.* ¶ 105.

On August 25, 2021, Cassava issued a press release in response to the Citizen Petition denying all wrongdoing and calling the petition "fiction." *Id.* The release stated that the plasma p-tau data presented to the AAIC "was generated by Quanterix, an independent company." *Id.* ¶¶ 316-17. Despite Cassava's denials of wrongdoing, its stock price fell 39.9% between August 25 and August 26, 2021. *Id.* ¶¶ 15, 497.

On August 27, 2021, Quanterix issued a press release clarifying that it "did not interpret the test results or prepare the data charts presented by Cassava" in the AAIC presentation. *Id.* ¶¶ 16, 323. On this news, Cassava's share price fell 17.66%. *Id.* ¶¶ 17, 499. "Defendants sought to stem the losses, and again provided doctored data to the scientific journals investigating the misconduct allegations in order to obtain exonerations that Defendants then disseminated to the market." Dkt. 148 at 12.

On October 12, 2023, an article in *Science* magazine released the results of a CUNY investigation into the alleged misconduct at Wang's lab. *Id.* The article "revealed that no original data had been provided by Burns or Wang in the investigation, thus revealing not only that Defendants could not have provided original data to the journals, as Cassava claimed, but that there was no original data for any of the Cassava research at issue." *Id.* Cassava's stock price again fell over 30%, "further damaging Class members and ending the Class Period." *Id.*

## B. Procedural History

On August 27, 2021, Plaintiff Pierre Brazeau filed in this Court the first securities fraud class action against Cassava, which was followed by four more. Dkt. 1. On June 30, 2022, the District Court consolidated the cases and appointed Mohammad Bozorgi as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel. Dkts. 58-59.

In their Complaint, Plaintiffs assert two securities fraud claims against Defendants under the Securities Exchange Act of 1934 ("Exchange Act"): (1) a claim against all Defendants under § 10(a) and its implementing rule, Rule 10b-5, which prohibit material misrepresentations and omissions in connection with the sale of securities; and (2) a control liability claim against the Individual Defendants under § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). Plaintiffs seek monetary damages and attorney's fees and costs.

On October 25, 2022, Defendants moved to dismiss Plaintiffs' claims under Rule 12(b)(6). Dkt. 81. The District Court denied the motion on all grounds except as to Defendant Friedmann; because he died after this case was filed, he was dismissed under Rule 25(a)(1). Dkt. 104 at 32.

On August 5, 2024, the District Court appointed U.S. Magistrate Judge Henry Bemporad as Special Discovery Master to handle discovery disputes. Dkt. 203 at 2.

On June 27, 2024, Wang was indicted in U.S. District Court for the District of Maryland on felony charges of major fraud against the United States, wire fraud, and making false statements. *United States v. Hoau-Yan Wang*, No. 8:24-cr-00211-TDC (D. Md. June 27, 2024). The indictment alleges that Wang fabricated simufilam research results to obtain funding from the NIH.

On September 26, 2024, the SEC filed securities fraud charges against Defendants Cassava, Barbier, and Burns. *SEC v. Cassava Scis., Inc.*, No. 1:24-cv-01150-DAE (W.D. Tex. Sept. 26, 2024). The parties settled. *Id.* at Dkt. 3. Defendants are enjoined from violating securities laws and must pay civil penalties of $40 million (Cassava), $175,000 (Barbier), and $85,000 (Burns). *Id.* at Dkts. 5-7.

## C. Motion for Class Certification

Plaintiffs move for class certification under Rule 23 and ask the Court to (1) certify a class of all purchasers of Cassava Securities during the Class Period; (2) appoint Plaintiffs as Class Representatives; and (3) appoint Lead Counsel Robbins Geller to serve as Class Counsel. Dkt. 148. at 8. Defendants oppose the Motion, arguing that Plaintiffs have not met all Rule 23 requirements.

## II.   Defendants' Motion for Evidentiary Hearing

Defendants request an evidentiary hearing on Plaintiffs' Motion for Class Certification, arguing that "class certification proceedings in this case raise novel, complex issues" and that the Court "would benefit from hearing from the parties' counsel and witnesses live, with each side permitted to cross-examine the other side's witnesses." Dkt. 228 at 2. Plaintiffs take no position

on Defendants' request, but respond that the issues presented here are not novel; "class certification in this case is more straightforward than most securities fraud class actions, as there are no real disputes regarding the salient evidence"; and "it is more common for securities class actions to be certified without an evidentiary hearing." Dkt. 229 at 2-3.

"In determining whether a suit may be maintainable as a class action, a district court is not obliged to conduct an evidentiary hearing." *Bradford v. Sears, Roebuck & Co.*, 673 F.2d 792, 795-96 (5th Cir. 1982); *see also* 7AA MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE ("WRIGHT & MILLER") § 1785 (3d ed. June 2024 Update) ("In making the certification decision, courts generally agree that there is no absolute requirement that a preliminary hearing be held."). That said, a hearing may be necessary if a material question is raised about any of the Rule 23 elements. *Id.*

> Although evidentiary hearings have often been used before the certification determination, they are by no means required and are usually employed to assist the plaintiffs in demonstrating the existence of the class. The court need not resort to an evidentiary hearing in the certification stage of a class action where the record itself is sufficient to make the determination. The certification of the class is not an immutable decision, and if it later appears that the plaintiff fails to meet any of the requirements of Rule 23 the certification may be withdrawn.

32B AM. JUR. 2D FEDERAL COURTS § 1478 (Aug. 2024 Update).

The parties have submitted thousands of pages of briefing and evidence on the issue of class certification. Dkts. 148, 214, 227, 231, 245, 246. The Court finds that an evidentiary hearing is unnecessary because the pleadings and evidence submitted show that a class should be certified. *See Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 694 n.1 (W.D. Tex. 2009) ("[T]he Court is of the opinion that the issues determining whether a class can be conditionally certified are clear enough such that an evidentiary hearing is unnecessary."). Accordingly, Defendants' Motion for an Evidentiary Hearing (Dkt. 228) is **DENIED**.

### III.    Legal Standards

The class action lawsuit is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). To "justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011) (citation omitted). Rule 23, which governs certification of class actions, "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Id.* at 349.

Under Rule 23(a), the party seeking certification of a class action must first demonstrate that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. If the proposed class meets all those elements, the moving party must satisfy at least one of the three requirements listed in Rule 23(b). *Dukes*, 564 U.S. at 345. Plaintiffs here rely on Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

District courts have "substantial discretion in determining whether to certify a class action." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998). A district court's decision to certify a class is reviewed for abuse of discretion, "in recognition of the essentially factual basis of the certification inquiry and of the district court's inherent power to manage and control pending litigation." *Sampson v. United Servs. Auto. Ass'n*, 83 F.4th 414, 418 (5th Cir. 2023) (citation omitted). A district court's class certification analysis must be "rigorous" and may "entail some

overlap with the merits of the plaintiff's underlying claim," *Dukes*, 564 U.S. at 351. But Rule 23 "grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

Rule 23 "is a remedial rule which should be construed liberally to permit class actions, especially in the context of securities fraud suits, where the class action device can prove effective in deterring illegal activity." *In re Enron Corp. Secs.*, 529 F. Supp. 2d 644, 670 (S.D. Tex. 2006) (quoting *Longden v. Sunderman*, 123 F.R.D. 547, 551 (N.D. Tex. 1988)); *see also Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 482 F.2d 880, 883 (5th Cir. 1973) ("We recognize that the Rule 23(b)(3) suit has been one of the principal weapons against fraud in securities transactions."); *Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F. Supp. 2d 942, 958 (E.D. Tex. 2000) ("Class certification in securities cases is practically routine.").

## IV.    Threshold Requirements

Plaintiffs seek to certify "a class of all purchasers or acquirers of Cassava common stock or call options on Cassava common or sellers of put options on Cassava common stock ('Cassava Securities') between September 14, 2020 and October 12, 2023." Dkt. 148 at 12. Plaintiffs argue that they have met all the threshold requirements (numerosity, commonality, typicality and adequacy of representation) under Rule 23(a). They submit an Expert Report (Dkt. 148-7) and Rebuttal Expert Report (Dkt. 209-5) from Professor Steven P. Feinstein, Ph.D. Defendants dispute only typicality and rely on an Expert Report from Dr. Rene M. Stulz, Ph.D. (Dkt. 242 at 6-158).

Although Defendants dispute only the typicality requirement, the Court must determine whether Plaintiffs have satisfied each of the requirements under Rule 23(a). *See Vizena v. Union Pac. R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004) ("[I]t is improper for a district court to certify a

class action without first demonstrating that the plaintiff has satisfied each of the requirements of Rule 23."); *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) ("Even if [Defendant] had stipulated to certification, the court was bound to conduct its own thorough Rule 23(a) inquiry.").

## A. Numerosity

To meet the numerosity requirement, Plaintiffs must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "Plaintiffs need not prove the precise number of members in a class, but 'must ordinarily demonstrate some evidence or a reasonable estimate of the number of purported class members.'" *Enron*, 529 F. Supp. 2d at 672 (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981)). This prerequisite "is generally assumed to have been met in class action suits involving nationally traded securities." *Zeidman*, 651 F.2d at 1039.

The Proposed Class consists of "all purchasers or acquirers" of Cassava Securities between September 14, 2020 and October 12, 2023. Dkt. 148 at 12. Plaintiffs submit evidence that during the Class Period, Cassava common stock traded on the NASDAQ with an average weekly trading volume of 17.2 million shares and at least 443 institutional shareholders, suggesting a potentially massive class of individual investors. Dkt. 148-7 ¶¶ 80, 89, 100. This evidence shows that the Proposed Class is sufficiently numerous that joinder of all class members is impracticable. *See Rooney v. EZCORP, Inc.*, 330 F.R.D. 439, 445 (W.D. Tex. 2019) (numerosity requirement met when defendant had more than 50 million shares of common stock outstanding and the average weekly trading volume on NASDAQ was roughly 2.7 million shares); *KB Partners I, L.P. v. Barbier*, No. A-11-CA-1034-SS, 2013 WL 2443217, at *11 (W.D. Tex. June 4, 2013) (numerosity requirement met when two million shares of common stock were traded on NASDAQ weekly); *Lehocky v. Tidel Techs., Inc.*, 220 F.R.D. 491, 499 (S.D. Tex. 2004) (numerosity requirement met when corporation had more than 17 million shares of common stock outstanding).

### B.  Commonality

Commonality requires "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). It requires "a common legal contention capable of class-wide resolution." *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 767 (5th Cir. 2020) (citing *Dukes*, 564 U.S. at 349-50).

Plaintiffs assert claims under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5, alleging that they and the Proposed Class paid artificially inflated prices for Cassava Securities based on Defendants' false and misleading statements about simufilam. Plaintiffs contend that they and the Proposed Class would not have purchased or acquired Cassava Securities at the prices they paid – or at all – had they been aware that the market prices were artificially and falsely inflated by Defendants' misleading statements. Plaintiffs allege that as result of Defendants' wrongful conduct, they and the Proposed Class suffered damages in connection with their purchases or acquisitions of Cassava Securities during the Class Period. These allegations implicate multiple questions of law and fact common to the Class, including (1) whether Defendants violated the Exchange Act and Rule 10b-5; (2) whether Defendants omitted or misrepresented material facts; (3) whether the price of Cassava Securities was artificially inflated during the Class Period; (4) whether the Individual Defendants were control persons under §20(a); and (5) whether the Proposed Class members suffered damages.

The Court finds that there are common questions of law and fact sufficient to meet the commonality element. *See Rooney*, 330 F.R.D. at 445-46 (finding commonality in securities fraud allegations when allegations implicated common questions to the class, including whether Defendants violated securities laws, whether Defendants acted with scienter, and the extent to which market price was affected by various public statements and disclosures); *Barbier*, 2013 WL 2443217, at *11 (finding commonality satisfied when "every class member's allegations of securities fraud arise from the same basic set of facts").

### C. Typicality

The typicality requirement demands that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a). The test for typicality "is not demanding." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999). Typicality "focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted).

> A complete identity of claims is not required; rather, the critical inquiry is whether the named plaintiff's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality.

*Angell v. GEICO Advantage Ins.*, 67 F.4th 727, 736 (5th Cir. 2023) (cleaned up); *see also Ibe v. Jones*, 836 F.3d 516, 528-29 (5th Cir. 2016) ("The typicality inquiry rests less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of legal and remedial theories behind their claims.").

Defendants argue that Plaintiffs' claims are atypical of the Class because unlike the Proposed Class members, Plaintiffs "did *not* purchase Cassava stocks or options in reliance on Defendants' representations." Dkt. 241 at 41. Defendants assert that "Plaintiffs instead placed reckless, short-term bets hoping to profit off Cassava's volatility. These high-risk trades—which frequently involved holding positions for less than a day—were disconnected from any representations by Defendants." *Id.* They contend that Plaintiffs' trading behavior "confirms that each named Plaintiff was a meme stock trader out to make a quick buck." *Id.* For example, Defendants point out that Plaintiff Calderone continued to buy Cassava stock after this case was filed because he believed the stock was undervalued. *Id.* at 45. Defendants also argue that Plaintiffs' damages claims raise unique issues atypical of the class, arguing that Calderone's damages stemmed from the July 30,

2021 stock drop, which was not associated with any alleged misrepresentation; Bozorgi's damages were caused by his broker liquidating his Cassava stock at an inopportune time; and Rao's losses were attributable to his risky options bet. Dkt. 241 at 46. Defendants argue that Plaintiffs' "trading patterns 'raise individualized questions regarding why they made their investments . . . and whether they have negative loss causation,' defeating typicality." *Id.* (quoting *IBEW Loc. 90 Pension Fund v. Deutsche Bank AG*, 2013 WL 5815472, at *22 (S.D.N.Y. Oct. 29, 2013)).

The Court finds that Defendants' allegations do not defeat typicality. First, the District Court has rejected Defendants' arguments that Plaintiffs' claims are atypical of the Class because they are "day traders" and "in-and-out" traders. *See* Order Appointing Lead Plaintiff, Dkt. 59 at 10 ("Mr. Barsa fails to show that Mr. Bozorgi's twenty-seven trades during a 347-day class period constitutes in-and-out trading or makes him a day trader such that he lacks typicality or adequacy."). Nor does the presence of an arguably unique defense necessarily destroy typicality. *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 137 (5th Cir. 2005). While Plaintiffs' damages may be different than some of the Proposed Class, "such differences are typical in securities-fraud cases and do not render a lead plaintiff atypical." *Barbier*, 2013 WL 2443217, at *13 (rejecting argument that named plaintiff's damages were atypical of class because he was forced to sell his shares due to a margin call) (collecting cases).

Courts have rejected Defendants' argument that the purchase of a company's stock after disclosure of alleged fraud necessarily precludes typicality. *See Feder*, 429 F.3d at 138 ("We reject the argument that a proposed class representative in a fraud-on-the-market securities suit is as a matter of law categorically precluded from meeting the requirements of Rule 23(a) simply because of a post-disclosure purchase of the defendant company's stock.").[3] Courts have also rejected

---

[3] *See also In re NIO, Inc. Secs. Litig.*, No. 19-CV-1424-NGG, 2023 WL 5048615, at *8 (E.D.N.Y. Aug. 8, 2023) ("[T]he court determines that [plaintiff's] post-class period trading does not give rise to a unique

arguments that the named plaintiffs and proposed class both must have relied on misrepresentations to show typicality. "Even in the absence of direct reliance . . . investors may rely on the fraud-on-the-market theory to establish the reliance element." *Barbier*, 2013 WL 2443217, at *11 (rejecting argument that plaintiff's direct reliance on alleged misrepresentations made him atypical of the class when proposed class relied on fraud on the market theory). Because Plaintiffs rely on the fraud on the market theory, Defendants' argument is misplaced.

The Court finds that Plaintiffs' claims are typical of the Proposed Class because the claims arise from the same alleged fraudulent scheme by Defendants and are based on the same legal theories. *See Angell*, 67 F.4th at 736 ("If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality."). As stated, complete identity of claims is not required to show typicality. *Id.*

## D. Adequacy of Representation

To meet the adequacy requirement, Plaintiffs must show that they "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). Courts consider three factors when adjudging the adequacy of named plaintiffs: (1) the zeal and competence of the representatives' counsel; (2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees; and (3) the risk of conflicts of interest between the named plaintiffs and the class they seek to represent. *Angell*, 67 F.4th at 737.

The Court finds that all three factors are satisfied. Plaintiffs' interests are identical to the interests of the Proposed Class, and no conflicts have been identified by the parties. Plaintiffs have

---

defense, let alone one that would distract from the trial."); *Lehocky*, 220 F.R.D. at 501-02 (finding that "courts have ruled that purchases of stock by the class representatives after negative announcements during the class period or even after the close of the class period do not destroy typicality" and that "the key typicality inquiry is whether a class representative would be required to devote considerable time to rebut Defendants' claims."); *Rubenstein v. Collins*, 162 F.R.D. 534, 538 (S.D. Tex. 1995) (rejecting defendant's argument that plaintiffs were atypical of class because they were sophisticated investors).

also shown a willingness and ability to take an active role in and control the litigation and protect the interests of the Proposed Class over three years of this litigation. And Plaintiffs' attorneys have extensive experience litigating securities' fraud class actions. Courts in this District have found them to be zealous and competent counsel.[4]

## V.    Predominance

Because Plaintiffs have met the threshold requirements under Rule 23(a), the Court next determines whether Plaintiffs satisfy the predominance and superiority elements.

Rule 23(b)(3) requires that, before a class is certified under that subsection, a court must find that "questions of law or fact common to class members predominate over any questions affecting only individual members." The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).

> This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case. An individual question is one where members of a proposed class will need to present evidence that varies from member to member, while a common question is one where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof. . . . When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.

*Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (cleaned up).

---

[4] *See* Firm Resume, Dkt. 148-6; Order Appointing Lead Plaintiff and Approving Selection of Counsel, Dkt. 59 at 10-11 ("Mr. Bozorgi selected Robbins Geller as lead counsel in this case, and the Court is convinced the firm is fully capable of litigating this case skillfully and zealously."); *City of Pontiac Gen. Emps.' Ret. Sys. v. Dell Inc.*, No. A-15-CV-374-LY, 2018 WL 1558571, at *4 (W.D. Tex. Mar. 29, 2018) (finding that plaintiffs met adequacy requirement where Robbins Geller represented class as class counsel).

The predominance analysis "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Chavez v. Plan Benefit Servs., Inc.*, 108 F.4th 297, 316 (5th Cir. 2024) (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 302 (5th Cir. 2003)). The predominance requirement, "though redolent of the commonality requirement of Rule 23(a), is 'far more demanding' because it 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Id.* (quoting *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 326 (5th Cir. 2008)).

## A. Substantive Issues in Dispute

As stated, Plaintiffs assert claims under Section 10(b) of the Exchange Act, its implementing regulation Rule 10b-5, and Section 20(a) of the Exchange Act. The substantive issues that will control the outcome of this case are the required elements under each of these claims.

### 1. Section 20(a)

Plaintiffs assert a control-person liability claim against the Individual Defendants under § 20(a) of the Exchange Act: "Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable." 15 U.S.C. § 78t(a). Section 20(a) is a secondary liability provision, so Plaintiffs must establish a primary violation under § 10(b) before liability arises under § 20(a). *Alaska Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975, 986 (5th Cir. 2019). If predominance is satisfied with respect to the Section 10(b) claim, it is also satisfied for the Section 20(a) claim. *In re Synchrony Fin. Secs. Litig.*, No. 3:18-CV-1818 (VAB), 2023 WL 1503032, at *7 n.3 (D. Conn. Feb. 3, 2023); *see also Rougier v. Applied Optoelectronics, Inc.*,

No. 4:17-CV-02399, 2019 WL 6111303, at *8 (S.D. Tex. Nov. 13, 2019) ("Because § 20(a) requires proof of an underlying violation of § 10(b) and Rule 10b-5, the elements of the claims overlap and will be subject to the same class-wide proof."), *R. & R. adopted*, 2019 WL 7020349 (S.D. Tex. Dec. 20, 2019). The Court focuses its inquiry on the § 10(b) claim. In addition, the substantive issue of whether the Individual Defendants had actual power over Cassava and participated in or induced the fraud "will be proven by the Individual Defendants' conduct, not by the conduct of any Class Members." *Rougier*, 2019 WL 6111303, at *8. Common questions of law and fact will predominate with respect to Section 20(a) claims. *Id.*

### 2. Section 10(b)

To recover for violations of § 10(b) and Rule 10b-5, which prohibit material misstatements or omissions in connection with the purchase or sale of any security, Plaintiffs must prove (1) a material misrepresentation or omission by Defendants (2) made with scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance on the misrepresentation; (5) economic loss; and (6) loss causation.[5] *Amgen*, 568 U.S. at 461. Defendants do not dispute that Plaintiffs have met the first three elements, but argue that Plaintiffs do not show common issues of fact and law will predominate as to the elements of reliance and economic loss.

### B. Reliance

Whether common questions of law or fact predominate in a securities fraud action often turns on the element of reliance. *Halliburton I*, 563 U.S. at 810.

> Reliance by the plaintiff upon the defendant's deceptive acts is an essential element of the § 10(b) private cause of action. This is because proof of reliance ensures that there is a proper connection between a defendant's misrepresentation and a plaintiff's injury.

---

[5] Plaintiffs need not show loss causation at the class certification stage. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 813 (2011) (*Halliburton I*).

> The traditional (and most direct) way a plaintiff can demonstrate reliance is by showing that he was aware of a company's statement and engaged in a relevant transaction—*e.g.*, purchasing common stock—based on that specific misrepresentation. In that situation, the plaintiff plainly would have relied on the company's deceptive conduct. A plaintiff unaware of the relevant statement, on the other hand, could not establish reliance on that basis.

*Id.* (citations omitted).

Investors may prove reliance under Section 10(b) of the Exchange Act by invoking a rebuttable presumption of reliance based on the fraud on the market theory, which holds that "the market price of shares traded on well-developed markets reflects all publicly available information, and, hence, any material misrepresentations." *Basic Inc. v. Levinson*, 485 U.S. 224, 246 (1988). Rather than scrutinize every piece of public information about a company, an investor "who buys or sells stock at the price set by the market does so in reliance on the integrity of that price" – the belief that it reflects all public, material information. *Id.* at 247. As a result, whenever the investor buys or sells stock at the market price, the investor's "reliance on any public material misrepresentations . . . may be presumed for purposes of a Rule 10b-5 action." *Id.*

To invoke the *Basic* presumption of reliance, a plaintiff must demonstrate: "(1) that the alleged misrepresentations were publicly known, (2) that they were material, (3) that the stock traded in an efficient market, and (4) that the plaintiff traded the stock between the time the misrepresentations were made and when the truth was revealed." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 268 (2014) (*Halliburton II*). The presumption of reliance is rebuttable. *Id.* A defendant "may rebut the presumption at class certification by showing 'that an alleged misrepresentation did not actually affect the market price of the stock.'" *Goldman Sachs Grp., Inc. v. Arkansas Tchr. Ret. Sys.*, 594 U.S. 113, 119 (2021) (quoting *Basic*, 485 U.S. at 248). The defendant bears the burden of persuasion to prove lack of price impact. *Id.*

### 1. *Basic* Factors

Plaintiffs argue that they have met all relevant *Basic* factors[6] and are entitled to a classwide fraud on the market presumption of reliance. Defendants do not dispute, and the Court finds, that Plaintiffs have established the first and fourth *Basic* requirements: The alleged misrepresentations by Defendants were publicly made,[7] and Plaintiffs purchased Cassava Securities after the alleged misrepresentations were made.[8] But Defendants argue that Plaintiffs have not shown that Cassava Securities were traded in an "efficient market" during the Class Period.

An efficient capital market is one in which the price of the stock at a given time is the best estimate of its future price. *Finkel v. Docutel/Olivetti Corp.*, 817 F.2d 356, 360 n.8 (5th Cir. 1987). "Hence, in an efficient market, a stock's price remains relatively stable in the absence of news, and changes very rapidly as the market receives new and unexpected information." *Krogman v. Sterritt*, 202 F.R.D. 467, 477 (N.D. Tex. 2001). "Absent an efficient market, individual reliance by each plaintiff must be proven, and the proposed class will fail the predominance requirement." *Unger v. Amedisys Inc.*, 401 F.3d 316, 322 (5th Cir. 2005).

---

[6] The Supreme Court clarified in *Golman Sachs* that class action plaintiffs need only prove the prerequisites of publicity, market efficiency, and market timing before class certification, while the materiality element "should be left to the merits stage." 594 U.S. at 119.

[7] Plaintiffs show that Defendants made repeated public misrepresentations about simufilam in press releases, presentations and conference calls, SEC filings, and published papers and journals during the Class Period. Dkt. 176 ¶¶ 268-362, 386-419 (summary of misrepresentations made in press releases, conference calls, SEC filings, and published papers and journals); Dkt. 209-6-209-9 (Cassava's press releases); Dkt. 148-7 at 15-20 (Feinstein's summary of misrepresentations). *See Rooney*, 330 F.R.D. at 448 (plaintiffs met publicly known element when misrepresentations were made in company press releases, SEC filings, and conference calls).

[8] Plaintiffs show that they purchased Cassava Securities after Defendants' alleged misrepresentations. Dkt. 148-3-148-5 ¶¶ 2 (declarations of stock purchases); Dkt. 176 ¶¶ 47, 52-54, 514-15 (allegations of stock purchases); *id* at 179-84 (charts of stock purchases); Bozorgi Tr. at 196:23-197:5, Dkt. 209-13 at 6-7; Calderone Tr. at 168:1-170:25, Dkt. 209-14 at 6-8); Rao Tr. at 239:16-240:13, Dkt. 209-15 at 6-7 (testimony regarding stock purchases during Class Period). Plaintiffs have met the timing element. *See Rooney*, 330 F.R.D. at 449 (plaintiffs met timing element by specifying when misrepresentations were made and when they purchased stock).

Courts in the Fifth Circuit rely on several factors to determine whether a stock traded in an efficient market:

> (1) the average weekly trading volume expressed as a percentage of total outstanding shares; (2) the number of securities analysts following and reporting on the stock; (3) the extent to which market makers and arbitrageurs trade in the stock; (4) the company's eligibility to file SEC registration Form S–3 (as opposed to Form S-1 or S-2); (5) the existence of empirical facts showing a cause and effect relationship between unexpected corporate events or financial releases and an immediate response in the stock price; (6) the company's market capitalization; (7) the bid-ask spread for stock sales; and (8) float, the stock's trading volume without counting insider-owned stock.

*Id.* at 323 (collecting factors from *Cammer v. Bloom*, 711 F. Supp. 1264, 1286-87 (D.N.J. 1989) and *Krogman*, 202 F.R.D. at 477-78) ("*Cammer/Krogman* factors"). These factors do "not represent an exhaustive list, and in some cases one of the above factors may be unnecessary." *Id.* But "once a court endeavors to apply these factors, they must be weighed analytically, not merely counted, as each of them represents a distinct facet of market efficiency." *Id.*

Relying on Feinstein's Expert Report, Dkt. 148-7 at 28-65, Plaintiffs argue that they have met all the *Cammer/Krogman* factors[9] and so have shown that Cassava Securities were traded in an efficient market. Defendants fail to address most of the *Cammer/Krogman* factors and instead argue that Feinstein's analysis of market efficiency is flawed because he did not consider whether Cassava's stock was a "meme stock." Dkt. 241 at 7.

---

[9] Before addressing these factors in their Motion, Plaintiffs argue that the Court should presume Cassava Securities traded in an efficient market because "throughout the Class Period, Cassava common stock traded on the NASDAQ Stock Market, one of the largest and most developed markets in the world." Dkt. 148 at 19. But the Fifth Circuit has specifically rejected the argument that plaintiffs are exempted "in suits involving stocks traded on larger securities markets from the burden of making a preliminary showing of market efficiency at the class certification stage." *Bell*, 422 F.3d at 313. So the Court must evaluate the relevant factors, but will consider the type of market on which Cassava stock traded under the third *Cammer/Krogman* factor.

Defendants define a meme stock as "a stock subject to extraordinary volatility due to viral social media attention by retail investors, divorced from the value of the underlying company." *Id.* Defendants contend that the markets for meme stocks are inefficient because of "the potential for such activities to distort market dynamics and undermine fair and efficient price discovery mechanisms." *Id.* They argue that "the *Cammer/Krogman* factors are of limited value in the meme stock context" and that Feinstein's failure to consider whether Cassava was a meme stock undermines his finding of market efficiency. *Id.* at 22.

The Court finds Defendants' meme stock argument to be legally and factually inaccurate. First, Defendants identify no Fifth Circuit case law stating that courts should not apply the *Cammer/Krogman* factors in securities fraud cases when the defendant argues that the stock was a meme stock or that the market was inefficient. In fact, courts have specifically rejected this argument. *See Shupe v. Rocket Cos.*, No. 1:21-CV-11528, 2024 WL 4349171, at *20 (E.D. Mich. Sept. 30, 2024) (finding argument that plaintiffs' expert's market efficiency opinion based on application of *Cammer/Krogman* factors "was unreliable solely because he did not consider [defendant's] meme-stock status lacks merit as a matter of law"); *Willis v. Big Lots, Inc.*, No. 2:12-CV-604, 2017 WL 1074048, at *3-4 (S.D. Ohio Mar. 17, 2017) (rejecting defendant's argument that plaintiff's expert provided an improper legal opinion when relying on the *Cammer/Krogman* factors); *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 82 (S.D.N.Y. 2015) (rejecting defendant's argument that plaintiffs' expert improperly "plod[ded] through" the *Cammer/Krogman* factors as "pointless" because those factors are "widely accepted" as relevant to market efficiency). And many district courts have accepted Feinstein's *Cammer/Krogman* analysis to show market efficiency.[10]

---

[10] *See, e.g., In re Synchrony Fin. Secs. Litig.*, 2023 WL 1503032, at *9-*11 (D. Conn. Feb. 3, 2023); *Pearlstein v. BlackBerry Ltd.*, 2021 WL 253453, at *16-17 (S.D.N.Y. Jan. 26, 2021); *Monroe Cnty. Emps.'*

Second, while Stulz points out that some market participants characterized Cassava as a meme stock, he never states that Cassava stock indeed was one. *See, e.g.,* Dkt. 242 at 25 ("The Feinstein Report fails to address market commentary that attributed some of the large movements in Cassava's price to 'meme traders' and some business press articles that explicitly characterized Cassava as a 'meme stock'"). Stulz testified that he was "not offering an affirmative opinion that the market for Cassava stock was inefficient during the class period." Stulz Tr. at 38:18-23, Dkt. 209-4 at 7. He also admitted that he has no evidence Cassava was a meme stock. *Id.* at 174:14-16, Dkt. 209-4 at 39 ("I don't have a report saying that Cassava is a meme stock."). Defendants' criticism of Feinstein's analysis on this basis is not persuasive. *See NIO*, 2023 WL 5048615, at *13 (finding that defendants' objections to event study were unpersuasive when they did not submit an expert opinion that the stock traded "in an *inefficient* market"); *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 13-6731, 2016 WL 4138613, at *13 (E.D. Pa. Aug. 4, 2016) ("While Defendants' strategy here appears to call into question Plaintiffs' expert's conclusions, Defendants have not tried to show that the market for DFC Global stock was inefficient").

Finally, Defendants' contention that Feinstein ignored whether Cassava stock was a meme stock or traded in an inefficient market is inaccurate. In both of his expert reports, Feinstein addresses the meme stock argument but concludes that Cassava was traded in an efficient market. Dkt. 148-7 at 21-69 (explaining why the Cassava market was efficient); Dkt. 209-5 at 26-66 (explaining why Stulz's meme stock argument is unsupported and moot).

---

*Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 385-86 (N.D. Ga. 2019); *In re JPMorgan Chase & Co. Secs. Litig.*, 2015 WL 10433433, at *6-*7 (S.D.N.Y. Sept. 29, 2015); *In re Groupon, Inc. Secs. Litig.*, No. 12-C-2450, 2015 WL 1043321, at *11 (N.D. Ill. Mar. 5, 2015), *objections overruled*, 2015 WL 13628131 (N.D. Ill. May 12, 2015).

The Court next considers whether Dr. Feinstein's analysis of the *Cammer/Krogman* factors is sufficient to show that Cassava was traded in an efficient market during the Class Period. The Court finds that Plaintiffs offer sufficient evidence to show that the *Cammer/Krogman* factors support a finding of market efficiency.

### a. High Weekly Trading Volume

The average trading volume is one of the most important factors in determining whether the market for a particular stock is efficient. *Enron*, 529 F. Supp. 2d at 692 n. 69. A large weekly volume of trades suggests significant investor interest in the company. "Such interest . . . implies a likelihood that many investors are executing trades on the basis of newly available or disseminated corporate information." *Krogman*, 202 F.R.D. at 474 (quoting *Cammer*, 711 F. Supp. at 1286). Turnover measured by average weekly trading of two percent or more of the outstanding shares "would justify a strong presumption that the market for the security is an efficient one." *Cammer*, 711 F. Supp. at 1286.

Feinstein's Expert Report shows that Cassava common stock's average weekly trading volume during the Class Period was 17.2 million shares, or 48.99% of the shares outstanding. Dkt. 148-7 at 28. Defendants do not dispute this. The Court finds that "Plaintiffs have demonstrated an average weekly trading volume far in excess of the two percent turnover courts have found to create a strong presumption of market efficiency and have satisfied the first *Cammer* factor." *Rougier*, 2019 WL 6111303, at *11.

### b. Number of Analysts and Media Coverage

"The number of securities analysts following the company's stock during the class period may offer 'persuasive' evidence of market efficiency because those investment professionals make buy or sell recommendations to their investor clients, and thereby help incorporate market information into the market price of the stock." *Barbier*, 2013 WL 2443217, at *7 (quoting *Cammer*, 711

F. Supp. at 1286). Plaintiffs offer evidence that six securities analysts covered Cassava during the Class Period. Dkt. 148-7 at 29. They also submit evidence that there was significant news coverage of Cassava during the Class Period. *Id.* at 30-31 (stating that 1,440 articles were published about Cassava during Class Period).

Defendants argue that Feinstein's Expert Report "ignores that for most of the class period no more than four analysts covered the stock, and that all but two of these analysts dropped coverage before the end of the class period." Dkt. 241 at 25. Plaintiffs respond that four analysts covered Cassava stock during the majority of the Class Period. Dkt. 209-5 at 72.

Courts have found three to four analysts plus media coverage sufficient to show market efficiency *See Buettgen v. Harless*, No. 3:09-CV-1049-K, 2011 WL 1938130, at *7 (N.D. Tex. May 19, 2011) (four analysts); *In re DVI Inc. Secs. Litig.*, 249 F.R.D. 196, 209 (E.D. Pa. 2008) (three analysts plus media coverage), *aff'd*, 639 F.3d 623 (3d Cir. 2011). Moreover, Defendants "do not point to a case that says the number of analysts covering the stock must stay above a certain level throughout the class period." *Malriat v. QuantumScape Corp.*, No. 3:21-CV-00058-WHO, 2022 WL 17974629, at *8 (N.D. Cal. Dec. 19, 2022); *see also Barbier*, 2013 WL 2443217, at *6 ("There is no requirement proposed class periods be analyzed in discrete chunks."). The Court finds that the number of analysts and media coverage support a finding of market efficiency.

### c.  NASDAQ Listing and Market Makers

"Most courts agree that whether a security is listed on the NASDAQ is a good indicator that the stock trades in an efficient market." *Rougier*, 2019 WL 6111303, at *11. The presence of many "market makers"[11] from sizable firms also suggests market efficiency. *Lehocky*, 220 F.R.D. at 508.

---

[11] "A market maker is a firm that makes a market in a particular security by maintaining bid and ask prices and standing ready to buy or sell at these publicly-quoted prices." *Lehocky*, 220 F.R.D. at 508 n.24.

Cassava stock traded on the NASDAQ exchange during the Class Period, and Plaintiffs submit evidence that there were 122 market makers active in Cassava stock during the Class Period. Dkt. 148-7 at 31-33. These facts support a finding of market efficiency. *See Rougier*, 2019 WL 6111303, at *12 (finding that stock trading on NASDAQ and nine active market makers supported conclusion that stock traded in an efficient market).

### d. Form S-3 Eligibility

SEC regulations permit certain companies to use the S-3 short form, rather than Form S-1, to register securities if they are large enough and have filed reports with the SEC. *Krogman*, 202 F.R.D. at 476. "Corporations permitted to use the S-3 form are thus presumed to be actively traded and widely followed. Therefore, a company's ability to file an S-3 Registration Statement points to market efficiency." *Id.* Cassava was eligible to file a Form S-3 throughout the Class Period and did so on February 10, 2021 and May 1, 2023. Dkt. 148-7 at 33-35. This factor supports a finding of market efficiency. *See Rougier*, 2019 WL 6111303, at *12; *Krogman*, 202 F.R.D. at 476.

### e. Cause and Effect

"[E]vidence of a causal relationship between unexpected corporate events or financial releases and an immediate response in the stock price is an important indicator of market efficiency." *Krogman*, 202 F.R.D. at 477. Expert testimony on this issue "may be helpful because of the utility of statistical event analysis for this inquiry." *Unger*, 401 F.3d at 325.

To demonstrate a causal relationship between Cassava's news announcements and movements in Cassava's stock price, Feinstein conducted empirical "event studies"[12] to determine whether the

---

[12] An event study "is a statistical regression analysis that examines the effect of an event . . . on a dependent variable, such as a corporation's stock price." *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 773 n.1 (5th Cir. 2024) (citation omitted). Event studies are "widely accepted" evidence to show the impact of a particular event on a stock price. *Spence v. Am. Airlines, Inc.*, No. 4:23-CV-00552-O, 2024 WL 3092453, at *17 (N.D. Tex. June 20, 2024); *see also Halliburton II*, 573 U.S. at 280 (stating that a party can "introduce evidence of the existence of price impact in connection with 'event

market was efficient during the Class Period. He conducted three separate event studies using news events from Cassava Form 8-K filings, Cassava Form 8-K filings excluding earnings announcements, and the days with the highest count of news articles mentioning Cassava. Dkt. 148-7 at 39-54.

Results of the event studies showed a higher incidence of statistically significant returns on news event dates relative to all other dates. *Id.* at 52. For example, the studies showed that "there was a much greater frequency of statistically significant Cassava stock returns on 8-K event dates than on all other more ordinary days (19.5% versus 3.81%)." *Id.* They also showed that the "probability that eight of 41 8-K event days would be statistically significant if Cassava stock did not respond to information (such that Cassava stock behaved the same on news days and non-news days) is only 0.0306%." *Id.* at 52-53. The event studies also showed that there was a much greater frequency of statistically significant Cassava stock returns on 8-K event dates excluding earnings announcements than "on all other more ordinary days (27.59% versus 3.75%)," *id.* at 53, and that "[t]he probability that this result could have occurred if Cassava stock behaved the same on news days and non-news days) is only 0.0021%," *id.* at 53-54. And the event studies showed that "there was a much higher frequency of statistically significant Cassava stock returns on the top news article count days as compared to all other more ordinary days (34.29% versus 3.10%)," *id.* at 54, and "that the difference in the incidence of statistical significance for the top news article count days versus all other days, 34.29% versus 3.10%, is itself highly statistically significant." *Id.*

Based on these results, Feinstein concludes: "The collective event study tests proved that there was a cause-and-effect relationship between new, Company-specific information and movements in the price of Cassava stock." *Id.* at 55. Feinstein also conducted empirical tests on Cassava

---

studies'"); *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 683 (5th Cir. 2015) (reviewing expert's use of an event study, "that examine[d] the effect of an event on a dependent variable, such as a corporation's stock price").

options and concludes that there was a cause-and-effect relationship between Company-specific information and movement in the value of Cassava options. *Id.* at 58-65.

Defendants first argue that Feinstein's event studies are flawed and do not show market efficiency because he performed a "cursory" market efficiency analysis. Dkt. 241 at 16. The Court disagrees that Feinstein's 454-page Expert Report, 155-page Rebuttal Report, and detailed event studies therein are cursory. Courts have found similar event studies by Feinstein reliable to show a causal relationship between the release of company-specific news and movement in that company's stock price. *See, e.g., Monroe Cnty.*, 332 F.R.D. at 385-86 (finding that Feinstein's expert report and event studies were enough to show a cause-and-effect relationship between the announcement of company-specific news and movements in its stock price); *Groupon,* 2015 WL 1043321, at *5 (finding that Feinstein's opinions and testimony on market efficiency were based on reliable data and methodology); *see also Rougier*, 2019 WL 6111303, at *12 (finding that a similar event study by a different expert was enough to show a finding of a causal relationship between the release of company information and its stock price). Defendants' criticisms do not show a lack of causal relationship.

Defendants also argue that Feinstein's event studies do not show market efficiency because he did not consider other factors affecting stock price, such as high social media activity and the effect of high borrowing costs on the ability to short Cassava's stock during the Class Period. Feinstein did address such issues in his reports but did not find that they undermined his event studies.

"The Court need not exclude expert testimony simply because another expert claims to be able to poke holes in his opponent's methods." *Barbier*, 2013 WL 2443217, at *9. That experts disagree on how to conduct studies or what factors to consider does not show that Feinstein's event studies

are unreliable. Defendants' criticisms of Feinstein's report can be "brought out through vigorous cross-examination and the presentation of contrary evidence." *Id.*

The Court concludes that Feinstein's event studies are sufficient evidence at this stage of the case to show a causal relationship between the release of Cassava news and movement in its stock price. *See Rougier*, 2019 WL 6111303, at *12; *Monroe Cnty.*, 332 F.R.D. at 385-86; *Groupon,* 2015 WL 1043321, at *5. This factor supports a finding of market efficiency.

### f. Market Capitalization

Market capitalization, calculated as the number of shares multiplied by the prevailing share price, may be an indicator of market efficiency because there is a greater incentive for stock purchasers to invest in more highly capitalized corporations. *Krogman*, 202 F.R.D. at 478. During the Class Period, Cassava's average market capitalization ranged from $173.7 million to $5.41 billion and averaged $1.43 billion. Dkt. 148-7 at 35. This average market capitalization was larger than that of 71% of all publicly traded companies in the United States. *Id.* at 35-36. The sizable market capitalization of Cassava stock supports a finding that the market was efficient. *See Rougier*, 2019 WL 6111303, at *13 (finding that market capitalization in top 45% was sufficient to show market efficiency); *Krogman*, 202 F.R.D. at 478 (finding that market capitalization in the top 60% was sufficient).

### g. Bid-Ask Spread

The bid-ask spread is the difference between the price at which investors are willing to buy the stock and the price at which current stockholders are willing to sell their shares. *Krogman*, 202 F.R.D. at 478. "A large bid-ask spread is indicative of an inefficient market, because it suggests that the stock is too expensive to trade." *Id.* Conversely, a narrow bid-ask spread is indicative of higher trading volume, which supports a finding of market efficiency. *Rougier*, 2019 WL 6111303, at *13.

Cassava's bid-ask spread during the Class Period averaged 0.14%. Dkt. 148-7 at 37. This narrow spread supports market efficiency. *See In re Sci.-Atlanta, Inc. Secs. Litig.*, 571 F. Supp. 2d 1315, 1339 (N.D. Ga. 2007) (finding that a bid-ask spread that never exceeded 1.9% showed market efficiency).

### h. Float

Float is the percentage of a corporation's shares that are held by the public rather than insiders. *Krogman*, 202 F.R.D. at 478. When stocks are predominately held by insiders, not the public, "stock prices are less likely to accurately reflect all available information about the security." *Id.* Therefore, a low float weighs against a finding of market efficiency, while a large float supports a finding of market efficiency. *Id.*; *Rougier*, 2019 WL 6111303, at *13.

The public held 89.52% of Cassava stock during the Class Period. Dkt. 148-7 at 36. Courts consider this a large float, supporting a finding of market efficiency. *See McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415, 433 (S.D.N.Y. 2014) (finding that a float of 57% to 69% supported market efficiency).

### 2. Defendants Do Not Rebut the Presumption of Reliance

Because all the *Cammer/Krogman* factors favor a finding that Cassava Securities were traded in an efficient market during the Class Period, the Court concludes that Plaintiffs are entitled to a classwide presumption of reliance under *Basic*.

Defendants may rebut the *Basic* presumption by showing that an alleged misrepresentation did not actually affect the market price of the stock. *Goldman Sachs*, 594 U.S. at 119. The defendant bears the burden of persuasion to prove a lack of price impact and must carry that burden by a preponderance of the evidence. *Id.* at 126. Merely offering evidence that would support a finding of lack of price impact is not enough. *Id.* at 125. "The defendant must 'in fact' 'sever the link' between a misrepresentation and the price paid by the plaintiff—and a defendant's mere

production of *some* evidence relevant to price impact would rarely accomplish that feat." *Id.* at 125-26 (quoting *Halliburton II*, 573 U.S. at 125, and *Basic*, 485 U.S. at 248). Defendants thus have the "daunting task" to prove by a preponderance of the evidence "that the publicly known statement had no price impact." *Aranaz v. Catalyst Pharm. Partners Inc.*, 302 F.R.D. 657, 673 (S.D. Fla. 2014). Defendants have not carried this heavy burden.

Plaintiffs argue that Defendants' alleged false and misleading statements had a price impact on Cassava stock. They present evidence that Defendants statements caused statistically significant increases in Cassava's stock price on (1) September 14, 2020, when Defendants announced the "final" Phase 2b results; (2) February 2, 2021, when Defendants reported the results of an interim analysis from an open-label study extension of its Phase 2b trial; and (3) November 4, 2021, when Defendants claimed *The Journal of Neuroscience* found no evidence of data manipulation. Dkt. 176 ¶¶ 268-79, 289-90, 339-42; Dkt. 148-7 at 10-20, 59-65; Dkt. 209-5 at 113-15; Dkt. 242 at 347-92 (Ex. 17). Plaintiffs also point to evidence that Cassava made many corrective disclosures during the Class Period that were followed by statistically significant drops in Cassava stock. Dkt. 176 ¶¶ 322-37; Dkt. 148-7 at 10-20, 59-65; Dkt. 209-5 at 113-15; Dkt. 242 at 347-92.

Defendants contend that Plaintiffs fail to show price impact because "[e]leven of those seventeen corrective disclosures—which relate to the exact research Plaintiffs allege Defendants misrepresented—are not associated with any statistically significant decline in the price of Cassava's stock." Dkt. 241 at 28. Defendants rely on Stulz's statements that

> the majority of dates on which I understand that Plaintiffs allege corrective information came to the market are not associated with statistically significant price declines in any of Dr. Feinstein's event study models. On such dates, there is no scientific basis to conclude that the price movements were not caused by random variation in the stock price.

Dkt. 242 at 71-72.

Defendants' attempt to rebut the *Basic* presumption is flawed for two reasons. First, as the

Honorable Sam Sparks explained in *Rooney*, this argument is statistically incorrect:

> Defendants suggest the lack of a statistically significant price adjustment following a corrective disclosure shows that whatever price adjustment has occurred must be due to "random chance" rather than a predicate misrepresentation. But that is not how hypothesis testing works. A statistically significant price adjustment following a corrective disclosure is evidence the original misrepresentation did, in fact, affect the stock price. The converse, however, is not true—the absence of a statistically significant price adjustment does *not* show the stock price was unaffected by the misrepresentation. Nor does it indicate that what price adjustment did occur must be attributed to "random chance."

330 F.R.D. at 450 (citations omitted); *see also Monroe Cnty.*, 332 F.R.D. at 395 ("A non-

statistically significant decline simply does not 'sever the link' between the alleged

misrepresentations and corrective disclosures.").

More significantly, Defendants admit that there was a price impact on Cassava stock at least

six times after disclosures. *See* Dkt. 242 at 73 ("[O]nly six of the nine alleged corrective disclosures

discussed in the Feinstein Report are associated with statistically significant price declines in

Dr. Feinstein's three event study models, while the other three alleged corrective disclosures are

not."); *Monroe Cnty.*, 332 F.R.D. at 393 ("[B]ecause Defendants concede that a statistically

significant price decline following an alleged corrective disclosure means one cannot rule out price

impact . . . Defendants cannot prove an absence of price impact during the Class Period.").

Defendants also do not dispute that Cassava's stock price climbed in response to the alleged

misrepresentations made on September 14, 2020, February 2, 2021, and November 4, 2021.

Defendants thus concede price impact and do not sustain their heavy burden to show *lack* of price

impact. The questions of what causes the stock price to decline following corrective disclosures

and increase due to misrepresentations, moreover, "are ultimate questions for the trier of fact on

the merits." *Id.*

Because Defendants do not rebut the *Basic* presumption, Plaintiffs are entitled to rely on the fraud on the market theory of reliance, and common issues of law and fact will predominate on the element of reliance. *Rooney*, 330 F.R.D. at 450.

## C. Damages

The Court next addresses whether common issues will predominate under the economic loss/damages element of Section 10(a). Plaintiffs must present a damages model "establishing that damages are capable of measurement on a classwide basis." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Generally, individualized damages calculations will not preclude a finding of predominance. *Ibe*, 836 F.3d at 529.

> Even wide disparity among class members as to the amount of damages suffered does not necessarily mean that class certification is inappropriate, and courts, therefore, have certified classes even in light of the need for individualized calculations of damages. Class treatment, however, may not be suitable where the calculation of damages is not susceptible to a mathematical or formulaic calculation, or where the formula by which the parties propose to calculate individual damages is clearly inadequate.

*Bell*, 339 F.3d at 306-07 (citation omitted).

Plaintiffs will use the "out-of-pocket" damages model to calculate the individual and classwide damages stemming from the alleged fraud. Feinstein explains:

> Out-of-pocket damages are the amount the investor overpaid for the security on account of the fraud, less any artificial inflation they recovered upon sale or disposition of the security. Therefore, for the common stock, out-of-pocket damages are measured as the difference between the amount of stock price inflation at purchase and the amount of inflation in the stock price at sale or, if held, at the end of the Class Period, taking into account formulaic prescriptions in relevant case law and statutes.

Dkt. 148-7 at 66. Feinstein opines that the out-of-pocket damages methodology is consistent with Plaintiffs' theory of liability, can be applied commonly for all Proposed Class members, and "is

used to compute damages in virtually all securities class action cases." *Id.* at 65. He explains that

he will use event studies to calculate damages:

> The methodology accommodates alternative potential determinations of liability with respect to specific alleged misrepresentations and omissions. Economic analyses, including valuation and empirical event study analysis, can be used to estimate the relationship between specific statements/omissions or sets of statements/omissions and the subsequent effect on security prices. This applies to artifices, affirmative statements, omissions, and/or corrective disclosures. As such, Class-wide damages in response to any specific misrepresentations and omissions ultimately established by Plaintiffs can be calculated in a straightforward manner common to all Class members.

*Id.* at 65-66.

Many courts recognize out-of-pocket damages models as an accepted way to calculate

damages on a classwide basis in securities fraud class actions. *See Weiner v. Tivity Health, Inc.*,

334 F.R.D. 123, 137 (M.D. Tenn. 2020) ("Use of the out-of-pocket damages model . . . is the

standard measurement of damages in Section 10(b) securities cases."); *Rougier*, 2019 WL

6111303, at *15 ("Plaintiffs have demonstrated an accepted method for calculating Class

Members' out-of-pocket damages that are consistent with a fraud on the market theory of

liability"); *Rooney*, 330 F.R.D. 439 at 451 (finding that plaintiffs established that calculation of

damages based on an out-of-pocket model could be measured on a classwide basis).[13]

Defendants argue that Plaintiffs do not show that damages can be calculated on a classwide

basis because Feinstein's proposed damages model is "vague, indefinite and unspecific," and he

does not specifically explain how he will calculate the damages and account for various factors,

---

[13] *See also City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc., HQ*, 322 F. Supp. 3d 676, 693 (D. Md. 2018) ("The Court similarly finds that Lead Plaintiffs' proposal of an event study to measure out-of-pocket per share damages meets their burden to show that damages can be calculated on a class wide basis."); *In re Barrick Gold Secs. Litig.*, 314 F.R.D. 91, 105-06 (S.D.N.Y. 2016) ("[A]s required by *Comcast*, plaintiffs' actual theory of damages (out-of-pocket damages) is entirely consistent with their theory of Section 10(b) liability and would be measurable on a class-wide basis.").

such as that Cassava was a meme stock. Dkt. 241 at 35. This level of specificity is not required at the class certification stage. *Monroe Cnty.*, 332 F.R.D. at 399 (collecting cases). "It is sufficient for class certification that Professor Feinstein has specified a damages model that can be used to establish damages using a common methodology for all class members, even though certain of the inputs to that model are not yet ascertainable." *Id.* The Court finds that Plaintiffs have proffered a damages model consistent with their theory of liability and capable of calculating damages on a classwide basis.

**D. Conclusion on Predominance**

For these reasons, Plaintiffs have shown that questions of law and fact common to the Class Members will predominate over any questions affecting only individual members.

## VI.    Superiority

Finally, before certifying a class under Rule 23(b), the Court must find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). The Court considers:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.*

Defendants do not dispute that a class action is the superior method for adjudicating this case, and the Court finds this requirement satisfied. First, there is no evidence that any Class Member would prefer to prosecute his or her own claim, "especially since this is a sophisticated action involving extensive discovery that would be impractical for any one individual to control." *In re Elec. Data Sys. Corp. Secs. Litig.*, 226 F.R.D. 559, 570-71 (E.D. Tex.), *aff'd sub nom. Feder v.*

*Elec. Data Sys. Corp.*, 429 F.3d 125 (5th Cir. 2005). Second, other than these consolidated cases, there are no known individual actions brought by class members concerning this controversy. Third, concentrating litigation in this forum is desirable because Cassava is headquartered in this District. *Rooney*, 330 F.R.D. at 451. Finally, aside from the usual complexities encountered in class action litigations, there are no apparent management difficulties from litigating these claims as a class instead of individually. *See Enron*, 529 F. Supp. 2d at 698 ("Any administrative difficulties in handling this class action are preferable to duplicating judicial resources in several individual lawsuits and denying access to the courts for class members."). The Court finds that adjudicating this case as a class action is the superior method.

### VII.    Conclusion on Motion for Class Certification

Because Plaintiffs meet all requirements under Rule 23 to certify this class action, this Magistrate Judge recommends that their Motion for Class Certification under Rule 23 should be granted. The Court also recommends that the District Court certify a class of all purchasers or acquirers of Cassava common stock or call options on Cassava common stock or sellers of put options on Cassava common stock (Cassava Securities) between September 14, 2020 and October 12, 2023.

### VIII.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Opposed Motion for Class Certification (Dkt. 148) and issue an Order (1) certifying this action as a class action under Rule 23(c); (2) appointing Plaintiffs as Class representatives; and (3) appointing Robbins Geller as Class Counsel under Rule 23(g).

### IX.    Order

The Court **DENIES** Defendants' Motion Requesting Evidentiary Hearing on Plaintiffs' Motion for Class Certification (Dkt. 228).

25-50855.5099

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable David A. Ezra.

## X.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 15, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE