No. 25-50855

# In the United States Court of Appeals for the Fifth Circuit

───────────────

MOHAMMAD BOZORGI, KEN CALDERONE; MANOHAR K. RAO, *INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED*; ALL PERSONS OR ENTITIES WHO, BETWEEN SEPTEMBER 14, 2020 AND OCTOBER 12, 2023, PURCHASED OR OTHERWISE ACQUIRED CASSAVA SCIENCES, INC. SECURITIES,

*Plaintiffs–Appellees*,

v.

CASSAVA SCIENCES, INCORPORATED; REMI BARBIER; ERIC J. SCHOEN; LINDSAY BURNS,

*Defendants–Appellants*.

───────────────

On Appeal from the United States District Court
for the Western District of Texas, Austin Division,
Case No. 1:21-cv-00751-DAE

───────────────

**MOTION FOR LEAVE TO FILE BRIEF OF CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA AS *AMICUS CURIAE* SUPPORTING DEFENDANTS–APPELLANTS**

───────────────

| | | |
|---|---|---|
| Jennifer B. Dickey | Benjamin C. Hunt | Aaron M. Streett |
| Janet Galeria | BAKER BOTTS L.L.P. | Anthony J. Lucisano |
| U.S. CHAMBER | 401 South First Street | BAKER BOTTS L.L.P. |
| LITIGATION CENTER | Austin, TX 78704 | 910 Louisiana Street |
| 1615 H. St., NW | (512) 322-2500 | Houston, TX 77002 |
| Washington, D.C. 20062 | | (713) 229-1234 |
| (202) 659-6000 | | |

*Counsel for Amicus Curiae U.S. Chamber of Commerce*

# SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2, I supplement the certificate of interested persons provided in the Brief of Defendants–Appellants by naming the following persons who have an interest in the outcome of this litigation. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

**Amicus Curiae:**
U.S. Chamber of Commerce

**Counsel for Amicus:**
Aaron M. Streett
Anthony J. Lucisano
Benjamin C. Hunt
BAKER BOTTS L.L.P.

Jennifer B. Dickey
Janet Galeria
U.S. CHAMBER LITIGATION CENTER

/s/ *Anthony J. Lucisano*
Anthony J. Lucisano

*Counsel of Record for Amicus Curiae*

# MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*

Pursuant to Federal Rules of Appellate Procedure 27 and 29(a)(3), the Chamber of Commerce of the United States of America ("Chamber") respectfully requests leave to file the attached brief as *amicus curiae* in support of Defendants-Appellants and reversal. *Amicus* requested Plaintiffs-Appellees' consent to file the brief, but they did not supply that consent and instead "take no position on the *amicus* brief's filing," thereby necessitating this motion. Defendants-Appellants are unopposed to this motion and consent to the filing of the Chamber's proposed brief.

The Chamber is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files *amicus curiae* briefs in cases, like this one, that raise issues of concern to the nation's business community. Here, many of *amicus*'s members are subject to U.S. securities laws and will be adversely affected if the decision below is not corrected.

Submission of this brief is "desirable," and the matters asserted herein "are relevant to the disposition of the case." FED. R. APP. P. 29(a)(3)(B). The proposed *amicus* brief will argue that the *Basic* presumption rests on two assumptions: that

1

(1) information is quickly digested in a well-developed market and incorporated into stock prices, and (2) investors rely on the integrity of stock prices in buying or selling securities. In the decades since *Basic*, courts have applied a judicially created list of factors to evaluate market efficiency, thereby triggering the presumption. Those factors must be applied consistent with *Basic's* core principles, the key linchpin of which is price impact. Instead, the lower courts have effectively created an end-run around *Basic*, reflexively applying those factors as a checklist rather than a helpful analytical tool.

This case is a striking example of that unfortunate trend. Finding the surface-level factors for an efficient market satisfied, the district court deemed the *Basic* presumption appropriate despite compelling evidence that Cassava Sciences, Inc.'s ("Cassava") stock price was information-agnostic and its investors did not trade in reliance on the integrity of that stock price. The district court glossed over that evidence of quintessentially *in*efficient market behavior by mechanically applying indirect factors of market efficiency.

The Chamber's proposed brief will urge this Court to remind district courts that market efficiency must be rigorously evaluated in light of *Basic's* core principles, with a keen judicial eye to the particular market dynamics of each stock. This is especially important when evaluating what have become known as "meme stocks," which are not driven by the same market forces as those underlying traditional securities.

Absent that guidance, lower courts will continue to do what the district court did here, engaging in rote application of the judge-made factors and certifying one securities class action after another. American businesses and capital markets will suffer as a result, for certification of securities class actions can impose crushing litigation costs and *in terrorem* settlement pressure. As companies flock to Texas and its soon-to-be-opened Texas Stock Exchange, those problems will be especially pronounced in this Circuit.

Pursuant to Federal Rule of Appellate Procedure 29(a)(4)(E), we certify that no party's counsel authored the brief in whole or in part; no party or party's counsel contributed money intended to fund the brief's preparation or submission; and no person other than *amicus*, its counsel, and its members contributed money intended to fund the brief's preparation and submission.

\*   \*   \*

Given its substantial interest in this case, the Chamber respectfully requests the Court to grant it leave to file the proposed brief.

January 22, 2026                    Respectfully submitted,

*/s/ Anthony J. Lucisano*
Aaron M. Streett
Anthony J. Lucisano
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
(713) 229-1234
aaron.streett@bakerbotts.com
anthony.lucisano@bakerbotts.com

Benjamin C. Hunt
BAKER BOTTS L.L.P.
401 South First Street
Austin, TX 78704
(512) 322-2500
ben.hunt@bakerbotts.com

Jennifer B. Dickey
Janet Galeria
U.S. CHAMBER LITIGATION CENTER
1615 H. St., NW
Washington, D.C. 20062
jdickey@uschamber.com
jgaleria@uschamber.com

*Counsel for Amicus Curiae*
*U.S. Chamber of Commerce*

5

# CERTIFICATE OF COMPLIANCE

1.  This Motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2) because it contains 635 words, excluding the parts of the Motion exempted by Federal Rule of Appellate Procedure 32(f).

2.  This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

/s/ *Anthony J. Lucisano*
Anthony J. Lucisano

*Counsel of Record for Amicus Curiae*

## CERTIFICATE OF CONFERENCE

I certify that during the week of January 12, 2026, counsel for *amicus* curiae conferred with counsel for Plaintiffs-Appellees and Defendants-Appellants. Counsel for Plaintiffs-Appellees did not supply consent to the filing of the proposed *amicus* brief and instead indicated that Plaintiffs-Appellees "take no position on the *amicus* brief's filing." Counsel for Defendants-Appellants confirmed that Defendants-Appellants consent to the filing of the proposed *amicus* brief and are unopposed to this motion.

/s/ *Anthony J. Lucisano*
Anthony J. Lucisano

*Counsel of Record for*
*Amicus Curiae*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2026, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ *Anthony J. Lucisano*
Anthony J. Lucisano

*Counsel of Record for*
*Amicus Curiae*