No. 25-50855

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Mohammad Bozorgi; Ken Calderone; Manohar K. Rao, Individually and
on Behalf of All Others Similarly Situated; All persons or entities who,
between September 14, 2020 and October 12, 2023, purchased or
otherwise acquired Cassava Sciences, Inc. securities,

*Plaintiffs-Appellees*

v.

Cassava Sciences, Incorporated; Remi Barbier; Eric J. Schoen; Lindsay Burns,

*Defendants-Appellants*

Appeal from the United States District Court for the Western
District of Texas, Austin Division Master File No. 1:21-cv-00751-DAE

PLAINTIFFS-APPELLEES' REQUEST FOR JUDICIAL NOTICE

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOSEPH D. DALEY
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
KEVIN A. LAVELLE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
joed@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Plaintiffs-Appellees and Class: Mohammad Bozorgi; Ken Calderone; Manohar K. Rao, Individually and on Behalf of All Others Similarly Situated; all persons or entities who, between September 14, 2020 and October 12, 2023, purchased or otherwise acquired Cassava Sciences, Inc. securities.

2. Counsel for Plaintiffs-Appellees: Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101 (Joseph D. Daley, Daniel S. Drosman, Jessica T. Shinnefield, Kevin A. Lavelle); Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067 (Charles H. Linehan).

3. Defendants-Appellants: Cassava Sciences, Incorporated; Remi Barbier; Eric J. Schoen; Lindsay Burns.

4. Counsel for Defendants-Appellants: Gibson, Dunn & Crutcher LLP, 811 Main Street, Suite 3000, Houston, TX 77002 (Gregg Costa, Lloyd S. Marshall); Gibson, Dunn & Crutcher LLP, 1801 California Street, Denver, CO 80202 (Scott

Campbell); Gibson, Dunn & Crutcher LLP, 2001 Ross Avenue, Suite 2001, Dallas, TX 75201 (Brian Richman); Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Patrick J. Fuster); Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 (Douglas W. Greene, Zachary R. Taylor); Baker & Hostetler LLP, 2850 N. Harwood Street, Suite 1100, Dallas, TX 75201 (C. Shawn Cleveland).

DATED:  March 20, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOSEPH D. DALEY
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
KEVIN A. LAVELLE


                    *s/Joseph D. Daley*
                  JOSEPH D. DALEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
joed@rgrdlaw.com
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

4914-0571-5865.v1

*Counsel for Plaintiffs-Appellees*

4914-0571-5865.v1

Case: 25-50855    Document: 65-1    Page: 5    Date Filed: 03/20/2026

Pursuant to Federal Rule of Evidence 201, Plaintiffs-Appellees Mohammad Bozorgi, Ken Calderone, and Manohar K. Rao ("Plaintiffs") respectfully request that this Court take judicial notice of three documents: (i) a Notice of Alternative Dispute Resolution/Mediation Outcome (the "ADR Notice") filed in the district court on December 19, 2025; (ii) a Cassava Sciences, Inc. ("Cassava") Form 8-K filed with the Securities and Exchange Commission ("SEC") on December 19, 2025; and (iii) a December 23, 2025 Cassava press release. Copies of all three documents are attached to this request as Exhibit A, Exhibit B, and Exhibit C, respectively. Citations to all three Exhibits are denoted in Plaintiffs' Answering Brief as "RJN__."

The undersigned contacted counsel for Defendants-Appellants ("Defendants") on March 20, 2026, regarding the present request for judicial notice of three publicly available documents. Defendants' counsel stated that they: (i) take no position on the request at this time; and (ii) will probably respond to Plaintiffs' use of the documents in their Reply Brief.

In support of this request, Plaintiffs state:

1. This appeal arises from a securities-fraud class action asserting violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5.

1

4914-0571-5865.v1

2.     Following Plaintiffs' successful defense of their case at the motion-to-dismiss stage, the parties skirmished over class certification with hundreds of pages of briefing, evidence, and expert reports.  On August 12, 2025, the district court certified the matter as a class action (ROA.6232-82) (the "Order").  Thereafter, Defendants moved this Court for interlocutory review of that class-certification Order, pursuant to Federal Rule of Civil Procedure 23(f).  Plaintiffs timely opposed.

3.     On October 21, 2025, this Court granted Defendants' motion, and the present appeal got underway.

4.     While this appeal was pending, and before Defendants filed their January 15, 2026 Opening Brief, it became public knowledge in late December 2025 that after months of private mediation, Defendants Cassava and Eric J. Schoen had agreed to settle the underlying lawsuit for $31.25 million (the "Settlement").  The Settlement terms are set forth in a binding Term Sheet, and specify that the two Defendants agreed to the payment in order "to achieve a *complete settlement of all claims and causes of action* that have been or could be asserted by Plaintiffs in exchange for full and complete releases."  Exhibit A at 2 (ADR Notice filed in district court on December 19, 2025, as docket entry ECF359).[1]

---

[1]   Unless otherwise noted, all emphasis is added and citations are omitted.

5.      Notably, although neither Defendant Burns nor Barbier have signed the Term Sheet, the Settlement provides full relief for them, as well:  the signing parties agree that Burns and Barbier "are indemnified by Cassava and under the Term Sheet *are entitled to receive full and complete releases along with Cassava*" upon the Settlement's final approval by the district court.  Exhibit B at 2 (Cassava Form 8-K filed with SEC on December 19, 2025); *see also* Exhibit A at 2 (ADR Notice specifies same indemnification of, and releases for, Burns and Barbier).  Cassava's Form 8-K further reaffirms that, pursuant to the Settlement's approval, the case will forever go away—even as to Burns and Barbier—with Plaintiffs and the class "dismiss[ing] with prejudice the claims asserted against [them]."  Exhibit B at 2.

6.      Four days after the filings of the ADR Notice and Form 8-K, Cassava issued a December 23, 2025, press release entitled: "Cassava Announces Agreement to Settle Securities Class Action Litigation."  Exhibit C at 1.  The press release specifies that Cassava "has reached *a definitive agreement* to resolve" the pending litigation, with a "release of all claims and causes of action that have been or could be asserted by the plaintiffs and the plaintiff class."  *Id*.

7.      Plaintiffs now ask the Court to take judicial notice of these three documents and what they state, as it's obvious that Defendants' appeal has been mooted by the Settlement.  Under the Settlement's terms, the Defendants' liability

3

melts away, and thus there's no longer a live "Case[]" or "Controvers[y]" (U.S. Const. art. III, §2) for this Court to adjudicate. That limitation "restricts the authority of federal courts to resolving "'the legal rights of litigants in actual controversies.'"" *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). And the limitation applies at all stages of litigation—even on appeal. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) ("We have repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation.").

8. Under Rule 201, courts may take judicial notice of facts that are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is permitted "at any stage of the proceeding[,]" Fed. R. Evid. 201(d), including "on appeal." Fed. R. Evid. 201 advisory committee notes to 1972 proposed rules; *see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record ...."). Where a party supplies the necessary information, judicial notice is mandatory. Fed. R. Evid. 201(c)(2).

4

4914-0571-5865.v1

9.     Here, the Court should take judicial notice of the following three documents that are relevant to the appeal's mootness:

(a)     *The ADR Notice filed in the district court*.  That district-court filing is a proper subject of consideration by this Court.  *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("A court may, however, take judicial notice of its own records or of those of inferior courts.").  Indeed, "[s]uch notice is particularly appropriate if it is of a settlement which may moot a case." *Id*.

(b)     *Cassava's Form 8-K*, filed on December 19, 2025.[2]  This Court holds that the contents of SEC filings may properly be considered.  *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996) ("Such documents should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents.").  The Form 8-K's contents state, unequivocally, that all four Defendants will enjoy full and complete releases from liability following the Settlement's final approval.  The "truth" of Cassava's assertion isn't being disputed.

---

[2]    *See*    https://www.sec.gov/ix?doc=/Archives/edgar/data/0001069530/00014377 4925038605/sava20251222_8k.htm (visited March 20, 2026).

4914-0571-5865.v1

(c)     *Cassava's press release* dated December 23, 2025, announcing the Settlement and complete release of all claims and causes of action.[3]  This document, too, is a proper subject for the Court's consideration—especially given its provenance as a press release from Cassava itself.  *See* Fed. R. Evid. 201(b)(2) (court may judicially notice fact that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

The requested notice is consistent with the limits of Rule 201.  Plaintiffs aren't seeking judicial notice for the truth of any *disputed* matters in the documents, but rather to establish the existence and content of the *undisputed* Settlement whose plain terms release all four Defendants from any further liability in this matter following final approval.  Because these materials satisfy Rule 201(b) and Plaintiffs have "supplied ... the necessary information," this Court "must take judicial notice."  Fed. R. Evid. 201(c)(2).

DATED:  March 20, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JOSEPH D. DALEY
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
KEVIN A. LAVELLE

---

[3]  *See*        https://www.filanatx.com/news-releases/news-release-details/cassava-announces-agreement-settle-securities-class-action (visited March 20, 2026).

6

_s/Joseph D. Daley_
JOSEPH D. DALEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
joed@rgrdlaw.com
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

_Counsel for Plaintiffs-Appellees_

7

4914-0571-5865.v1

## CERTIFICATE OF CONFERENCE

Pursuant to Fifth Circuit Rule 27.4, counsel for Plaintiffs conferred with counsel for Defendants regarding this request on March 20, 2026. Defendants' counsel stated that they: (i) take no position on the request at this time; and (ii) will probably respond to Plaintiffs' use of the documents in their Reply Brief.

*s/Joseph D. Daley*
JOSEPH D. DALEY

4914-0571-5865.v1

## RULE 32(g) CERTIFICATE

The undersigned counsel certified that PLAINTIFFS-APPELLEES' REQUEST FOR JUDICIAL NOTICE uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the brief comprises 1,228 words according to the word count provided by Microsoft Word 2016 word processing software.

*s/Joseph D. Daley*
JOSEPH D. DALEY

4914-0571-5865.v1

## DECLARATION OF SERVICE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. I hereby certify that on March 20, 2026, I electronically filed the foregoing document: PLAINTIFFS-APPELLEES' REQUEST FOR JUDICIAL NOTICE with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

3. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 20, 2026, at San Diego, California.

_s/Joseph D. Daley_
JOSEPH D. DALEY

4914-0571-5865.v1