No. 25-50855

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Mohammad Bozorgi; Ken Calderone; Manohar K. Rao, Individually and on Behalf of All Others Similarly Situated; All persons or entities who, between September 14, 2020 and October 12, 2023, purchased or otherwise acquired Cassava Sciences, Inc. securities,

*Plaintiffs-Appellees*

v.

Cassava Sciences, Incorporated; Remi Barbier; Eric J. Schoen; Lindsay Burns,

*Defendants-Appellants*

Appeal from the United States District Court for the Western District of Texas, Austin Division Master File No. 1:21-cv-00751-DAE

## PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF JUDICIAL NOTICE

ROBBINS GELLER RUDMAN
 & DOWD LLP
JOSEPH D. DALEY
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
KEVIN A. LAVELLE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
joed@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    Plaintiffs-Appellees and Class: Mohammad Bozorgi; Ken Calderone; Manohar K. Rao, Individually and on Behalf of All Others Similarly Situated; all persons or entities who, between September 14, 2020 and October 12, 2023, purchased or otherwise acquired Cassava Sciences, Inc. securities.

2.    Counsel for Plaintiffs-Appellees: Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101 (Joseph D. Daley, Daniel S. Drosman, Jessica T. Shinnefield, Kevin A. Lavelle); Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067 (Charles H. Linehan).

3.    Defendants-Appellants: Cassava Sciences, Incorporated; Remi Barbier; Eric J. Schoen; Lindsay Burns.

4.    Counsel for Defendants-Appellants: Gibson, Dunn & Crutcher LLP, 811 Main Street, Suite 3000, Houston, TX 77002 (Gregg Costa, Lloyd S. Marshall); Gibson, Dunn & Crutcher LLP, 1801 California Street, Denver, CO 80202 (Scott

4906-2422-0830.v1

Campbell); Gibson, Dunn & Crutcher LLP, 2001 Ross Avenue, Suite 2001, Dallas, TX 75201 (Brian Richman); Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Patrick J. Fuster); Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, NY 10111 (Douglas W. Greene, Zachary R. Taylor); Baker & Hostetler LLP, 2850 N. Harwood Street, Suite 1100, Dallas, TX 75201 (C. Shawn Cleveland).

DATED:  April 6, 2026

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOSEPH D. DALEY
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
KEVIN A. LAVELLE

*s/Joseph D. Daley*
JOSEPH D. DALEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
joed@rgrdlaw.com
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

4906-2422-0830.v1

*Counsel for Plaintiffs-Appellees*

## I.    ARGUMENT

Defendants-Appellants' Response to Plaintiffs-Appellees' Request for Judicial Notice ("Defendants' Response") presents a contradictory pair of assertions.

On the one hand, Defendants concede that they don't oppose Plaintiffs' judicial-notice request. Defendants' Response at 1. That concession makes perfect sense, as Plaintiffs' proffered documents contain adjudicative facts that are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). As explained more fully in Plaintiffs' request, each of the three easily qualifies as a proper candidate for judicial notice:

- the *ADR Notice filed in the district court* is properly considered by this Court. *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("A court may, however, take judicial notice of its own records or of those of inferior courts.");

- Cassava's recent *Form 8-K*, filed with the Securities and Exchange Commission on December 19, 2025, also is a proper subject of notice. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996); and

- *Cassava's own press release*, dated December 23, 2025, surely contains facts that are "accurately and readily determined" from a source—Cassava itself—whose accuracy "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

On the other hand, however, Defendants don't deign to discuss why the judicially noticed documents supposedly won't help resolve this appeal. Instead, Defendants promise they'll "explain" later, in their reply brief, why (in their view) the

1

documents don't "aid" Plaintiffs' arguments or "alter" this Court's "analysis of the issues on appeal." Defendants' Response at 1.

That promise is a hollow one, for the three documents establish that Defendants' liability in connection with this matter has melted away (subject to final district-court approval). To briefly recap: under the Settlement's express terms, *each* of the four Defendants—Cassava, Schoen, Burns, and Barbier—is granted a full and complete release from liability, with Plaintiffs and the class dismissing with prejudice all claims asserted against them. *See* Exhibit B at 2; *accord* Exhibit A at 2; *see also* Exhibit C at 1 (Cassava press release specifies that the Company "has reached a definitive agreement to resolve" the pending litigation, including a "release of all claims and causes of action that have been or could be asserted" by Plaintiffs and the class).

Those full-and-complete releases for Defendants mean that there's no longer a live "Case[]" or "Controvers[y]" (U.S. Const. art. III, §2) for this Court to adjudicate—and it matters not that a controversy formerly existed prior to the recent Settlement now memorialized in the judicially noticeable documents. *See, e.g., Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) ("We have repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation."); *see also Jackson Mun. Airport Auth. v.*

2

*Harkins*, 98 F.4th 144, 147 (5th Cir. 2024) (intervenors' claims mooted given "[t]hey no longer have any personal interest in this dispute").

## II.    CONCLUSION

For the foregoing reasons and those set forth in Plaintiffs' request for judicial notice, this Court may judicially notice the contents of the three documents.  Because these documents satisfy Rule 201(b) and Plaintiff has "supplied … the necessary information," judicial notice is mandatory.  Fed. R. Evid. 201(c)(2).

DATED:  April 6, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOSEPH D. DALEY
DANIEL S. DROSMAN
JESSICA T. SHINNEFIELD
KEVIN A. LAVELLE


                                                 *s/Joseph D. Daley*
                                          JOSEPH D. DALEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
joed@rgrdlaw.com
dand@rgrdlaw.com
jshinnefield@rgrdlaw.com
klavelle@rgrdlaw.com

3

GLANCY PRONGAY & MURRAY LLP
CHARLES H. LINEHAN
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)
clinehan@glancylaw.com

*Counsel for Plaintiffs-Appellees*

4

4906-2422-0830.v1

## RULE 32(g) CERTIFICATE

The undersigned counsel certified that PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF JUDICIAL NOTICE uses a proportionally spaced Times New Roman typeface, 14-point, and that the text of the brief comprises 536 words according to the word count provided by Microsoft Word 2016 word processing software.

*s/Joseph D. Daley*

JOSEPH D. DALEY

4906-2422-0830.v1

<u>DECLARATION OF SERVICE</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and employed in the City and County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      I hereby certify that on April 6, 2026, I electronically filed the foregoing document: PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF JUDICIAL NOTICE with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

3.      I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 6, 2026, at San Diego, California.

*s/Joseph D. Daley*
JOSEPH D. DALEY

4906-2422-0830.v1